## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Estate of O'Neill, et al.

Plaintiffs,

Case No. 04 CV 1076 (RCC)
(S.D.N.Y.)

-against-

The Republic of Iraq, et al.

Defendants

## DECLARATION OF DR. FRIEDRICH WOHLMACHER

DR. FRIEDRICH WOHLMACHER hereby declares and states:

1.     I am an attorney licensed to practice law in the Principality of Liechtenstein and a partner in the law firm Wohlmacher & Hirn of Vaduz / Principality of Liechtenstein. I was born in 1947 and act as legal advisor for a large number of national and international clients, serving them in all areas of Liechtenstein law, including civil law and civil litigation matters as well as corporate law and corporate litigation matters.

2.     I have been retained by Erwin Wachter, Martin Wachter, Sercor Anstalt and Asat Trust ("the Liechtenstein Defendants") and I make this declaration in support of their motion to dismiss the plaintiff's complaints in the aforesaid actions against the Liechtenstein Defendants.

3.     The Plaintiffs have attempted to serve their summons and second amended complaint on the Liechtenstein Defendants by registered mail. The Plaintiffs have sent copies of the summons and second amended complaint to the Liechtenstein Defendants in separate envelopes by registered mail, addressed to Sercor Treuhand Anstalt, Kirkstrass 39, 9490 Vaduz, Liechtenstein (which is a wrong address); to Asat Trust reg., Altenbach 8, 9490 Vaduz; to Mr. Erwin Wachter, Treuhand- und Verwaltungsbüro, Altenbach 1, 9490 Vaduz; to Mr. Erwin Wachter, Asat Trust reg., Altenbach 8, 9490 Vaduz; to Mr. Martin Wachter, Asat Trust reg., Altenbach 8, 9490 Vaduz (which is a wrong address since Mr. Martin Wachter is not related to Asat Trust reg.). I understand that service was not attempted on any of the Liechtenstein Defendants in any other manner than as described above.

page 2

When service was attempted, none of the copies of the summons and second amended complaint sent by the Plaintiffs was translated from English into German.

4.    In the Principality of Liechtenstein, the service of judicial documents is regulated by the §§ 87 et sqq. of the Liechtenstein Code of Civil Procedure (*Liechtensteinische Zivilprozessordnung*, hereinafter referred to as "ZPO"). According to the applicable rules of the ZPO, the service of such documents is being qualified as an official act which necessarily requires the involvement of the Liechtenstein Court of First Instance (*Fürstliches Landgericht Vaduz*). Any service of legal notifications and / or communications of any kind must be commissioned by the Liechtenstein Court. In this respect, § 87 ZPO reads as follows:

> "*Zustellungen erfolgen, sofern in diesem Gesetze nichts anderes vorgeschrieben ist, von Amtes wegen*" (free English translation: "Unless otherwise foreseen in this law, service must be effected ex officio").

Furthermore, § 89 ZPO reads as follows:

> "*Das Gericht hat die wegen der Zustellung nötigen Verfügungen zu treffen*" (free English translation: "The Court has to take any measures necessary to effect the service").

The service of judicial documents - ordered by court - has to be carried out either on the postal way or by an authorized writ-server such as the Liechtenstein Court's executor. In this connection, § 88 ZPO reads as follows:

> "*Zustellungen sind im Inlande in der Regel durch die Post zu vollziehen. Zustellungen können auch durch Gerichtsdiener oder durch Vermittlung des Ortsvorstehers bewirkt werden*" (free English translation: „Service within the Principality of Liechtenstein is to be effected by the public postal service in general. Service might equally be effected by the Court's usher or by the competent district major").

In any event, the official dealing with the service of judicial documents is bound to issue a written certificate confirming the service's due execution. Legally, such certificate constitutes the only means of proof accepted by the ZPO in order to show that the service has in fact been effected in accordance with the applicable rules of the ZPO. Under Liechtenstein law, the service of judicial documents not duly effected is being considered null and void and such service, by law, leads to the dismissal and invalidity of the proceeding.

When it comes to the service of a statement of claim, the applicable rules of the ZPO are even stricter: In such an event, the organ authorised to serve the defendant must make sure the defendant in fact receives the document directly and personally. In cases where such a service has not taken place, the delivery of a statement of claim according to the ZPO is being considered null and void. The sole exception to this principle relates to the case where a natural person has been explicitly empowered by the defendant to receive the statement of claim on his or her behalf.

5.    The provisions governing the service of judicial documents established under a different jurisdiction than Liechtenstein are enacted in §§ 27 to 29 of the Liechtenstein Code of Jurisdiction (*Jurisdiktionsnorm*, hereinafter referred to as "JN"). According to

page 3

these provisions, the Liechtenstein Court is under a statutory duty to grant legal assis-
tance unless otherwise provided in rules such as international agreements. It follows
from Liechtenstein case law that it is possible for the Liechtenstein Court to accept a
private person's demand for legal assistance (e.g. a request for serving any litigant
with any judicial document such as a statement of claim).

In order to comply with all procedural requirements, it is necessary for a foreign court
to address the Liechtenstein Court via the Liechtenstein Government. In other terms,
the foreign court has to go through internationally established diplomatic channels.
The Liechtenstein Government's services will then convey the request to the Liechten-
stein Court which will act as described above. The same requirements apply to a pri-
vate person asking the Liechtenstein Court to serve a statement of claim on a person
failing under Liechtenstein jurisdiction.

6.    Lastly, one has to emphasise the legal consequences in cases where legal
documents are being served in contradiction to the rules and principles set out above.
First, the provisions of the Liechtenstein State Security Act (Staatsschutzgesetz) pro-
vide that a person that is, on behalf of a third country, unlawfully assuming a function
reserved to the officials mentioned above is being regarded as committing a criminal
offence and will be sentenced to prison of up to three years. Second, according to §
315 of the Liechtenstein Criminal Code, a person undertaking an action reserved to
one of the aforesaid authorities equally is being regarded as committing a criminal
offence and will be sentenced to prison of up to six months.

7.    Conclusion: In the case at hand, it follows from the above that the rules and
procedures set forth above are mandatory and the method of service attempted by the
Plaintiffs did not comply with them, so this service is null and void under the law of
Liechtenstein.

I declare under penalty of perjury under the laws of the United States of America that
the foregoing is true and correct.

Signed in Vaduz, Principality of Liechtenstein, this 21st day of October 2005

Dr. Friedrich Wohlmacher