**SCHIFF HARDIN LLP**
Donald A. Klein (DK7821)
623 Fifth Avenue
New York, NY 10022
(212) 753-5000

Of Counsel:
John N. Scholnick
Ayad P. Jacob
6600 Sears Tower
Chicago, IL 50505
(312) 258-5500
Attorneys for Defendants
*Schreiber & Zindel Treuhand Anstalt,*
*Frank O. Zindel, Engelbert Schreiber, Sr.,*
*and Engelbert Schreiber, Jr.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) <br> ECF Case |

*This document relates to:*

> *Estate of O'Neill, et al. v. The Republic of Iraq, et al.,* Case No. 04 CV 1076 (RCC) (S.D.N.Y.)

> *Estate of O'Neill, et al. v. Al Baraka, et al.,* Case No. 04 CV 1923 (RCC) (S.D.N.Y.)

### DECLARATION OF GUNTRAM WOLF IN SUPPORT
### OF MOTION TO DISMISS OF
### SCHREIBER & ZINDEL TREUHAND ANSTALT, FRANK K. ZINDEL,
### ENGELBERT SCHREIBER AND ENGELBERT SCHREIBER, JR.

GUNTRAM WOLF declares and states:

1.     I am an attorney licensed to practice in the Principality of Liechtenstein and am a partner in the law firm of Advocatur Sprenger Kolzoff Ospelt & Partners, Postfach 140, Landstrasse 11, Triesen, FL-9495, Liechtenstein.

2.     I make this declaration in support of the Motion to Dismiss the O'Neill Plaintiffs' Second Amended Complaints in each of the above-referenced actions against defendants, Schreiber & Zindel Treuhand Anstalt, Frank K. Zindel, Engelbert Schreiber, and Engelbert Schreiber, Jr.

## I.    Educational and Professional Background

3.        I was born on 30 December 1950 in Vaduz, which is the capital of the Principality of Liechtenstein.  After studying economics at the College of Economics and Social Sciences in St. Gallen, Switzerland, I graduated in jurisprudence from the University of Bern, Switzerland.  I was admitted as an attorney in Liechtenstein in 1986.  From 1989 to 1997 I was a partner at the law firm of Meier & Wolf, Vaduz.  From 1997 until December 31, 2004, I was a partner in and managed the law firm of Wolf & Hoch, Triesen, Liechtenstein.  As of May 1, 2005, I am a partner in the law firm Advocatur Sprenger Kolzoff Ospelt & Partners.

4.        My practice is a general practice in Liechtenstein law, including civil litigation, corporate and business law, and administrative law.

5.        In my practice I have dealt with matters relating to the service of foreign judicial documents.  This has mainly involved the service in Liechtenstein of United States legal documents and court judgments.

## II.    Attempted Service on Defendants

6.        I understand that the O'Neill Plaintiffs attempted to serve their Summons and Second Amended Complaint in each on each of the four defendants in Liechtenstein by registered mail.  Copies of the Summons and Second Amended Complaint in each case for Schreiber & Zindel Treuhand Anstalt, Engelbert Schreiber (who for ease of reference is referred to herein as either "Engelbert Schreiber, Sr". or "Mr. Schreiber, Sr.") and Engelbert Schreiber, Jr. (referred to herein as "Mr. Schreiber, Jr.") were sent by registered mail in separate envelopes from the United States District Court's Clerk to these defendants addressed to Schreiber & Zindel Treuhand Anstalt, Kirchstrasse 39, Vaduz, FL-9490, Liechtenstein, which is the

business address for Schreiber & Zindel Treuhand Anstalt.[1]  In addition, Mr. Schreiber, Sr. was sent by registered mail the Summons and Second Amended Complaint in each action in separate envelopes addressed to him at Kirchstrasse 39, Vaduz, FL-9490, Liechstenstein, but these envelopes did not have the name of the firm Schreiber & Zindel Treuhand Anstalt.  The copies of the Summons and Second Amended Complaint in each action were sent registered mail in separate envelopes from the United States District Court's Clerk to Mr. Frank Zindel at the address Sonnblickstrasse 7, Vaduz, FL-9490, Liechtenstein  I understand that Mr. Frank Zindel neither works nor resides at that address.  (Copies of the envelopes sent to each of the four defendants are attached as Exhibit A hereto.)  I understand that service was not attempted on any of the defendants in any other manner than as described above.  I also understand that none of the copies of the Summons and Second Amended Complaint sent by Plaintiffs was translated from English into German.

7.          I have also received and reviewed a copy of the O'Neill Plaintiffs' Second Amended Complaint in Case No. 04 CV 1076 (RCC) and their Second Amended Complaint in Case No. 04 CV 1923 (RCC).

### III.    Liechtenstein Law Regarding Service of Process

8.          In general, service of judicial documents in Liechtenstein must be made *ex officio*, that is, by mail or by a court officer, pursuant to §§ 87 *et seq.* of the Liechtenstein Code of Civil Procedure (ZPO), unless otherwise provided in this statute (*e.g.* in § 112 ZPO concerning service between attorneys).  Service is deemed to mean the delivery – in the legally prescribed form and authenticated -- of a written document to the recipient.  The *ex officio* carrying out of service by the court also includes the execution of the delivery by the serving authority of the written document, evidenced in an official certificate of service.  Only such a

---

[1] Mr. Schreiber, Jr. was sent a Summons and Second Amended Complaint in Case No. 04 CV 1923 (RCC) in an envelope addressed to "Engelbert Schreiber."  The letter inside was addressed to Mr. Schreiber, Jr. however.  Apparently the envelope was mislabeled.

certificate of service (§ 110 ZPO) provides proof as an official document (§ 110 ZPO) that service has been effected as prescribed and that at the time of service the recipient was not in such a state of mental or physical deterioration that his understanding of the nature and implications of the service document was confused. The mere knowledge of the recipient of the content of the written document to be served or the receipt by the latter of a copy from a third person not authorized for this purpose neither takes the place of service in due form, nor can this remedy a preceding irregularity in service (Judgment of the Supreme Court of Liechtenstein of 3 September 1998 in case number 6 C 100/97, published in the Collected Liechtenstein Decisions (LES), 1999, page 64).

9.        Service of statements of claim and equivalent court papers by which the defendant is involved formally for the first time with and notified of the commencement of a court proceeding, may only be served upon the defendant personally (§ 105 and 106 of the Liechtenstein Code of Civil Procedure). If court papers which have to be served upon the defendant personally are served upon a third person, such service may be challenged as null and void pursuant to section 446 par. 1/4 of the Liechtenstein Code of Civil Procedure. The purpose of personal service is to assure that the defendant obtains direct knowledge of the court paper without substitute recipients (Order of the Liechtenstein Court of Appeal of 13 September 1979, published in the Collected Liechtenstein Decisions (LES), 1981, page 223; Order of the Supreme Court of Liechtenstein of 13 June 1979, published in the Collected Liechtenstein Decisions (LES), 1981, page 143).

10.       Liechtenstein law requires that service of an international summons and complaint be made by letters rogatory. Pursuant to §§ 27 to 29 of the Liechtenstein Code of Jurisdiction (Amendment to the Code of Civil Procedure), service of foreign judicial documents must be effected by way of mutual legal assistance between the foreign and Liechtenstein courts. This also applies if a foreign state prescribes the service of judicial documents exclu-

sively via the representatives of the parties. In this case as well, service must be effected by way of mutual legal assistance (Order of the Court of Appeal of Liechtenstein of 21 May 1997, published in the Collected Liechtenstein Decisions (LES), 1997, page 192, 1997; decision of the Court of Appeal of Liechtenstein of 25 June 1992, published in the Collected Liechtenstein Decisions (LES), 1992, page 157).

11.         Sections 27 to 29 of the Liechtenstein Code of Jurisdiction are worded as follows:

## § 27

1) The High Court of Liechtenstein shall on request provide legal assistance to foreign courts, unless particular directions relating to this (international treaties, government policy statements, ministerial ordinances) stipulate otherwise.

2) Legal assistance shall be refused:

1. if the action petitioned for by the requesting court is withdrawn from the scope of operations of the courts in accordance with the provisions applying in Liechtenstein for this purpose; should the action petitioned for lie within the scope of operations of other Liechtenstein authorities, the requested High Court of Liechtenstein may pass on the request to the competent authority pursuant to these provisions;

2. if it is petitioned to undertake an action which is prohibited by the laws binding on the High Court of Liechtenstein; or

3. if there is a failure to observe reciprocity. If the requested High Court of Liechtenstein doubts the existence of reciprocity, it shall obtain the declaration of the court of appeal, which shall then be binding upon it.

### § 28

1) The legal assistance petitioned for shall be granted in accordance with the provisions of the laws binding on the requested High Court of Liechtenstein. Insofar as permitted in accordance with these laws, the requested High Court of Liechtenstein shall ex officio make all the arrangements and orders required to fulfill the request.

2) In granting legal assistance, deviation from the provisions of the laws applying in Liechtenstein is only permitted if for the actions to be undertaken it has been expressly requested that a particular procedure, required by the foreign law, be complied with and this procedure does not appeal to be prohibited by any provision of the Liechtenstein legislation.

### § 29

If the granting of legal assistance is refused by the requested court or, on the occasion of the granting of legal assistance, differences of opinion between the requesting court and the requested court arise with regard to the implementation thereof or in another respect, the court of appeal shall, on the petition of the requesting foreign court or another foreign official body competent for this purpose, without prior oral proceedings adjudicate on the lawfulness of the refusal or on the other subject matter of the difference of opinion.

12.        Under Liechtenstein law, in order for the O'Neill Plaintiffs to make proper service on these four defendants, Plaintiffs were required to obtain letters rogatory and the defendants should have been served through that procedure. I have found no precedent in Liechtenstein law that has given legal effect to service by a private party of a foreign summons and complaint sent by registered letter to Liechtenstein.

13.        Because sections 27 through 29 set forth the procedures for service of an international summons and complaint and because no other procedure is set forth in the Liechtenstein codes, the letters rogatory procedure is the only method available. Any other method would not be "*ex officio*".

14.        *"Ex officio"* within the meaning of the provisions of the Liechtenstein Code of Civil Procedure refers to service by the Liechtenstein courts and not by foreign courts. Therefore, these provisions of the Liechtenstein Code of Civil Procedure do not permit judicial documents to be served in Liechtenstein by the mail by an American court or by a court officer, such as the Clerk of the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 17, 2005

_____
Guntram Wolf