## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RULE 60(a) MOTION FOR CORRECTIONS TO PARTIAL FINAL JUDGMENT

Plaintiffs by undersigned counsel submit this Memorandum of Law in support of their Rule 60(a) Motion for Corrections to Partial Final Judgment, and say:

### BACKGROUND

On April 30, 2018, this Court entered an Order of Partial Final Default Judgments on Behalf of Burnett/Iran Plaintiffs Identified at Exhibit A (Burnett/Iran II) (ECF No. 3986). In that Order, 1008 plaintiffs in *Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.*, 15-cv-9903, who are each a spouse, parent, child, or sibling (or the estate of a spouse, parent, child, or sibling) of a victim killed in the terrorist attacks on September 11, 2001, were awarded damages against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and The Central Bank of the Islamic Republic of Iran. The individual plaintiffs were identified in Exhibit A to ECF No. 3986.

Exhibit A to ECF No. 3986 was prepared by plaintiffs' counsel who, at the time of its filing, believed it to be a complete and accurate list of plaintiffs for whom the Order should have been entered. Since ECF No. 3986 was entered, plaintiffs' counsel have been preparing the requisite documents to be submitted to the U.S. Department of State for service of ECF No. 3986

on Iran in addition to finalizing applications for the plaintiffs included in the Order to be submitted to the United States Victims of State Sponsored Terrorism Fund.  In the course of this review, plaintiffs' counsel discovered errors in the exhibit they had presented to the Court.  Due to these errors, plaintiffs respectfully move for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 3986 to correct plaintiffs' counsel's clerical mistakes.

## ARGUMENT

### Rule 60(a) Permits the Court to Modify a Judgment Based on Clerical Errors

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz,* 386 F.2d 300, 303 (8th Cir.1968); *Dura-Wood Treating Co., A Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.,* 694 F.2d 112 (5th Cir.1982)).

The United States Court of Appeals for the Second Circuit examined an analogous issue in *Fluoro Electric Corporation v. Branford Associates* when it reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity which impeded collection of the judgment. 489 F.2d 320, 322 (2d. Cir. 1973). In that case, the court affirmed the matter could be remedied under Rule 60(a) through substitution

of the party without the incorrect designation. *Id.* at 322. In *Wheeling Downs Race Track and Gaming Center v. Kovach*, the United States District Court for the Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was sufficient to correct the misnomer." 226 F.R.D. 259, 262–63 (N.D.W. Va. 2004).

Here, the errors are mechanical in nature and do not require substantive judgment. The correction of ECF No. 3986 would reflect the actual intent of plaintiffs in obtaining the default judgment against Iran. The clerical mistakes fall into four distinct categories: (1) instances where the name of the plaintiff was incorrectly stated; (2) instances where the plaintiff's name was misspelled; (3) instances where suffixes to names were not appropriately included; and (4) instances where the relationship between the plaintiff and a 9/11 decedent was misstated.

A.    **Plaintiffs Whose Names Were Incorrectly Provided in Exhibit A to ECF No. 3986**

In Exhibit A to ECF No. 3986, two plaintiffs were identified with incorrect names. Line 85 of Exhibit A to ECF No. 3986 identified the plaintiff by the name of "Ruth Bennett"; however, her legal name and the name that should have been reflected in the judgment is "Ruth Bowman White." She was correctly identified as the parent of decedent Larry Bowman.

Line 377 of Exhibit A to ECF No. 3986 identified the plaintiff by the name of "Christine Lee Hanson"; however, the proper name to be reflected in the judgment is "C. Lee Hanson" who was correctly identified as the father of decedent Peter Burton Hanson.

**B.**   **Plaintiffs Whose Names Were Misspelled in Exhibit A to ECF No. 3986**

In Exhibit A to ECF No. 3986 submitted to the Court, four plaintiffs' names were spelled incorrectly.  Line 122 of Exhibit A to ECF No. 3986 identified the plaintiff by the name of "Cathrine Mary Tolino"; however, her name should be spelled "Catherine Mary Tolino."  Line 306 of Exhibit A to ECF No. 3986 identified the plaintiff by the name of "Paul Matin Fangman"; however his name should be spelled "Paul Martin Fangman."  Line 553 of Exhibit A to ECF No. 3986 identified the plaintiff by the name of "Denise Lynn Heneck"; however, her name should be spelled "Denise Lynn Henick."  Finally, line 747 of Exhibit A to ECF No. 3986 identified the plaintiff by the name of "Oscar Figueroa Peralta"; however, his name should be spelled "Oscar Figueras Peralta."

**C.**   **Plaintiffs Whose Names Were Missing Suffixes in Exhibit A to ECF No. 3986**

When plaintiffs' counsel submitted the Exhibit A to ECF No. 3986, five individuals were identified without the appropriate suffix to their name.  On Line 297, plaintiff "Simone Esposito" is listed whereas his name should be listed as "Simone Esposito, Jr."  Line 554 identifies the plaintiff as "Arthur Charles Leahy" where the correct name should be "Arthur Charles Leahy III."  On Line 736, plaintiff "George Joseph Paterson" is listed whereas his name should be listed as "George Joseph Paterson, Jr."  Line 758 identifies the plaintiff as "John Joseph Pietrunti" where the correct name should be "John Joseph Pietrunti, Jr."  Finally, on line 807, plaintiff "Arnold John Roma" should be listed as "Arnold John Roma, Jr."

**D.**   **Plaintiffs Whose Relationship to the 9/11 Decedent Was Incorrect in Exhibit A to ECF No. 3986**

The last category of clerical errors included in plaintiffs' Exhibit A to ECF No. 3986 includes two individuals whose relationship to the 9/11 decedent was incorrectly noted.  On Line 582, plaintiff Geraldine Canillas was identified as the "spouse" of 9/11 decedent Anthony

4

Luparello with a judgment amount corresponding to a spouse's solatium judgment of $12,500,000. Ms. Canillas is the child of 9/11 decedent Anthony Luparello, so the relationship needs to be changed as does the judgment amount to correspond to a child's solatium judgment of $8,500,000.

The second instance of an incorrect relationship is only slightly more complicated. On line 878, Christina Louise Kminek was incorrectly identified as the "sibling" of 9/11 decedent Mari-Rae Sopper. Ms. Kminek is actually a step-sibling of decedent Marie-Rae Sopper, and the Court's prior orders in this MDL dictate that further evidence must be submitted to determine whether a step-sibling qualifies for solatium damages as the "functional equivalent" of a sibling. Given that no such evidence has been submitted on behalf of Ms. Kminek to date, we ask that the judgment on her behalf be withdrawn and her name taken off Exhibit A as she was not entitled to the relief that was awarded at the present time subject to a future submission of evidence substantiating her relationship as the "functional equivalent" of a sibling to decedent Mari-Rae Sopper.

## CONCLUSION

The corrections requested by Plaintiffs are clerical in nature despite being predicated on oversights and omissions by plaintiffs' counsel in preparing the Exhibit A to ECF No. 3986. The requested corrections do not raise issues with the substantive judgment contained in ECF No. 3986 and will not in any way change the Court's disposition. Instead, the correction of ECF No. 3986 will allow it to more accurately reflect the Court's and plaintiffs' intent. Moreover, the corrections are necessary to the administration of justice insomuch as not making them will potentially affect the rights of the incorrectly identified plaintiffs to enforce and collect on the judgment this Court intended in their favor. For the foregoing reasons, plaintiffs respectfully request that this Court enter the Corrected Order of Partial Final Default Judgments on Behalf of Burnett/Iran Plaintiffs

Identified at Exhibit A (attached to plaintiffs' motion as Exhibit A) to conform with the corrections provided herein.

Dated:  June 8, 2018                                    Respectfully submitted,

                                                        /s/ Robert T. Haefele
                                                        Jodi Westbrook Flowers, Esq.
                                                        Robert T. Haefele, Esq.
                                                        John Eubanks, Esq.
                                                        MOTLEY RICE LLC
                                                        Mount Pleasant, SC 29464
                                                        Tel. (843) 216-9000
                                                        Fax (843) 216-9450
                                                        jflowers@motleyrice.com
                                                        rhaefele@motleyrice.com
                                                        jeubanks@motleyrice.com