```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON                                 03-MD-10570 (GBD)(SN)
    SEPTEMBER 11, 2001
                                                                ORDER

-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/01/2022

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

 <u>Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.</u>, No. 03-cv-09849

 Plaintiffs in <u>Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.</u>, No. 03-cv-09849 (the "<u>Burnett</u> Plaintiffs"), move to amend their complaint under Federal Rule of Civil Procedure 15. ECF No. 8677[1]. They also request certain additional considerations to facilitate amendment.

 Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its complaint with the court's leave. Courts are directed to "freely give leave when justice so requires." <u>Id.</u> This decision is committed to the discretion of the court, <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007), but granting "leave to amend is the 'usual practice,'" <u>Bank v. Gohealth, LLC</u>, No. 21-cv-1287, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022) (quoting <u>Hayden v. Cnty. of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999)). <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (finding that leave to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment . . . .").

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, 03-md-01570.

These claims are not futile, will not unduly delay these proceedings or prejudice the Taliban, and were not filed in bad faith or with a dilatory motive. The Burnett Plaintiffs' motion is therefore GRANTED, and it is further ORDERED that:

- The underlying complaint in Burnett, No. 03-cv-09849, is amended to include the 529 parties identified in the Burnett Plaintiffs' exhibit at ECF No. 8679-1 as parties in the action against the Taliban;

- These amendments supplement, but do not displace, the underlying operative complaint in Burnett, No. 03-cv-09849;

- Prior rulings, orders, and judgments entered in this case remain in effect as to all parties; and

- Further service on the Taliban is not required as a result of these amendments, and prior service orders apply, including the Court's order on service by publication at ECF Nos. 445, 488.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 8677 and the related motion at ECF No. 1046 in Burnett, No. 03-cv-09849.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:  November 1, 2022
        New York, New York