# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp*., et al., No. 03-cv-9849 (GBD)(SN)

### *BURNETT* PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ENTRY OF DEFAULT JUDGMENTS <u>FOR DEATH CLAIMS UNDER 18 U.S.C. § 2333 AGAINST THE TALIBAN</u>

For the reasons stated herein and as set forth in the accompanying Declaration of John M. Eubanks (hereinafter "Eubanks Decl."), the *Burnett* Moving Plaintiffs herein seek an Order entering judgment against The Taliban under 18 U.S.C. § 2333 (the "ATA") on behalf of the Personal Representatives of the estates of those 9/11 decedents who were United States citizens on September 11, 2001 as set forth in Exhibits B-1 and B-2. The *Burnett* Moving Plaintiffs also seek leave of the Court to submit evidence of economic-loss damages for 9/11-decedent estates set forth in Exhibits B-1 and B-2 for whom prior judgments against the Islamic Republic of Iran have not already been awarded with regard to economic-loss damages in order to supplement their judgments against The Taliban. Finally, the *Burnett* Moving Plaintiffs seek prejudgment interest in the amount of 4.96%, compounded annually, from September 11, 2001 through the date of entry of the judgment for these Plaintiffs and leave to file for such other and further relief may be appropriate at a later date including, but not limited to, punitive damages.

On April 7, 2006, this Court entered default judgment as to liability against The Taliban (and 132 other defaulting defendants) in the case captioned *Burnett, et al. v. Al Baraka Inv. & Dev. Corp*., et al., No. 03-cv-9849 (GBD)(SN). ECF No. 1756. That April 7, 2006 default judgment

was entered in favor of 5,612 real parties in interest[1] in the *Burnett* action at the time.   On September 1, 2022, the Court granted Plaintiffs' motion to make explicit those plaintiffs whose claims were encompassed within the ambit of these real parties in interest and determined that these claims "relate[] back to when each of the individuals originally named in the pleading were added to this action." *See* ECF No. 8487.  On November 1, 2022, the Court granted Plaintiffs' Motion to Add Parties Against the Taliban that added 529 claims within the *Burnett* action and stated "[p]rior rulings, orders, and judgments entered in this case remain in effect as to all parties." *See* ECF No. 8696 at 2.  On January 12, 2024, the Court granted Plaintiffs' Motion to Add Parties Against the Taliban that added four claims within the *Burnett* action again providing that these plaintiffs were subject to all prior rulings, orders, and judgments in the case.  *See* ECF No. 9532. Finally, the *Burnett* Plaintiffs have filed an additional Motion to Add Parties Against the Taliban seeking to add the claims of an additional 13 Plaintiffs who would also be subject to the "[p]rior rulings, orders, and judgments entered in this case" including the default judgment as to liability against The Taliban.  *See* ECF No. 9533.  It is on behalf of the plaintiffs listed in Exhibit A along with the distinct claims clarified or added as set forth above that this motion pertains.

This motion seeks to extend judgments entered within this MDL on behalf of certain Personal Representatives of 9/11-decedent estates against the Islamic Republic of Iran and/or certain of its agencies and instrumentalities to Plaintiffs' claims against Defendant The Taliban. Furthermore, Plaintiffs seek to extend the rationale of those judgments and the underlying values entered to claims of Plaintiffs who have not yet obtained such judgments against the Islamic

---

[1] The plaintiffs included 5,513 named plaintiffs (many of whom were pursuing claims in multiple capacities—i.e., individually, and as personal representative of the estate of the 9/11 decedent or as next of kin of minor children of the 9/11 decedent) and 99 plaintiffs who were, at the time, proceeding pseudonymously (many of whom were also pursuing their claims in dual or multiple capacities).  The list of plaintiffs provided with the submission leading to the April 7, 2006 default judgment as to liability against The Taliban is provided as Exhibit A to the Eubanks Declaration.

Republic of Iran.  The *Burnett* Moving Plaintiffs seek this relief pursuant to the civil damages provision of the Anti-Terrorism Act, 18 U.S.C. § 2333(a).

## ARGUMENT

I.   **Claims against The Taliban under the Anti-Terrorism Act should be awarded damages in this case commensurate with those awarded under 28 U.S.C. § 1605A(c) against the Islamic Republic of Iran.**

As an initial point, many of the *Burnett* Moving Plaintiffs seeking damages here obtained damages judgments in collateral litigation against the Islamic Republic of Iran and certain of its agencies and instrumentalities for Iran's role in providing support to Al Qaeda in the years leading up to the terrorist attacks on September 11, 2001.  Whereas the damages judgments obtained against Iran arose pursuant to 28 U.S.C. § 1605A(c), which provides a private right of action against a designated state sponsor of terrorism, Plaintiffs' claims against The Taliban arise under a number of different statutory schemes including under the ATA and the common law.  The ATA provides that "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees."  18 U.S.C. § 2333(a). It would appear undisputed that this provision permits the representatives of United States national individuals who were killed in the terrorist attacks on September 11, 2001—i.e., the *Burnett* Moving Plaintiffs here—to pursue damages in cases under the ATA.

The breadth of damages available under the ATA is similar to those available—and applied by this Court in judgments against Iran—under 28 U.S.C. § 1605A(c). "[T]he ATA incorporates 'general principles of tort law.' … The basic presumption is that Congress creates federal torts against the background of general tort law…."  *See Linde v. Arab Bank, PLC*, 97 F. Supp.3d 287, 336 (E.D.N.Y. 2015).  The ATA provides "private parties the right to pursue common tort claims

3

against terrorist organizations and those that provide material support or financing to terrorist organizations." *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 50 (E.D.N.Y. 2007).   In fact, when the ATA was initially enacted in 1991, Senator Grassley stated that the ATA "removes the jurisdictional hurdles in the courts confronting *victims* and it empowers *victims* with all the weapons available in civil litigation …. The [ATA] accords *victims* of terrorism the remedies of American tort law."   *Litle v. Arab Bank, PLC*, 611 F. Supp.2d 233, 245 (E.D.N.Y. 2009), *quoting* 137 Cong. Rec. S4511 (Apr. 16, 1991).   This language "suggests that Congress intended that the full range of damages should be available to persons entitled to bring actions pursuant to §2333(a)."   *Estates of Ungar v. Palestinian Authority*, 304 F. Supp.2d 232, 265 (D.R.I. 2004).

### A.  The Court should extend to The Taliban previous default judgments entered for specific plaintiffs against the Iran Defendants (Exhibit B-1).

While Exhibit A and the subsequent orders entered by this Court set forth all of the claims encompassed by the default liability judgment entered by Judge Casey on April 7, 2006, the plaintiffs pursuing death claims under the ATA are broken out into two exhibits appended to the Eubanks Declaration.  The *Burnett* Moving Plaintiffs included in Exhibit B-1 are the Personal Representatives of United States national 9/11-decedent estates for whom a judgment has previously been entered by this Court against the Islamic Republic of Iran under 28 U.S.C. § 1605A. The *Burnett* Moving Plaintiffs identified in Exhibit B-1 have obtained a damages default judgment against the Iran Defendants in the values set forth in Exhibit B-1.  Through a series of orders issued in *Burnett, et al. v. Islamic Republic of Iran, et al.*, 15-cv-9903 (GBD)(SN), beginning on July 31, 2017, the Court has entered final default judgments against the Iran Defendants in favor of the plaintiffs identified in Exhibit B-1. *See, e.g.*, ECF Nos. 3666, 3984 (corrected 4023), 4126, 4146, 4175, 4712, 5061 (corrected 5062 and 6202), 5087 (corrected 6203 and 6205), 5092, 5138, 5151, 5356, 5854, 5946, 5948, 5955, 5957, 5975, 5979, 6034, 6035, 6037,

6038, 6039, 6042, 6044, 7188, 7287, 7494, 8233, 8283, and 8293).[2]  Exhibit B-1 sets forth those 9/11 decedent estates for whom prior judgment has been entered by this Court, with the value of the damages awarded.

The April 7, 2006 liability default judgment in *Burnett* was not reduced previously to a final judgment because individual damages assessments of the Plaintiffs' claims had not been conducted, and other appearing (non-defaulting) defendants in the active MDL thereafter opposed the process.  In 2007, certain other plaintiffs in this MDL with similar Taliban judgments sought monetary awards in relation to their judgments against The Taliban, but procedural objections by appearing (non-defaulting) defendants at that time frustrated the process of reducing the default judgments as to liability to final damage judgments. *See, e.g.*, ECF No. 688 (Federal Insurance Docket) and undocketed March 2, 2007 letter from the Defendants' Executive Committee to Judge Casey.  As a result, the 2007 motion was not addressed with regard to The Taliban until April 6, 2022. *See* ECF No. 7833.

This Court ruled, in 2011 and 2012, that default judgments against one defendant in favor of 9/11 plaintiffs are properly extended to other defendants as to whom the plaintiffs have liability judgments also for the September 11, 2001 attacks.  *See, e.g.*, ECF No. 2582 (extending Federal Insurance's damage assessment against Al Qaeda at ECF No. 2502 to Hezbollah); ECF No. 2623 (extending *Havlish* damage assessment against Iran to defaulting Non-Sovereign Defendants).  The Court has now also entered a default judgment on similar grounds on behalf of the *Federal Insurance* plaintiffs against The Taliban.  *See* ECF No. 7833.

---

[2] Certain of the Plaintiffs included on Exhibit B-1 have obtained default judgments against the Iran Defendants in other cases within the MDL; however, their claims are not encompassed on other motions for default judgment against The Taliban.

The 772 *Burnett* Plaintiffs identified on Exhibit B-1 are Personal Representatives of 9/11-decedent estates who have previously obtained a judgment at least as to conscious pain and suffering as to the Islamic Republic of Iran, and they now seek the application of those judgment values as set forth on Exhibit B-1 to be entered against The Taliban.  To the extent they have not yet sought and obtained a judgment for economic-loss damages, the Plaintiffs identified on Exhibit B-1 reserve the right to submit additional proof to the Court to assess their economic-loss damages and, therefore, supplement their judgment against The Taliban.

Here, consistent with the Court's practice, each of the *Burnett* Moving Plaintiffs on Exhibit B-1 with existing liability default judgments against The Taliban, and who have secured monetary damage awards in the way of judgments against another defendant—namely, the Iran Defendants—ask that the Court extend their existing default damages assessments to The Taliban and enter final judgment against The Taliban.  To the extent the Court has already conducted damages inquests for plaintiffs with default liability judgments against The Taliban, in the context of default proceedings against the Iran Defendants, the *Burnett* Plaintiffs identified in Exhibit B-1.[3] The Court's prior ruling, regarding the joint and several liability of The Taliban, applies with equal force to further final judgments by this Court on the default judgments of liability held by the *Burnett* Moving Plaintiffs on Exhibit B-1 who were also awarded monetary damages against the Iran Defendants. This Court has already considered the legal arguments and evidence presented in the case against the Iran Defendants and issued monetary judgments against the Iran Defendants based on that evidence. The extension of that ruling to The Taliban, and entry of a final judgment pursuant to Rule 54(b) as to The Taliban, is both appropriate and the most efficient means of

---

[3] *See, e.g.* ECF No. 2582 (extending *Federal Insurance's* damages assessment against Al Qaeda at ECF No. 2502 to Hezbollah); ECF No. 2623 (extending *Havlish* damages assessment against Iran to defaulting Non-Sovereign Defendants.

safeguarding each of the *Burnett* Moving Plaintiff's rights.  There can be no question The Taliban

sponsored Osama bin Laden and was behind the September 11, 2001 attacks.[4]

**B. The Court should apply the judgment values awarded against Iran to the remaining *Burnett* Moving Plaintiffs who have standing against The Taliban under the ATA but do not yet have judgments entered against the Iran (Exhibit B-2).**

The *Burnett* Moving Plaintiffs on Exhibit B-2 are the Personal Representatives of U.S.-

national 9/11 decedent estates who possess standing against The Taliban by virtue of the decedents

being U.S. nationals at the time of their death.  Although the *Burnett* Moving Plaintiffs listed on

Exhibit B-2 hold a liability judgment against The Taliban (among others), they have no previous

default judgment against the Iran Defendants that can be extended to The Taliban.  However, this

Court has determined the appropriate measure of compensatory damages for Plaintiffs in this MDL

in numerous prior instances as such judgments relate to Iran such that these judgment values are

easily ascertainable.

For the 246 9/11 decedent estates included on Exhibit B-2, Plaintiffs submit that they are

each entitled to conscious pain-and-suffering damages in the amount of $2 million based on the

prior decisions of this Court vis-à-vis Iran. These Plaintiffs reserve the right to submit additional

proof to the Court to assess their economic-loss damages and, therefore, supplement their judgment

against The Taliban; however, they remain entitled to judgment for conscious pain-and-suffering

damages in the amount of $2 million for each 9/11 decedent estate.

---

[4] U.S. National Commission on Terrorist Attacks upon the United States. *9/11 Commission Report: The Official Report of the 9/11 Commission and Related Publications.* by Thomas H. Kean and Lee Hamilton,  pp. 66-67, 125-126, 157, 170-171, 176,

**C.  The *Burnett* Moving Plaintiffs' ATA claims against The Taliban mandate treble damages.**

The *Burnett* Moving Plaintiffs asserting claims under the ATA submit that, under the express terms of the ATA, they "*shall* recover threefold the damages" awarded. *See* 18 U.S.C. § 2333(a) (emphasis added). The trebling of the damages award in these circumstances is mandated by the use of the world "shall". *See United States v. Kahn*, 5 F.4th 167, 174 (2d Cir. 2021) (holding "[t]he word 'shall,' in a statute, indicates a command; what follows the word 'shall' is 'mandatory, not precatory'"). Therefore, the *Burnett* Moving Plaintiffs submit that each of the values awarded for compensatory damages should be trebled to accord with the mandatory trebling language in the ATA. A separate column is included on Exhibits B-1 and B-2 indicating the final judgment after trebling of the damages values.

**D.  The Court should also award prejudgment interest for claims under the ATA.**

On the issue of prejudgment interest, this Court previously ruled that the rate of prejudgment interest of 4.96 percent interest per annum compounded annually was appropriate. ECF No. 3383 at 2, *adopting* ECF No. 3358 at 16-20 (discussing the availability of prejudgment interest under federal and New York common law and determining, in the Court's discretion a prejudgment interest rate of 4.96%). Accordingly, the *Burnett* Moving Plaintiffs ask that this Court direct that prejudgment interest of 4.96 percent, compounded annually, be awarded on their awards running from September 11, 2001 to the date of judgment against The Taliban.

**II.   Plaintiffs seek to reserve their rights to seek economic damages, punitive damages, or other damages at a later time to the extent appropriate**

As has been the practice in the Court in addressing many of the motions for default judgments, the *Burnett* Moving Plaintiffs herein seek the Court's permission to apply for economic damages, punitive damages, or other damages later, consistent with any applicable future rulings and to supplement the record as part of applications for those damages. While the *Burnett* Moving

Plaintiffs assert their entitlement to punitive damages, in light of prior differing decisions on the proper punitive multiplier (compare, e.g., ECF 3175 at 3 with ECF 3384 at 6), Plaintiffs request permission to reserve the issue of punitive damages until a later date, as this Court has previously authorized. *See* ECF No. 3666.

### III.    Proposed Order

For the Court's convenience and consideration, a proposed form of Order is being filed contemporaneously with this motion. The proposed Order tracks the language of the Court's 2006 Order, including judgment against The Taliban, and the Court's July 31, 2017 Order directing entry of final judgment against the Iran Defendants.

### CONCLUSION

For the foregoing reasons, the *Burnett* Moving Plaintiffs submit that a judgment awarding default damages judgments under the ATA for the Plaintiffs identified on Exhibits B-1 and B-2 be awarded against Defendant The Taliban in the values set forth in those exhibits. Plaintiffs further submit that these judgments under the ATA be trebled under 18 U.S.C. § 2333(a) and that prejudgment interest be applied to each judgment in the amount of 4.96%, compounded annually, from September 11, 2001 through the date of the entry of this judgment.

Plaintiffs further ask that the Court permit future motions that may address economic-loss damages, punitive damages, pain-and-suffering damages, and such other and further relief as is permissible under the ATA. Finally, as set forth in the Court's July 11, 2022 Order, any default judgment granted in this case against The Taliban is binding solely on the determination of damages against The Taliban and not against any of the other Defendants in this action.

Dated:  January 18, 2024                    Respectfully submitted,

                                            MOTLEY RICE LLC


                                            */S/ John M. Eubanks*
                                            John M. Eubanks, Esq.
                                            Jodi Westbrook Flowers, Esq.
                                            Robert T. Haefele, Esq.
                                            Jade Haileselassie, Esq.
                                            28 Bridgeside Boulevard
                                            Mount Pleasant, SC 29464
                                            Tel: (843) 216-9000
                                            Fax: (843) 216-9450
                                            Email: jeubanks@motleyrice.com