UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN)

**DECLARATION OF JOHN M. EUBANKS IN SUPPORT OF *BURNETT* PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENTS FOR DEATH CLAIMS UNDER 18 U.S.C. § 2333 AGAINST THE TALIBAN**

I, JOHN M. EUBANKS, declare, under penalty of perjury, as follows:

1. I am an attorney admitted to practice in the above-captioned matter and Member Attorney with the law firm Motley Rice LLC, counsel for the *Burnett* Plaintiffs in this MDL in the above-referenced matter (the "*Burnett* Plaintiffs") that was initially filed in the United States District Court for the District of Columbia on August 15, 2002 before being transferred to this Court by order of the Judicial Panel on Multidistrict Litigation. I submit this Declaration in support of the *Burnett* Plaintiffs' motion for entry of default judgement against The Taliban on behalf of the estates of those victims murdered on September 11, 2001 ("*Burnett* 9/11 Decedents"), their immediate family members or functional equivalents, and individuals who sustained personal injuries in the terrorist attacks on September 11, 2001. This motion seeks the following relief:

    a. extending to Defendant The Taliban the Court's previous rulings of Partial Final Default Judgment on Behalf of the *Burnett* Moving Plaintiffs identified on Exhibit B-1—who are personal representatives of the estates of individuals who were killed in the terrorist attacks on September 11, 2001—who each also have default judgments against *inter alia* the Islamic Republic of Iran (collectively the "Iran Defendants") pursuant to the default liability judgment entered on January 31, 2017 (Case No. 15-cv-9903, ECF No. 85), or pursuant to default liability judgments entered on their behalf against the Iran Defendants in other cases within this MDL, and entering a default judgment under the Anti-Terrorism Act, 18 U.S.C. § 2333(a) ("ATA"), against The Taliban in favor of the *Burnett* Moving Plaintiffs in the amounts identified in Exhibits B-1;

b. awarding the *Burnett* Moving Plaintiffs included on Exhibit B-2—who are the personal representatives of estates of individuals who were killed in the terrorist attacks on September 11, 2001 who were U.S. nationals at the time of their death and who have not previously obtained judgments against the Iran Defendants—judgments under the ATA for conscious pain and suffering in the amount of $2 million for each estate;

c. awarding pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 1, 2001 until the date of the judgment for damages for those *Burnett* Moving Plaintiffs included on Exhibits B-1 and B-2;

d. granting trebled damages under 18 U.S.C. § 2333(a) to the *Burnett* Moving Plaintiffs identified on Exhibits B-1 and B-2; and

e. permitting the *Burnett* Moving Plaintiffs to seek economic damages, punitive damages, and other damages at a later date, consistent with any applicable future rulings and to supplement the record as part of applications for those damages.

2. The form of this motion and the relief requested herein are consistent with the form and relief requested and granted in the *Burnett/Iran* action, in orders located at ECF. Nos. 3666 (*Burnett I*), 3984 (corrected 4023) (*Burnett II*), 4126 (*Burnett III*), 4146 (*Burnett V*), 4175 (*Burnett IV*), 4712 (*Burnett VI*), 5061 (corrected 5062 and 6202) (*Burnett VII*), 5087 (corrected 6203 and 6205) (*Burnett IX*), 5092 (*Burnett VIII*), 5138 (*Burnett XI*), 5151 (*Burnett XII*), 5356 (*Burnett XIII*), 5854 (*Burnett XIV*), 5946 (*Burnett Personal Injury I*), 5948 (*Burnett Personal Injury II*), 5949 (*Burnett XV*), 5951 (*Burnett X*), 5955 (*Burnett Personal Injury III*), 5957 (*Burnett Personal Injury IV*), 5975 (*Burnett XVI*), 5979 (*Burnett XVII*), 6034 (*Burnett XIX*), 6035 (*Burnett XVIII*), 6037 (*Burnett XXII*), 6038 (*Burnett XXI*), 6039 (*Burnett XX*), 6042 (*Burnett Supp 1*), 6044 (*Burnett Supp 2*), 7188 (*Burnett XXIII*), 7287 (*Burnett XXIV*), 7494 (*Burnett Personal Injury V*), 8233 (*Burnett XXVI*), 8283 (*Burnett Personal Injury VI*), 8293 (*Burnett XXV*), and 8310 (*Burnett XXVII*).

3. On August 15, 2002, the *Burnett* Plaintiffs filed their initial Complaint against the alleged sponsors of the September 11, 2001 terrorist attacks in the United States District Court for the District of Columbia. That Complaint was twice amended before the case was transferred by

the Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of New York on January 2, 2004.[1]

4. The Taliban was added to the *Burnett* case pursuant to Case Management Order No. 2 on December 30, 2004, and service by publication (as permitted by a September 16, 2004 Order issued by Judge Richard C. Casey) was perfected on January 13, 2005. Proof of service was filed on March 4, 2005 and March 16, 2005, and Defendant The Taliban never answered. The *Burnett* Plaintiffs subsequently moved for a Certificate of Default and default judgment, which this Court granted on April 7, 2006. *See* ECF No. 1756.

5. The *Burnett* Moving Plaintiffs identified in Exhibits B-1 and B-2, who are the Personal Representatives of the estates of U.S.-nationals who were killed on September 11, 2001 in the terrorist attacks, now seek final damages judgments against The Taliban.

6. The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the *Burnett* Moving Plaintiffs in the MDL, my firm's representation of the *Burnett/Iran* Plaintiffs in connection with the terrorist attacks on September 11, 2001, other court records relating to this multidistrict litigation to which these individuals are parties, my communications with other counsel for other plaintiffs in this multidistrict litigation, and conversations with these plaintiffs and other family members of these plaintiffs. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

7. On April 4, 2006, my colleague Robert T. Haefele provided an Affidavit for Entry of Default and Judgment by Default that was submitted to the Court with multiple exhibits. Exhibit

---

[1] In addition, while still pending before Judge James Robertson in the U.S. District Court for the District of Columbia, Plaintiffs were permitted to add parties to the pleadings (both Plaintiffs and Defendants) pursuant to Fed. R. Civ. P. 15(d), and this practice was utilized on numerous occasions by the *Burnett* Plaintiffs to increase the number of parties—both Plaintiffs and Defendants—prior to the transfer of the case to this Court.

A to Mr. Haefele's April 4, 2006 Affidavit included the real parties in interest in the *Burnett* litigation, as that term is understood pursuant to Fed. R. Civ. P. 17(a).

8.      On September 1, 2022, this Court granted the *Burnett* Plaintiffs' motion to list all of the relevant claimants whose claims were encompassed within the filing of the real parties in interest including the explicit naming of estate plaintiffs and claims of minor children that were also encompassed within these original filings with filing dates relating back to the time when the original real party in interest joined this litigation. *See* ECF No. 8487.

9.      On November 1, 2022, the Court granted Plaintiffs' Motion to Add Parties Against the Taliban that added 529 claims within the *Burnett* action and stated, "[p]rior rulings, orders, and judgments entered in this case remain in effect as to all parties." *See* ECF No. 8696 at 2.

10.     On January 12, 2024, the Court granted Plaintiffs' Motion to Add Parties Against the Taliban that added four (4) claims within the *Burnett* action with the same provision as the Court's November 1, 2022 Order. *See* ECF No. 9532.

11.     On January 16, 2024, Plaintiffs filed a Motion to Add Parties Against the Taliban that sought to add 13 additional claims within the *Burnett* action seeking the same application of prior rulings to these plaintiffs. *See* ECF No. 9533. The two estates included in this motion have been included on Exhibit B-1 despite the Court not having yet issued an Order on the pending motion at the time this Declaration is being executed.

12.     Exhibit A to this Declaration is the list of plaintiffs that accompanied Plaintiffs' submission in 2006 upon which the April 7, 2006 default judgment as to liability entered by this Court against *inter alia* The Taliban. All plaintiffs in this case added since the entry of the default judgment have been subject to all prior orders of the Court including this default judgment as to liability against The Taliban.

13. Plaintiffs have complied with the quality-control measures discussed in ECF Nos. 3433 and 3435.

14. The *Burnett* Moving Plaintiffs have not previously received and do not have pending motions requesting judgments against The Taliban within this MDL.

15. To the extent that the name of one of the Personal Representatives has changed since the prior judgment was entered in this MDL, I hereby attest that the parties are the same.

16. Exhibit B-1 sets forth claims brought by personal representatives of *Burnett* 9/11 Decedent estates for whom prior judgments have been entered against the Iran Defendants in this MDL where the 9/11 decedent was a United States national at the time of their death.[2] The values of the prior judgments are set forth in Exhibit B-1 including damages for conscious pain and suffering, economic loss, and total damages amounts previously awarded. To the extent that economic-loss damages have not yet been awarded, Plaintiffs request that the Court permit them to submit motions for supplemental damages for economic loss at a later date. Given the U.S. nationality of each 9/11 decedent in Exhibit B-1, these claims are being pursued under the ATA.

17. Exhibit B-2 sets forth claims brought by personal representatives of *Burnett* 9/11 Decedent estates for whom prior judgments have not been entered against the Iran Defendants in this MDL where the 9/11 decedent was a United States national at the time of their death. The putative value for the judgments for these claims is $2 million for conscious pain and suffering. As economic-loss damages have not yet been awarded for these claims, Plaintiffs seek the ability to submit motions for supplemental damages for economic loss at a later date. Given the U.S. nationality of each 9/11 decedent in Exhibit B-2, these claims are being pursued under the ATA.

---

[2] This includes both those estates where Plaintiffs have obtained documentary evidence of the decedent's nationality on September 11, 2001 in addition to those for whom sufficient information exists to substantiate their U.S. citizenship notwithstanding the lack of specific documentary evidence to that effect.

18. The judgment values for the *Burnett* Moving Plaintiffs provided on Exhibits B-1 and B-2 also include a separate column accounting for the mandatory statutory trebling under 18 U.S.C. § 2333(a).

19. Included with this motion is a Proposed Order of Partial Final Judgment against The Taliban for the *Burnett* Moving Plaintiffs identified in Exhibits B-1 and B-2.

20. In accordance with the Court's July 11, 2022 Order, the relief sought in this motion, and any default judgments entered as a result of this and supplemental motions against Defendant The Taliban is not binding on the determination of damages against any Defendant within this MDL other than Defendant The Taliban.

| | |
|---|---|
| January 18, 2024 | */S/ John M. Eubanks*_____ <br> John M. Eubanks, Esq. <br> MOTLEY RICE LLC <br> 28 Bridgeside Blvd. <br> Mount Pleasant, SC 29464 <br> Tel:   (843)216-9218 <br> Fax:  (843)216-9450 <br> Email: jeubanks@motleyrice.com |