**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
   *Burnett, et al. v. Al Baraka Inv. & Dev. Corp*., et al., No. 03-cv-9849 (GBD)(SN)

<u>**DECLARATION OF JOHN M. EUBANKS**</u>
<u>**IN SUPPORT OF PLAINTIFFS' MOTION TO CORRECT**</u>

I, JOHN M. EUBANKS, declare, under penalty of perjury, as follows:

1.     I am an attorney admitted to practice in the above-captioned matter and Member

Attorney with the law firm Motley Rice LLC, counsel for the *Burnett* Plaintiffs in this MDL in the

above-referenced matter (the "*Burnett* Plaintiffs") that was initially filed in the United States

District Court for the District of Columbia on August 15, 2002 before being transferred to this

Court by order of the Judicial Panel on Multidistrict Litigation. I submit this Declaration in support

of the *Burnett* Plaintiffs' Motion to Correct clerical errors in Exhibit B-2 to the January 18, 2024

Declaration of John M. Eubanks filed at ECF No. 9546-3 (ECF No. 1120-3 in 03-cv-9849); Exhibit

B-2 to the January 19, 2024 Declaration of John M. Eubanks filed at ECF No. 9550-3 (ECF No.

1124-3 in 03-cv-9849); Exhibit C to the January 19, 2024 Declaration of John M. Eubanks filed at

ECF No. 9550-4 (ECF No. 1124-4 in 03-cv-9849); and the Proposed Final Judgment Exhibits filed

at ECF Nos. 9547-3 (ECF No. 1121-3 in 03-cv-9849) and 9551-3 (ECF No. 1125-3 in 03-cv-

9849).

2.     The sources of my information and the basis for my belief in my statements

contained herein are my personal involvement in this matter, my firm's representation of the

*Burnett* Plaintiffs in the MDL in connection with the terrorist attacks on September 11, 2001, other

court records relating to this multidistrict litigation to which these individuals are parties, my

communications with other counsel for other plaintiffs in this multidistrict litigation, and conversations with these plaintiffs and other family members of these plaintiffs. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

3.      On January 18, 2024, the *Burnett* Plaintiffs filed a Motion for Entry of Default Judgments for Death Claims Under 18 U.S.C. § 2333 against Defendant The Taliban.  *See* ECF No. 9544 (ECF No. 1118 in 03-cv-9849).  The motion was supported by my Declaration with exhibits and a Proposed Final Judgment on behalf of the *Burnett* Plaintiffs pursuing Death Claims under  18 U.S.C. § 2333.  *See* ECF Nos. 9546 (Declaration; ECF No. 1120 in 03-cv-9849), 9546-1 (Exhibit A; ECF No. 1120-1 in 03-cv-9849), 9546-2 (Exhibit B-1; ECF No. 1120-2 in 03-cv-9849), 9546-3 (Exhibit B-2; ECF No. 1120-3 in 03-cv-9849), and 9547 (Proposed Default Judgment with Exhibits; ECF No. 1121 in 03-cv-9849).

4.      Since the filing of the *Burnett* Plaintiffs filed a Motion for Entry of Default Judgments for Death Claims Under 18 U.S.C. § 2333 against Defendant The Taliban, I have learned of a limited number of minor clerical errors that need to be corrected in advance of the Court issuing its judgment.

a.      On Exhibit B-2, at line 238, counsel inadvertently included Laurie Sue Weinberg, as the Personal Representative of the Estate of Steven Weinberg; however, the Court has already entered a judgment for the Weinberg estate in the *Ashton* matter. The inclusion of this estate on the *Burnett* Plaintiffs' motion was an oversight. The corrected Exhibit B-2 will replace the prior version and remove Laurie Sue Weinberg, as the Personal Representative of the Estate of Steven Weinberg.

b.      On Exhibit B-2, counsel needs to include Mary Lou Lee, as the Personal Representative of the Estate of Chih Min Foo.  At the time of filing, Plaintiffs' counsel had not obtained proof of the decedent's U.S. nationality on September 11, 2001; however, we have now received his September 17, 1976 Certificate of Citizenship.  The corrected Exhibit B-2 includes an entry for Mary Lou Lee, as the Personal Representative of the Estate of Chih Min Foo, and will replace the prior version.

5.      On January 19, 2024, the *Burnett* Plaintiffs filed a Motion for Entry of Default Judgments for Solatium Claims Under 18 U.S.C. § 2333 against Defendant The Taliban.  *See* ECF No. 9548 (ECF No. 1122 in 03-cv-9849).  The motion was supported by my Declaration with exhibits and a Proposed Final Judgment on behalf of the *Burnett* Plaintiffs pursuing solatium claims under 18 U.S.C. § 2333.  *See* ECF Nos. 9550 (Declaration; ECF No. 1124 in 03-cv-9849), 9550-1 (Exhibit A; ECF No. 1124-1 in 03-cv-9849), 9550-2 (Exhibit B-1; ECF No. 1124-2 in 03-cv-9849), 9550-3 (Exhibit B-2; ECF No. 1124-3 in 03-cv-9849), 9550-4 (Exhibit C; ECF No. 1124-4 in 03-cv-9849), and 9551 (Proposed Default Judgment with Exhibits; ECF No. 1125 in 03-cv-9849).

6.      Since the filing of the *Burnett* Plaintiffs filed a Motion for Entry of Default Judgments for Solatium Claims Under 18 U.S.C. § 2333 against Defendant The Taliban, I have learned of a limited number of minor clerical errors that need to be corrected in advance of the Court issuing its judgment.

    a.  On Exhibit B-2, line 4, counsel inadvertently included L.A., as the child of 9/11 decedent Lee Alan Adler; however, the Court has already entered a judgment against Iran for L.A. in the *Hoglan* matter in which she is explicitly represented by *Hoglan* counsel whereas she is only represented in *Burnett* through her mother's claim. The inclusion of L.A. on the *Burnett* Plaintiffs' motion was an oversight. The corrected Exhibit B-2 will replace the prior version and remove L.A., as the child of 9/11 decedent Lee Alan Adler.

    b.  On Exhibit B-2, line 9, counsel inadvertently included Alice Fay Doerge Adler, as the spouse of 9/11 decedent Lee Alan Adler, as a plaintiff without a prior judgment against the Islamic Republic of Iran.  Ms. Adler should have been included on Exhibit B-1.  The corrected Exhibit B-2 will replace the prior version and remove Alice Fay Doerge Adler, as the spouse of 9/11 decedent Lee Alan Adler.  The corrected Exhibit B-1 will replace the prior version and include Alice Fay Doerge Adler, as the spouse of 9/11 decedent Lee Alan Adler.

    c.  On Exhibit B-2, line 48, counsel inadvertently included Leslie Brown, as the sibling of 9/11 decedent Jeffrey Alan Coale, as a plaintiff without a prior judgment against the Islamic Republic of Iran.  Ms. Brown should have been included on Exhibit B-1.  The corrected Exhibit B-2 will replace the prior version and remove Leslie Brown, as the sibling of 9/11 decedent Jeffrey Alan Coale.  The corrected Exhibit

B-1 will replace the prior version and include Leslie Brown, as the sibling of 9/11 decedent Jeffrey Alan Coale.

d.   On Exhibit B-2, line 50, counsel inadvertently included Chris Burke, as the sibling of 9/11 decedent Thomas Daniel Burke; however, the Court has already entered judgment for Mr. Burke in the *Ashton* matter. The inclusion of this claim on the *Burnett* Plaintiffs' motion was an oversight. The corrected Exhibit B-2 will replace the prior version and remove Chris Burke, as the sibling of 9/11 decedent Thomas Daniel Burke.

e.   On Exhibit B-2, at line 62, counsel needs to include the name Terence Connors as the child of 9/11 decedent Kevin P. Connors.  Since counsel filed its initial motion, Mr. Connors executed a contract of representation with undersigned counsel permitting him to be explicitly named in these proceedings.  The corrected Exhibit B-2 will replace the prior version and substitute "Terence Connors" in the place of "T.C." as the child of 9/11 decedent Kevin P. Connors.

f.   On Exhibit B-2, line 93, counsel inadvertently included J.D., as the child of 9/11 decedent Michael D. Diehl; however, the Court has already entered a judgment against Iran for J.D. in the *Hoglan* matter in which he is explicitly represented by *Hoglan* counsel whereas he is only represented in *Burnett* through his mother's claim. The inclusion of J.D. on the *Burnett* Plaintiffs' motion was an oversight. The corrected Exhibit B-2 will replace the prior version and remove J.D., as the child of 9/11 decedent Michael D. Diehl.

g.   On Exhibit B-2, line 94, counsel inadvertently included J.D., as the child of 9/11 decedent Michael D. Diehl; however, the Court has already entered a judgment against Iran for J.D. in the *Hoglan* matter in which she is explicitly represented by *Hoglan* counsel whereas she is only represented in *Burnett* through her mother's claim. The inclusion of J.D. on the *Burnett* Plaintiffs' motion was an oversight. The corrected Exhibit B-2 will replace the prior version and remove J.D., as the child of 9/11 decedent Michael D. Diehl.

h.   On Exhibit B-2, line 146, counsel inadvertently included Tylia Furgal, as the sibling of 9/11 decedent Swede Joseph Chevalier; however, the Court has already entered judgment for Ms. Furgal in the *Ashton/Burlingame* matter. The inclusion of this claim on the *Burnett* Plaintiffs' motion was an oversight. The corrected Exhibit B-2 will replace the prior version and remove Tylia Furgal, as the sibling of 9/11 decedent Swede Joseph Chevalier.

i.   On Exhibit B-2, line 161, the entry for Alice Gary, as the parent of 9/11 decedent Bruce Henry Gary, should be deleted as it was a duplicate of line 162 (which includes a more fulsome statement regarding "Amendments & Substitutions." The inclusion of this duplicate entry was an oversight.  The corrected Exhibit B-2 will replace the prior version and remove the duplicate entry for Alice Gary, as the parent of 9/11 decedent Bruce Henry Gary.

j.  On Exhibit B-2, line 241, the entry for John David Ketler, as the sibling of 9/11 decedent Ruth Ellen Ketler, should be deleted as it was a duplicate of line 240 (which includes a more fulsome statement regarding "Amendments & Substitutions." The inclusion of this duplicate entry was an oversight. The corrected Exhibit B-2 will replace the prior version and remove the duplicate entry for John David Ketler, as the sibling of 9/11 decedent Ruth Ellen Ketler.

k.  On Exhibit B-2, line 268, counsel inadvertently included Dennis J. Levi, as the child of 9/11 decedent John Dennis Levi; however, the Court has already entered judgment for Mr. Levi in the *Ashton/Burlingame* matter. The inclusion of this claim on the *Burnett* Plaintiffs' motion was an oversight. The corrected Exhibit B-2 will replace the prior version and remove Dennis J. Levi, as the child of 9/11 decedent John Dennis Levi.

l.  On Exhibit B-2, line 402, counsel inadvertently included Donna Struzzieri, as the sibling of 9/11 decedent Bruce Henry Gary; however, the claim for Ms. Struzzieri is pending in the *O'Neill* matter. The inclusion of this claim on the *Burnett* Plaintiffs' motion was an oversight. The corrected Exhibit B-2 will replace the prior version and remove Donna Struzzieri, as the sibling of 9/11 decedent Bruce Henry Gary.

m.  On Exhibit B-2, line 409, counsel inadvertently included S.L.T., as the child of 9/11 decedent Donnie B. Taylor, Sr.; however, the claim for S.L.T. is pending in the *O'Neill* matter. The inclusion of this claim on the *Burnett* Plaintiffs' motion was an oversight. The corrected Exhibit B-2 will replace the prior version and remove S.L.T., as the child of 9/11 decedent Donnie B. Taylor, Sr.

n.  On Exhibit B-2, line 411, counsel inadvertently included Donnie Brooks Taylor, as the child of Donnie B. Taylor, Sr.; however, the claim for Donnie Brooks Taylor is pending in the *O'Neill* matter. The inclusion of this claim on the *Burnett* Plaintiffs' motion was an oversight. The corrected Exhibit B-2 will replace the prior version and remove Donnie Brooks Taylor, as the child of 9/11 decedent Donnie B. Taylor, Sr.

o.  On Exhibit B-2, counsel needs to include Shane K. Connors as the child of 9/11 decedent Kevin P. Connors. On March 12, 2024, the Court granted Plaintiffs' Motion to Add Parties as to The Taliban permitting the claims of Shane K. Connors, as the child of 9/11 decedent Kevin P. Connors, to proceed. *See* ECF No. 9637. Permitting this correction would prevent the filing of piecemeal motions. The corrected Exhibit B-2 will replace the prior version and include Shane K. Connors as the child of 9/11 decedent Kevin P. Connors.

p.  On Exhibit B-2, counsel needs to include Mark James Gardner as the sibling of 9/11 decedent Harvey Joseph Gardner, III. On March 12, 2024, the Court granted Plaintiffs' Motion to Add Parties as to The Taliban permitting the claims of Mark James Gardner, as the sibling of 9/11 decedent Harvey Joseph Gardner, III, to proceed. *See* ECF No. 9637. Permitting this correction would prevent the filing of

piecemeal motions. The corrected Exhibit B-2 will replace the prior version and include Mark James Gardner as the sibling of 9/11 decedent Harvey Joseph Gardner, III.

q.  On Exhibit C, line 14, counsel inadvertently included Jasmyn Alexandra Troy, as the functional equivalent of a child of 9/11 decedent Willie Quincy Troy; however, counsel has since obtained the order of adoption making Jasmyn Alexandra Troy the daughter of 9/11 decedent Willie Quincy Troy.  The corrected Exhibit C will replace the prior version and remove Jasmyn Alexandra Troy, as the functional equivalent of a child of 9/11 decedent Willie Quincy Troy.  The corrected Exhibit B-2 will replace the prior version and include Jasmyn Alexandra Troy, as the child of 9/11 decedent Willie Quincy Troy.

r.  On Exhibit C, line 15, counsel inadvertently included Rachel Uchitel, as the functional equivalent of a spouse of 9/11 decedent Andrew O'Grady; however, the claim for Rachel Uchitel is pending in the *O'Neill* matter.  The inclusion of this claim on the *Burnett* Plaintiffs' motion was an oversight.  The corrected Exhibit C will replace the prior version and remove Rachel Uchitel, as the functional equivalent of a spouse of 9/11 decedent Andrew O'Grady.

s.  On Exhibit C, counsel needs to include Ian L Pescaia, as the domestic partner of 9/11 decedent Christine Ann Snyder.  On March 12, 2024, the Court granted Plaintiffs' Motion to Add Parties as to The Taliban permitting the claims of Ian L. Pescaia, as the domestic partner of 9/11 decedent Christine Ann Snyder, to proceed. *See* ECF No. 9637.  Permitting this correction would prevent the filing of piecemeal motions. The corrected Exhibit C will replace the prior version and include Ian L. Pescaia as the domestic partner of 9/11 decedent Christine Ann Snyder.

t.  On Exhibit C, the *Burnett* Plaintiffs inadvertently omitted the following claims: Nicholas Monaco, as the step-child of 9/11 decedent Ricardo J. Quinn; Cheryl Olivieri, as the fiancée of 9/11 decedent Paul R. Eckna; Richard A. Pecorella, as the fiancé of 9/11 decedent Karen S. Juday; Joan Ruth Puwalski, as the fiancée of 9/11 decedent Steven J. Bates; Anthony Roman, as the fiancé of 9/11 decedent Jennifer Lynn Mazzotta; and Erin Ryan, as the fiancée of 9/11 decedent Michael R. Canty. The corrected Exhibit C will replace the prior version and include these inadvertently omitted names.

7.  The corrections requested by the *Burnett* Plaintiffs are simply clerical in nature and/or pertain to subsequent orders or facts that arose since the original motion was filed.  Rule 60(a) applies, at least in part, to errors or omissions committed by an attorney or the court which are not apparent on the record. *See In re Merry Queen Transfer Corp.*, 266 F. Supp. 605 (E.D.N.Y.

1967).  The corrected exhibits appended to this Declaration are intended to aid the Court in its consideration of the *Burnett* Plaintiffs' pending motions for default judgment against The Taliban.

8.      Attached as Exhibit 1 to this declaration is the corrected Exhibit B-2 to replace the Exhibit B-2 that was originally filed on January 18, 2024 as ECF No. 9546-3 (ECF No. 1120-3 in 03-cv-9849).

9.      Attached as Exhibit 2 to this declaration is the corrected Exhibit B-1 to replace the Exhibit B-1 that was originally filed on January 19, 2024 as ECF No. 9550-2 (ECF No. 1124-2 in 03-cv-9849).

10.     Attached as Exhibit 3 to this declaration is the corrected Exhibit B-2 to replace the Exhibit B-2 that was originally filed on January 19, 2024 as ECF No. 9550-3 (ECF No. 1124-3 in 03-cv-9849).

11.     Attached as Exhibit 4 to this declaration is the corrected Exhibit C to replace the Exhibit C that was originally filed on January 19, 2024 as ECF No. 9550-4 (ECF No. 1124-4 in 03-cv-9849).

12.     For the foregoing reasons, the *Burnett* Plaintiffs respectfully request that the Court grant their Motion to Correct and Order that the Exhibit 1 attached hereto be substituted for ECF No. 9546-3 (ECF No 1120-3) and ECF No. 9547-3 (ECF No. 1121-3 in 03-cv-9849); that the Exhibit 2 attached hereto be substituted for ECF No. 9550-2 (ECF No. 1124-2) and ECF No. 9551-2 (ECF No. 1125-2 in 03-cv-9849); that the Exhibit 3 attached hereto be substituted for ECF No. 9550-3 (ECF No. 1124-3) and ECF No. 9551-3 (ECF No. 1125-3 in 03-cv-9849); and that the Exhibit 4 attached hereto be substituted for ECF No. 9550-4 (ECF No. 1124-4).

April 23, 2024                              */S/  John M. Eubanks*_____
                                            John M. Eubanks, Esq.
                                            MOTLEY RICE LLC
                                            28 Bridgeside Blvd.

Mount Pleasant, SC 29464
Tel:    (843)216-9218
Fax:    (843)216-9450
Email: jeubanks@motleyrice.com