UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)<br>ECF Case |

*This document relates to:*
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., Case No. 03 Civ. 9849*

<u>AFFIDAVIT OF SERVICE AND IN SUPPORT OF REQUEST FOR
ISSUANCE OF CLERK'S CERTIFICATE OF DEFAULT AGAINST SUDAN</u>

STATE OF SOUTH CAROLINA    :
                                                  : ss.
COUNTY OF CHARLESTON     :

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

      I, Robert T. Haefele, Esq., being duly sworn, hereby depose and say as follows:

      1.    I am an attorney at law duly admitted before this Court and the Courts of the State of New York, a member of the Plaintiffs' Executive Committees in this multidistrict litigation, and an attorney with the law firm Motley Rice LLC, counsel for the Plaintiffs in the above-referenced action. I am familiar with the facts and circumstances in this action.

      2.    Pursuant to Fed. R. Civ. P. 4, 12(a)(4)(A), 55(a), and Local Rule 55.1 of the U.S. District Court for the Southern District of New York ("SDNY"), I provide this Affidavit as proof of service and in support of an application by all of the plaintiffs in the above-referenced matter captioned as *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03 Civ. 9849, for entry of a certificate of default against Defendant, The Republic of Sudan ("Sudan").

      3.    As set out below, Plaintiffs' Summons, Complaint, Notice of Suit, and translations of each were initially filed and served upon Sudan (effective on December 9, 2004), pursuant to the Foreign Sovereign Immunities Act ("FSIA"), default was previously noted and

1

then vacated, and then filing and service of Plaintiffs' Consolidated Amended Complaint was thereafter effectuated upon Sudan on November 20, 2020, through Sudan's acceptance of service when it was filed on the Court's electronic filing system.

4. This action was commenced on August 15, 2002 by the filing of the Summons and Complaint in the U.S. District Court for the District of Columbia. *See* 02-CV-1616, Doc. No. 001 (D.D.C.). An Amended Complaint was filed on September 4, 2002. *See* 02-CV-1616, Doc. No. 003 (D.D.C.). The Third Amended Complaint was filed on November 22, 2002. *See* 02-CV-1616, Doc. No. 029 (D.D.C.). On December 9, 2003, the Judicial Panel on Multidistrict Litigation entered an order transferring the matter from the United States District Court for the District of Columbia to the United States District Court for the Southern District of New York. *See* ECF No. 1 (S.D.N.Y. Dec. 10, 2003).[1]

5. Following the transfer to this Court, the case was assigned Case Number 03 cv 9849 and was consolidated as part of *In re Terrorist Attacks on Sept. 11, 2001*, Case No. 03-md-1570 ("MDL 1570").

6. Plaintiffs are persons who were injured, the personal representatives of the estates of decedents who were murdered, and immediate family members (or the functional equivalent of immediate family members) of decedents who were murdered, all as a result of the terrorist attacks against the United States on September 11, 2001.

7. The defendant is The Republic of Sudan, and its agencies and instrumentalities, The Ministry of the Interior of The Republic of Sudan and The Ministry of Defense of The Republic of Sudan (collectively "Sudan").

---

[1] Except where otherwise stated, ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on Sept. 11, 2001*, Dkt. No. 03-md-1570 (GBD) (SN) ("MDL 1570").

8. As set out below, service on Sudan was effectuated pursuant to the requirements set forth in 28 U.S.C. § 1608.

9. Because Sudan had no special arrangement for service of process with the United States and was not a party to an applicable international convention on service of process, neither 28 U.S.C. § 1608(a)(1) nor 28 U.S.C. § 1608(a)(2) applied to service of process on Sudan.

10. On November 7, 2002, the *Burnett* Plaintiffs attempted service on Sudan in accordance with 28 U.S.C. § 1608(a)(3) by transmitting the Service Documents via DHL to the Minister of External Relations for The Republic of Sudan in Khartoum. The Service Documents were returned to counsel unserved in January 2003.

11. On April 2, 2004, after the matter was transferred to the Southern District of New York, Plaintiffs attempted service on Sudan in accordance with 28 U.S.C. § 1608(a)(4) by writing to the U.S. District Court's office in New York enclosing copies of the Service Documents, in the manner prescribed by § 1608(a)(4), and DHL waybills requesting that the Court forward the necessary materials to the U.S. Department of State for service of process on Sudan via diplomatic channels pursuant to § 1608(a)(4). *See* ECF Nos. 112, 113, 114.

12. On December 9, 2004, Defendant Sudan received service of a copy of the Summonses, Complaints, and Notices of suit, with the translations of each ("the Service Documents"), in the manner prescribed by 28 U.S.C. § 1608(a)(4).

13. Pursuant to 28 U.S.C. § 1608(c)(1), in cases where service was effectuated under § 1608(a)(4), service of process is deemed to have been made as of the date of transmittal indicated in the certified copy of the diplomatic note. Here, the diplomatic note was dated December 8, 2004 and delivered to Sudan on December 9, 2004. *See* ECF No. 2520, Exhibit A (filed Dec. 19, 2011), Proof of Service showing that, on January 12, 2005, William P.

Fritzlen, Attorney Advisor, Office of Policy Review and Interagency Liaison, U.S. Department of State, Washington, D.C., sent certified copies of the U.S. Embassy's diplomatic notes with the accompanying transmitted documents to Joseph LaMura, Chief Deputy Clerk, U.S. District Court for the Southern District Court of New York. According to Mr. Fritzlen, on December 9, 2004, the State Department (through the American Embassy in Khartoum, Sudan) delivered the Service Documents to Sudan (though Sudan's Ministry of Foreign Affairs), under cover of diplomatic notes Nos. CONS/12/08/2004/652, CONS/12/08/ 2004/653, and CONS/12/08/2004/654, dated December 8, 2004.

14. Despite receiving the letter from Mr. Fritzlen at the State Department on January 19, 2005, the Clerk's Office did not docket the letter and accompanying transmittal documents as proof of service.

15. On December 29, 2011, Plaintiffs filed proof of service and requested the Clerk of the Court enter a certificate of default against Defendant Sudan. ECF No. 2520.

16. On March 15, 2012, the Clerk of the Court entered a certificate of default against Defendant Sudan in *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03 Civ. 9849, noting that "[s]ervice was effectuated on the Sudan Defendants through diplomatic channels by the United States Department of State" and that "Proof of such service was transmitted to [the] Clerk's office, United States District Court, Southern District of New York and notation made on [March 25, 2005]." ECF No. 2575. The Clerk also certified that the docket entries indicated that Sudan had not filed an answer or otherwise responded to the documents Plaintiff had served on Sudan and noted the default of Sudan. *Id.*

17. On February 3, 2020, after not participating in the MDL proceedings for more than fifteen years since Sudan was originally served in the *Burnett* action, counsel for Sudan filed appearances in MDL 1570 and other cases consolidated within the MDL, but not in the

4

*Burnett* action. On August 5, 2020, counsel for Sudan again filed appearances in the MDL and in additional cases, including in *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03 Civ. 9849. *See* ECF Nos. 5820, 6371 (appearances of Christopher Mark Curran), 5821, 6372 (appearances of Nicole Erb), 5822, 6373 (appearances of Claire Angela DeLelle).

18. On August 5, 2020, counsel for Sudan acknowledged at a conference before the Court that, after Sudan's counsel had entered appearance, Sudan agreed to accept service of amended complaints served through the Court's electronic court filing system (ECF). Hearing Transcript at 33, 34, 46 (Aug. 5, 2020), pertinent pages attached hereto as Exhibit 1.

19. On November 20, 2020, with the Court's authorization (*see* ECF Nos. 6401, 6521), Plaintiffs in *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03 Civ. 9849, filed Plaintiffs' Consolidated Amended Complaint as to the Republic of the Sudan ("the CAC") and served it via notice filed on the Court's ECF. ECF No. 6539.

20. On January 8, 2021, without having filed an answer to Plaintiffs' complaints, Sudan filed a motion to quash Plaintiffs' default and dismiss all of Plaintiffs' claims against Sudan in *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03 Civ. 9849. ECF No. 6574.

21. On August 10, 2023, the Court denied Sudan's Motion to Dismiss. ECF No. 9278. In its August 10, 2023 decision, the Court also vacated the previously entered certificate of default against Sudan. *Id.* at 32.

22. On September 8, 2023, Sudan filed on the MDL docket a Notice of Appeal from the District Court's Memorandum Decision and Order in the consolidated multidistrict litigation. *See* ECF No. 9336; *see also* 2d Cir. Dkt. No. 23-1319, Doc. No. 1 (2d Cir. Sept. 11, 2023), Notice of Appeal attached hereto as Exhibit 2.

23. On December 8, 2023, Plaintiffs moved in the Second Circuit to dismiss Sudan's appeal. 2d Cir. Dkt. No. 23-1308, Doc. No. 57 (2d Cir. Dec. 8, 2023)

24. On September 3, 2024, the Second Circuit entered an order granting Plaintiffs' motion to dismiss Sudan's appeal and dismissing Sudan's appeal. 2d Cir. Dkt. No. 23-1308, Doc. No. 78 (2d Cir. Sept. 3, 2024) attached hereto as Exhibit 3.

25. On September 24, 2024, the Second Circuit issued a mandate in the form of an "Amended Judgment" which "ORDERED, ADJUDGED and DECREED" that Sudan's appeal was dismissed. ECF No. 10394; 2d Cir. Dkt. No. 23-1308, Doc. No. 86 (2d Cir. Sept. 24, 2024) attached hereto as Exhibit 4.

26. Rule 12 of the Federal Rules of Civil Procedure requires that, in a case (as in the case concerning the *Burnett* claims against Sudan) where a defendant has filed a motion to dismiss, "[u]nless the court sets a different time, . . . if the court denies the motion . . ., the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A).

27. Here, Plaintiffs' motion to dismiss Sudan's appeal was granted on September 3, 2024, and the Second Circuit "ORDERED, ADJUDGED and DECREED" that Sudan's appeal was dismissed on September 24, 2024.

28. More than 14 days have now elapsed since Second Circuit dismissed Sudan's appeal and issued its mandate.

29. As of the date of the filing of this affidavit, Sudan has not answered Plaintiffs Consolidated Amended Complaint or any other summons, complaint, or notice served on it in the *Burnett* action.

30. Review of the affirmations herein and the docket entries in MDL 1570 and in the *Burnett* action demonstrate that (1) Sudan (the party against whom certification of default is

6

sought) is not an infant, in the military, or an incompetent person," (2) Sudan has "failed to plead or otherwise defend the action," and "the pleading to which no response has been made was properly served." Local Civ. R. 55.1

31. Plaintiffs have applied for entry of default under Rule 55(a) and a proposed Clerk's Certificate of Default is being filed with this Affidavit, as required under Local Rule 55.1. Local Civ. R. 55.1(a).

32. Accordingly, under Rule 55(a) of the Federal Rules of Civil Procedure, "the clerk must enter [Sudan's] default." Fed. R. Civ. P. 55(a).

WHEREFORE, the Plaintiffs respectfully request that the default of Sudan be noted and a Clerk's Certificate of Default be issued.

Dated: November 4, 2024
Mount Pleasant, South Carolina

_____
ROBERT T. HAEFELE
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 20464
843-216-9184

Sworn to before me this 4th
day of November 2024

_____
Notary Public

My Commission expires August 3, 2033