# EXHIBIT 1

K85AAINRC                       Conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE: TERRORIST ATTACK ON
SEPTEMBER 11, 2001,

                                    03 MD 1570 (SJN)

------------------------------x
                                       New York, N.Y.
                                       August 5, 2020
                                       3:00 p.m.

Before:

            HON. SARAH J. NETBURN,

                                   Magistrate Judge

                    APPEARANCES

APPEARANCES GIVEN ON THE RECORD

1  who is speaking?
2            UNIDENTIFIED MALE:  Judge, I'm probably not speaking.
3  Sorry for the delay.
4            MS. FLOWERS:  Your Honor, this is Joan E. flowers.
5  Good afternoon.  I may also speak but only if necessary.
6            THE COURT:  Great.  Thank you very much.
7            MR. FLEMMING:  Your Honor, this is Timothy Flemming
8  from Wiggins & Childs, and I would speak on behalf of the Maher
9  group of proposed plaintiffs.  We filed papers just this week
10 should your Honor want to reach the any discussion about these
11 papers.
12           THE COURT:  Thank you.
13           And obviously any other lawyer who hasn't made an
14 appearance who ends up speaking can obviously state your
15 appearance at that time.  Anybody else from the plaintiff's
16 side who anticipates speaking at this conference?
17           OK.  On behalf of the Republic of Sudan, who going to
18 be the primary speaker?
19           MS. ERB:  Hi, your Honor.  This is Nicole Erb, from
20 White & Case.  I am joined by my colleagues Nicolle Kownacki
21 and Matthew Leddicotte and they will be the primary speakers
22 today.
23           THE COURT:  OK.  Thank you.
24           I hope everybody on this call is healthy and safe.  In
25 light of the COVID-19 pandemic we're conducting this proceeding

1   just accept service?  Why isn't just filing an amended
2   complaint service on your client.
3           MR. LEDDICOTTE:  Thank you, your Honor.  Yes, I think
4   we actually get to both points.  Filing appearance would mean
5   that we are an appearing defendant and that means that the
6   amended complaint would be active at the time of filing and
7   would vitiate the original complaints at that time and be the
8   active complaint.
9           If for some reason we were not an appearing defendant,
10  which is not position we're taking.  We have said we will all
11  appear and we will appear.  Then even at that point Sudan is
12  willing consistent with the (inaudible) Service Rule to accept
13  service through the ECF filing mechanisms of the amended
14  complaint.  So, service is not an issue.  So, it would
15  simultaneously at either time now.
16          Appearing has always been our intention.  We are
17  appeared for O'Neil because that was a motion we were filing.
18  Days later the plaintiff's executive counsel reached out to us
19  and we were working with them to come up with a consolidated
20  method of handling this complaint.  So, the concept that they
21  have suggested that we are somehow trying not to appear
22  selectively in different cases in this MDL, that's not the
23  case.  Yes, there is an appearance in O'Neil because that was
24  the first motion filed.  We've engaged with them regarding what
25  should happen in the other sub-cases within this MDL and our

1    intention is to litigate those.

2            So, under Vesco at the time of filing or service,
3    again, they're coterminous here because we are appearing and
4    we're willing to accept service through ECF of an amended
5    complaint if your Honor permits the plaintiffs to do that, that
6    is when that amended complaint goes active.  And several courts
7    have found as the Yadgarov decision says, citing several cases
8    both at page 21 in that decision and Footnote 12 from across
9    the federal courts, several courts have found that once the
10   original complaint is superseded the clerk's entry of default
11   on the prior pleading is muted.

12           So, filing amended complaint will mute the entry of
13   default.  Filing amended complaint, if your Honor permits it,
14   will mute the entries of default on the previous complaints,
15   the consolidated master complaint from 2003 in Ashton.  I
16   believe it is the first amended Federal Insurance complaint and
17   I believe it is the third amended Burnette complaint.

18           THE COURT:  Let me ask you a question.  Obviously,
19   I'll ask the same question of the plaintiff.  If it sounds like
20   service is no longer an issue thankfully and we can take that
21   off the table, why is it the best way to proceed the following?
22   I order you and you comply and file an appearance in every
23   case.  The plaintiffs file whatever amended consolidated
24   complaint we all agree they are going to file.  You can then
25   file your motion to dismiss those complaints.  And in

1   plaintiff's position is that there are other reasons why the
2   statute of limitations that the Sudan is arguing applies
3   doesn't apply and we would use that in defense.  So, it seems
4   that it's putting the cart before the horse if you were to
5   apply it now.
6           THE COURT:  Understood.
7           On the issue of whether there should be one Ashton
8   complaint and one consolidated amended complaint again, I've
9   spent a significant amount of time thinking about this in
10  connection with the Saudi Arabia claims.  I appreciate the
11  arguments that defense counsel made as why this posture is
12  different than that posture but I think the reasons why I
13  allowed it in the first place remain same.  And again, I have
14  been living with the claims against Saudi Arabia and in my
15  experience it has not been unduly burdensome for defendants to
16  manage two separate complaints.  So, I am going to authorize
17  two complaints albeit, consolidated amended complaints.  There
18  will be the Ashton complaint.  And the parties should propose
19  procedures for other parties to join in a short form complaint.
20  Those complaints as we've done in the claims against -- Saudi
21  Arabia and the Iran.  So, those will the two complaints.  I am
22  going to authorize the filing of the amended complaints and
23  direct that the defendants file a consolidated motion to
24  dismiss those complaints.  It'll be one motion to dismiss both
25  complaints and the motion should also address the issue of

1   whether or not the amended complaint by their filing vitiates
2   the defaults that have been entered in the complaint, in the
3   cases and any arguments that the Sudan has as to those
4   defaults.  Then there'll be a single consolidated opposition to
5   the motion to dismiss and if an appropriate opposition to the
6   issue of whether the default remain valid and whether or not
7   the Court should not just move to the next phase under the
8   default protocol of the statutes or whether or not the defaults
9   have in fact been vitiated by the filing of the amended
10  complaint and then there'll be a reply brief filed by the
11  Sudan.
12            I'm also going to direct that by next Friday,
13  August 14, that counsel for the defendants file a notice of
14  appearance in all of the relevant cases and that then will
15  handle the issue of service so the amended complaints will be
16  served on counsel.
17            What I would like to do is to give the parties an
18  opportunity to meet and confer on dates and get back to me on a
19  proposal for dates.  So, we need dates after filing of the
20  amended complaint and then a briefing schedule on the motions.
21  In addition, we need a proposed order which I think can mirror
22  the orders that exist in the other cases for the other
23  defendants for the short form complaint process.  So, I'll also
24  direct that the parties meet and confer on that issue and
25  submit something to me for my consideration.