UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
              :
IN RE:        :                              ORDER
              :
TERRORIST ATTACKS ON    :                    03 MDL 1570 (GBD) (SN)
SEPTEMBER 11, 2001      :
              :
              :
------------------------------------x

This document relates to:

*Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03 Civ. 9849

## ORDER DENYING SUDAN'S MOTION
## TO SET ASIDE CERTIFICATE OF DEFAULT

GEORGE B. DANIELS, United States District Judge:

Defendant the Republic of Sudan ("Sudan") moves to set aside the Clerk's Certificate of Default (ECF No. 10506[1]) entered in this action. (ECF No. 10514.) Upon consideration of the arguments set forth in Sudan's Memorandum of Law in support of its motion (("Sudan's Brief"), ECF No. 10515) and parties' letter submissions (ECF No.s 10493, 10511, 10523, 10532, and 10542), and in light of the Second Circuit's September 24, 2024 mandate and dismissal of Sudan's appeal (ECF No. 10396) of this Court's order granting in part and denying in part Sudan's motion to dismiss (ECF No. 9278), it is hereby

**ORDERED** that Sudan's motion to set aside the Clerk's Certificate of Default is denied.[2]

---

[1] Unless otherwise stated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN).

[2] Fed.R.Civ.P. 55(a) requires the Clerk of Court to enter a party's default where the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]"

This Court "may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). The principal factors a court must consider when evaluating whether a defendant has shown good cause are: "(i) the willfulness of the defaulting party, (ii) prejudice to the non-movant, and (iii) whether the defaulting party has a meritorious defense." *United States v. Starling*, 76 F.4th 92, 102 (2d Cir. 2023). Sudan failed to show good cause.

Sudan's attorneys have indicated that they "have been having difficulty engaging with appropriate Sudanese government representatives[.]" ( Sudan's Brief at 1, ECF No. 10515). Sudan has also not responded to the remaining counts of the operative complaint; and it is further

**ORDERED** that Sudan's counsel submit, within 14 days of this order, written authorization from appropriate Sudanese authorities indicating Sudan's intention to defend itself in this action; and it is

**ORDERED** that Sudan file either an Answer to the remaining claims of the Complaint for which this Court denied Sudan's motion to dismiss, or other responsive pleading, within 14 days of this order.

The Clerk of Court is directed to close the motions at ECF No. 10514 in 03-md-1570 and ECF No. 1192 in 03-cv-9849.

Dated: November 20, 2024
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge