UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD)(FM) |

This document relates to:

*Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-9849 (GBD)(SN)

### **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND**

Plaintiffs herein move to amend the caption of their Complaint to incorporate the dual capacities of individual plaintiffs who were previously listed as suing under a single capacity. The list of these individual plaintiffs and the new capacities in which they are seeking to proceed is included as Exhibit A to Plaintiffs' Notice of Motion. These individual plaintiffs are also pursuing claims in their names as the representatives of estates either of the decedent who was killed on September 11, 2001, or on behalf of a deceased relation of a 9/11 decedent. Plaintiffs now seek to amend the caption to correct the designations assigned to the nominal parties of this action.

**REAL PARTY IN INTEREST**

Rule 17 of the Federal Rules of Civil Procedure provides that "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). It further provides an executor or administrator may sue in his or her own name "without joining the person for whose benefit the action is brought[.]" *Id*. Rule 17(b) provides that the capacity of an individual to sue should be determined by the law of the state where the court is located. *Jordan v. Metro-North Commuter R.R. Co.*, No. 3:13-cv-749 (JBA), 2015 U.S. Dist. LEXIS 129723, at *6 (D. Conn. Sep. 28, 2015); Fed. R. Civ. P. 17(b). Rule 17(b)(3) provides that New York law governs the subject estate's

capacity to sue or be sued. *Architectural Body Research Found. v. Reversible Destiny Found., Inc.*, 335 F. Supp. 3d 621, 634 (S.D.N.Y. 2018); Fed. R. Civ. P. 17(b)(3). Thus, Plaintiffs commenced a legal action in their own names on behalf of the estates of the deceased; however, Plaintiffs were incorrectly identified as suing in their individual capacities when they should have been identified as also bringing claims on behalf of the decedents' estates. A decedent's estate is not a legal entity and, as such, may not properly sue or be sued; only the estate's representative has the capacity to act on behalf of the estate. *Id.* Rule 17 requires any action be brought by the person who, according to governing substantive law, is entitled to enforce the right. *Baker v. David A. Dorfman, P.L.L.C.*, 99 CIV. 9385 (DLC), 2000 U.S. Dist. LEXIS 12157, at *13-14 (S.D.N.Y. Aug. 21, 2000); Fed. R. Civ. P. 17.

Here, the real parties in interest, the individuals ultimately responsible for bringing suit on behalf of the decedents' estates, are already named plaintiffs in this action. Inserting Plaintiffs' appointments as personal representatives prevents any ultimate confusion, promotes judicial economy, and does not fundamentally change any fact, claim, or party in this matter. It would merely clarify Plaintiffs' roles as real parties in interest as representatives of the estates.

**AMENDMENT OF PLEADINGS**

Rule 15 provides that, for amendments made before trial but outside the provisions of 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. Leave to amend should be freely given in absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230

(1962); *see also Morris v. Fordham Univ.*, 2004 U.S. Dist. LEXIS 7310, at *20 (S.D.N.Y. Apr. 27, 2004) (citing *Poloron Prods. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556, 560 (S.D.N.Y. 1976)). Ultimately, whether to allow amendment to a Complaint is a matter within this Court's discretion and should be determined so as "to secure the just, speedy, and inexpensive determination of every action." *Sobel v. Yeshiva Univ.*, 477 F. Supp. 1161, 1169 (S.D.N.Y. 1979) (citing *Forman* at 182).

Here, Plaintiffs seek solely to include the multiple capacities under which individual plaintiffs—whose claims are already being pursued in this case—are proceeding. There is no dilatory motive and this request will not create any undue prejudice—especially as to a Defendant in this action that has failed to appear.

The instant case is factually similar to *Espinoza v. Eli Lilly & Co.*, 116 F. Supp. 2d 546 (D. Vt. 2000). In that case, the plaintiffs, mother and father of a decedent, sued for damages related to the death of decedent, including wrongful death, in their individual capacity. *Espinoza*, 116 F. Supp. 2d at 548. The operative wrongful death statute at issue there, as here, required an action for wrongful death to be brought in the name of the personal representative of the deceased. *Id*. at 549. The Espinoza plaintiffs filed a motion to amend the complaint to include the father in his capacity as the personal representative of the estate and, to avoid dismissal based upon the statute of limitations, to allow relation back to the date of the original filing. *Id*. The *Espinoza* Court noted:

> The Second Circuit has held that "the substitution of [plaintiffs] after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based. The courts have freely upheld the filing of an amended complaint under these circumstances."

*Id.* (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997)).

Furthermore, the court determined that a delay in amending a complaint to state plaintiff's capacity, without any resulting prejudice to the defendant or obvious procrastination to harass the defendant, should not serve as the reason to deny leave to amend after the expiry of the statute of limitations. *Espinoza* at 550.

> Rules 15 and 17(a) have historically contemplated the proposed change of plaintiffs:
>
> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. *Also relevant is . . . Rule 17(a)* (real party in interest). *To avoid forfeitures of just claims*, . . . *Rule 17(a) . . . provides that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect* ....

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997) (citing Fed. R. Civ. P. 15 Advisory Committee Notes (1966)) (emphasis added).

Since the initial filing of the instant Complaint, Defendants have been on notice of Plaintiffs' wrongful death and survival claims. Prejudice is absent where defendants have not moved to dismiss for failure to state a claim or on the grounds that Plaintiffs lack capacity to sue. Where statute promulgates that Plaintiffs' wrongful death and survival actions must be brought by the personal representatives of the decedents' estates, zero prejudice will result from the amendment of the Complaint in this matter to include Plaintiffs' proper and formal capacities.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' leave to amend the Complaint pursuant to Rules 15 and 17, to include their capacities as personal representatives bringing claims on behalf of decedents' estates as set forth in Exhibit A to Plaintiffs' Notice of Motion.

Dated:   September 4, 2025               Respectfully submitted,

                                                           s/*John C. Duane*
John C. Duane, Esq. (SC No. 15930)
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Telephone:  (843) 216-9000
Email: jduane@motleyrice.com

*Attorney for the Burnett Plaintiffs*