UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN)

*BURNETT* **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR ENTRY OF DEFAULT JUDGMENTS FOR FAMILY-
MEMBER SOLATIUM CLAIMS UNDER 18 U.S.C. § 2333 AGAINST THE TALIBAN**

For the reasons stated herein and as set forth in the accompanying Declaration of John C. Duane (hereinafter "Duane Decl."), the *Burnett* Moving Plaintiffs herein seek an Order entering judgment against The Taliban under 18 U.S.C. § 2333 (the "ATA") for solatium damages on behalf of immediate family members of 9/11 decedents within this MDL as set forth in Exhibit A. The *Burnett* Moving Plaintiffs identified on Exhibit A also seek prejudgment interest in the amount of 4.96%, compounded annually, from September 11, 2001 through the date of entry of the judgment for these Plaintiffs and leave to file for such other and further relief may be appropriate at a later date including, but not limited to, punitive damages.

On April 7, 2006, this Court entered default judgment as to liability against The Taliban (and 132 other defaulting defendants) in the case captioned *Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN). ECF No. 1756. That April 7, 2006 default judgment was entered in favor of 5,612 real parties in interest in the *Burnett* action at the time. On September 1, 2022, the Court granted Plaintiffs' motion to make explicit those plaintiffs whose claims were encompassed within the ambit of these real parties in interest and determined that these claims "relate[] back to when each of the individuals originally named in the pleading were added to this action." *See* ECF No. 8487. On November 1, 2022, the Court granted Plaintiffs' Motion to Add

Parties Against the Taliban that added 529 claims within the *Burnett* action and stated "[p]rior rulings, orders, and judgments entered in this case remain in effect as to all parties." *See* ECF No. 8696 at 2. On January 12, 2024, the Court granted Plaintiffs' Motion to Add Parties Against the Taliban that added four claims within the *Burnett* action again providing that these plaintiffs were subject to all prior rulings, orders, and judgments in the case. *See* ECF No. 9532.

Since that time, the Court has granted several additional motions filed by Plaintiffs to add parties against the Taliban to add claims within the *Burnett* action in which Plaintiffs sought the same application of prior rulings. *See, e.g.,* ECF Nos. 9559, 9629, and more recently, ECF No. 10959. All plaintiffs in this case added since the entry of the default judgment have been subject to all prior orders of the Court including this default judgment as to liability against The Taliban. It is on behalf of the plaintiffs listed in Exhibit A along with the distinct claims clarified or added as set forth above that this motion pertains.

This motion seeks to extend judgments entered within this MDL on behalf of certain immediate family members of 9/11 decedents against the Islamic Republic of Iran and/or certain of its agencies and instrumentalities to Plaintiffs' claims against Defendant The Taliban. Furthermore, certain Plaintiffs in Exhibit A seek to extend the rationale of those judgments and the underlying values entered to claims of Plaintiffs who have not yet obtained such judgments against the Islamic Republic of Iran. The *Burnett* Moving Plaintiffs seek this relief pursuant to the civil damages provision of the Anti-Terrorism Act, 18 U.S.C. § 2333(a).

## ARGUMENT

**I.    Claims against The Taliban under the Anti-Terrorism Act should be awarded damages in this case commensurate with those awarded under 28 U.S.C. § 1605A(c) against the Islamic Republic of Iran.**

As an initial point, many of the *Burnett* Moving Plaintiffs seeking damages here obtained damages judgments in collateral litigation against the Islamic Republic of Iran and certain of its

2

agencies and instrumentalities for Iran's role in providing support to Al Qaeda in the years leading up to the terrorist attacks on September 11, 2001. Whereas the damages judgments obtained against Iran arose pursuant to 28 U.S.C. § 1605A(c), which provides a private right of action against a designated state sponsor of terrorism, Plaintiffs' claims against The Taliban arise under a number of different statutory schemes including under the ATA and the common law. The ATA provides that "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees." 18 U.S.C. § 2333(a).

The breadth of damages available under the ATA is similar to those available—and applied by this Court in judgments against Iran—under 28 U.S.C. § 1605A(c). "[T]he ATA incorporates 'general principles of tort law.' … The basic presumption is that Congress creates federal torts against the background of general tort law…." *See Linde v. Arab Bank, PLC*, 97 F. Supp.3d 287, 336 (E.D.N.Y. 2015). The ATA provides "private parties the right to pursue common tort claims against terrorist organizations and those that provide material support or financing to terrorist organizations." *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 50 (E.D.N.Y. 2007). In fact, when the ATA was initially enacted in 1991, Senator Grassley stated that the ATA "removes the jurisdictional hurdles in the courts confronting *victims* and it empowers *victims* with all the weapons available in civil litigation …. The [ATA] accords *victims* of terrorism the remedies of American tort law." *Litle v. Arab Bank, PLC*, 611 F. Supp.2d 233, 245 (E.D.N.Y. 2009), *quoting* 137 Cong. Rec. S4511 (Apr. 16, 1991). This language "suggests that Congress intended that the full range of damages should be available to persons entitled to bring actions pursuant to §2333(a)." *Estates of Ungar v. Palestinian Authority*, 304 F. Supp.2d 232, 265 (D.R.I. 2004).

The ATA also provides for the award of solatium damages. Courts addressing claims under the ATA have almost uniformly allowed "solatium damages in suits brought under the ATA regardless of the availability of such damages under the general tort law of the state in which the district court sits" as such damages evince the deterrent intent of the ATA as a mechanism in the fight against terrorism. *See Rosenberg v. Lashkar-e-Taiba*, 2016 U.S. Dist. LEXIS 87724, at *75-*76 (E.D.N.Y. July 5, 2016); *see also Lelchook v. Commerzbank AG*, 2011 U.S. Dist. LEXIS 106305, at *6-*7 (S.D.N.Y. Aug. 1, 2011) ("permitting Plaintiffs to pursue claims for solatium damages is consistent with both the purpose of the ATA, and Congress' intention to incorporate traditional tort-law principles into the statute"); *Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 495 F. Supp. 3d 144, 152-53 (E.D.N.Y. 2020). "Family members do not need to be present for the terrorist attacks to recover under the ATA, because 'a terrorist attack is precisely the sort of situation in which presence at the time is not required in light of the severity of the act and the obvious range of potential grief and distress that directly results from such a heinous act.'" *Miller v. Arab Bank, PLC*, 372 F. Supp. 3d 33, 41 (E.D.N.Y. 2019). In short, courts addressing the viability of solatium claims under the ATA have adopted an almost-uniform view that solatium damages are available under the ATA in the same manner that they are available under the private right of action under 28 U.S.C. § 1605A(c) of the Foreign Sovereign Immunities Act.

Furthermore, where the decedent was a United States citizen, but an immediate family member is not a United States citizen, that non-national continues to have standing to pursue solatium claims under the ATA. *See Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 495 F. Supp. 3d 144, l52-53 (E.D.N.Y. 2020) (finding that if the victim of the attack is a U.S. citizen, then the surviving heirs or family members need not be U.S. citizens; to hold otherwise "would undermine the ATA's broad remedial purpose 'to grant a remedy to U.S. nationals and their

families who suffered from injury to an individual or property as a result of international terrorism'"); *Weinstock v. Marzook*, 2019 U.S. Dist. LEXIS 56937, at *10 (S.D. Fla. Apr. 2, 2019); *Weiss v. Nat'l Westminster Bank PLC*, 453 F. Supp. 2d 609, 620 (E.D.N.Y. 2006). In the corollary to this example where the 9/11 decedent was a non-national, but the immediate family member was a United States national on September 11, 2001, courts have held that this immediate family member's claim arises under the ATA as well even if the decedent's estate claim could not. *See, e.g., Stansell v. FARC*, Case No. 16-MC-00405 (LGS)(SN), 2022 U.S. Dist. LEXIS 59138, at *51 (S.D.N.Y. Mar. 29, 2022); *Linde v. Arab Bank, PLC*, 384 F. Supp. 2d 571, 589-90 (E.D.N.Y. 2005). Therefore, the *Burnett* Moving Plaintiffs' determinations regarding the applicability of the ATA to specific claims grounds itself in this caselaw.

> **A. The Court should extend to The Taliban previous default judgments entered for specific family-member Plaintiffs against the Iran Defendants.**

As noted on Exhibit A, certain Plaintiffs moving for default judgments herein are the immediate family members of 9/11 decedents for whom a judgment for solatium damages has previously been entered by this Court against the Islamic Republic of Iran under 28 U.S.C. § 1605A. These Plaintiffs, as identified on Exhibit A, have obtained a damages default judgment against the Iran Defendants in the values set forth in Exhibit A. Through a series of orders issued in *Burnett, et al. v. Islamic Republic of Iran, et al.*, 15-cv-9903 (GBD)(SN), beginning on July 31, 2017, the Court has entered final default judgments against the Iran Defendants in favor of the plaintiffs identified in Exhibit A. *See, e.g.*, ECF Nos. 3666, 3984 (corrected 4023), 4126, 4146, 4175, 4712, 5061 (corrected 5062 and 6202), 5087 (corrected 6203 and 6205), 5092, 5138, 5151, 5356, 5854, 5946, 5948, 5955, 5957, 5975, 5979, 6034, 6035, 6037, 6038, 6039, 6042, 6044, 7188, 7287, 7494, 8233, 8283, and 8293). Exhibit A sets forth those immediate family members of 9/11

decedents for whom a prior judgment has been entered by this Court, with the value of the damages awarded.

The April 7, 2006 liability default judgment in *Burnett* was not reduced previously to a final judgment because individual damages assessments of the Plaintiffs' claims had not been conducted, and other appearing (non-defaulting) defendants in the active MDL thereafter opposed the process. In 2007, certain other plaintiffs in this MDL with similar Taliban judgments sought monetary awards in relation to their judgments against The Taliban, but procedural objections by appearing (non-defaulting) defendants at that time frustrated the process of reducing the default judgments as to liability to final damage judgments. *See, e.g.*, ECF No. 688 (Federal Insurance Docket) and undocketed March 2, 2007 letter from the Defendants' Executive Committee to Judge Casey. As a result, the 2007 motion was not addressed with regard to The Taliban until April 6, 2022. *See* ECF No. 7833.

This Court ruled, in 2011 and 2012, that default judgments against one defendant in favor of 9/11 plaintiffs are properly extended to other defendants as to whom the plaintiffs have liability judgments also for the September 11, 2001 attacks. *See, e.g.*, ECF No. 2582 (extending Federal Insurance's damage assessment against Al Qaeda at ECF No. 2502 to Hezbollah); ECF No. 2623 (extending *Havlish* damage assessment against Iran to defaulting Non-Sovereign Defendants). The Court has now also entered a default judgment on similar grounds on behalf of the *Federal Insurance* plaintiffs against The Taliban. *See* ECF No. 7833.

Consistent with the Court's practice, each of the *Burnett* Moving Plaintiffs on Exhibit A who have secured monetary damage awards in the way of judgments against the Iran Defendant requests that the Court extend their existing default damages assessments to The Taliban and enter final judgment against The Taliban in the values set forth in Exhibit A. This Court has already

considered the legal arguments and evidence presented in the case against the Iran Defendants and issued monetary judgments against the Iran Defendants based on that evidence. The extension of that ruling to The Taliban, and entry of a final judgment pursuant to Rule 54(b) as to The Taliban, is both appropriate and the most efficient means of safeguarding the rights of these Plaintiffs. Indeed, there can be no question The Taliban sponsored Osama bin Laden and was behind the September 11, 2001 attacks.[1]

### B. The Court should apply the judgment values awarded against Iran to the remaining *Burnett* Moving Plaintiffs on Exhibit A who have standing against The Taliban under the ATA but do not have prior judgments entered against Iran.

As noted above, some of the *Burnett* Moving Plaintiffs included on Exhibit A have not received prior default judgment solatium damages awards against the Iran Defendants or any other Defendant in this MDL. But these Plaintiffs submit that the determination of their solatium damages has already been made through the Court's prior adoption of specific solatium values based upon the familial relationship of the plaintiff: $12,500,000 for the spouse of a 9/11 Decedent; $8,500,000 for the child of a 9/11 Decedent; $8,500,000 for the parent of a 9/11 Decedent; and $4,250,000 for the sibling of a 9/11 Decedent.[2] Where applicable, the solatium judgment values set forth in Exhibit A correspond to the values previously adopted by this Court. The rights of this group of *Burnett* Moving Plaintiffs, as identified on Exhibit A, will be prejudiced if judgments are not entered for them at this time given the large volume of judgments sought for default damages for plaintiffs throughout this MDL.

---

[1] U.S. National Commission on Terrorist Attacks upon the United States. *9/11 Commission Report: The Official Report of the 9/11 Commission and Related Publications.* by Thomas H. Kean and Lee Hamilton,  pp. 66-67, 125-126, 157, 170-171, 176,
[2] *See* July 30, 2012 Report and Recommendation of Magistrate Judge Frank Maas (ECF No. 2618) (adopted by District Judge George B. Daniels on October 3, 2012 (ECF No. 2623))..

7

### C. The *Burnett* Moving Plaintiffs' ATA claims against The Taliban mandate treble damages.

The *Burnett* Moving Plaintiffs assert their claims against The Taliban under the ATA that provides they "*shall* recover threefold the damages" awarded. *See* 18 U.S.C. § 2333(a) (emphasis added). The trebling of the damages award in these circumstances is mandated by the use of the world "shall". *See United States v. Kahn,* 5 F.4th 167, 174 (2d Cir. 2021) (holding "[t]he word 'shall,' in a statute, indicates a command; what follows the word 'shall' is 'mandatory, not precatory'"). Therefore, the *Burnett* Moving Plaintiffs appearing on Exhibit A submit that each of the values awarded for compensatory damages should be trebled to accord with the mandatory trebling language in the ATA. A separate column is included on Exhibit A regarding this trebling of the damages values.

### D. The Court should also award prejudgment interest for claims under the ATA.

On the issue of prejudgment interest, this Court previously ruled that the rate of prejudgment interest of 4.96 percent interest per annum compounded annually was appropriate. ECF No. 3383 at 2, *adopting* ECF No. 3358 at 16-20 (discussing the availability of prejudgment interest under federal and New York common law and determining, in the Court's discretion a prejudgment interest rate of 4.96%). Accordingly, the *Burnett* Moving Plaintiffs appearing on Exhibit A ask that this Court direct that prejudgment interest of 4.96 percent, compounded annually, be awarded on their awards running from September 11, 2001 to the date of judgment against The Taliban.

### II. Plaintiffs seek to reserve their rights to seek punitive damages or other damages at a later time to the extent appropriate

As has been the practice in the Court in addressing many of the motions for default judgments, the *Burnett* Moving Plaintiffs herein seek the Court's permission to apply for punitive damages or other damages later, consistent with any applicable future rulings and to supplement

the record as part of applications for those damages. While the *Burnett* Moving Plaintiffs assert their entitlement to punitive damages, in light of prior differing decisions on the proper punitive multiplier (compare, e.g., ECF 3175 at 3 with ECF 3384 at 6), Plaintiffs request permission to reserve the issue of punitive damages until a later date, as this Court has previously authorized. *See* ECF No. 3666.

### III.    Proposed Order

For the Court's convenience and consideration, a proposed form of Order is being filed contemporaneously with this motion. The proposed Order tracks the language of the Court's 2006 Order, including judgment against The Taliban, and the Court's July 31, 2017 Order directing entry of final judgment against the Iran Defendants.

### CONCLUSION

For the foregoing reasons, the *Burnett* Moving Plaintiffs submit that a judgment awarding default damages judgments under the ATA for the Plaintiffs identified on Exhibit A be entered against Defendant The Taliban in the values set forth in those exhibits. Plaintiffs further submit that these judgments under the ATA be trebled under 18 U.S.C. § 2333(a) and that prejudgment interest be applied to each judgment in the amount of 4.96%, compounded annually, from September 11, 2001 through the date of the entry of this judgment.

Plaintiffs further ask that the Court permit future motions that may address punitive damages and such other and further relief as is permissible under the ATA. Finally, as set forth in the Court's July 11, 2022 Order, any default judgment granted in this case against The Taliban is binding solely on the determination of damages against The Taliban and not against any of the other Defendants in this action.

Dated: September 23, 2025

Respectfully submitted,

MOTLEY RICE LLC

*/s/ John C. Duane*
John C. Duane, Esq.
Donald A. Migliori, Esq.
Jodi Westbrook Flowers, Esq.
John M. Eubanks, Esq.
Robert T. Haefele, Esq.
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel: (843) 216-9000
Fax: (843) 216-9450
Email: jduane@motleyrice.com