UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN)

### *BURNETT* PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ENTRY OF DEFAULT JUDGMENTS FOR DEATH CLAIMS UNDER 18 U.S.C. § 2333 AGAINST THE TALIBAN

For the reasons stated herein and as set forth in the accompanying Declaration of John C. Duane (hereinafter "Duane Decl."), the *Burnett* Moving Plaintiffs herein seek an Order entering judgment against The Taliban under 18 U.S.C. § 2333 (the "ATA") on behalf of the Personal Representatives of the estates of those 9/11 decedents who were United States citizens on September 11, 2001, as set forth in Exhibits A and B.

The *Burnett* Moving Plaintiffs included in Exhibit A seek conscious pain and suffering damages against the Taliban. All but one of the Plaintiffs listed in Exhibit A have previously obtained a judgment entered by this Court for conscious pain-and-suffering damages for 9/11 decedents within this MDL against *inter alia* the Islamic Republic of Iran and seek the same damages awards against the Taliban[1]. Further, the Plaintiffs included in Exhibit B are the personal representatives of estates of individuals who were killed in the terrorist attacks on September 11, 2001, and who are now seeking economic loss damages under the ATA against the Taliban in the amounts identified in Exhibit B for each estate. As noted in Exhibit B, some of these Plaintiffs

---

[1] As noted in Exhibit A, Plaintiff Jungmi Suh Lee as the Personal Representative of Dong Chul Lee has not previously obtained a judgment for conscious pain and suffering against the Iran Defendants or any other Defendant in this MDL and now seeks to spread this Court's prior orders and judgments regarding the appropriate value of conscious pain and suffering awards for 9/11 decedents to his case.

included in Exhibit B have previously received an economic loss judgment entered by this Court within this MDL against *inter alia* the Islamic Republic of Iran and seek the same damages awards against the Taliban. For those Plaintiffs included in Exhibit B in which this Court has not previously awarded economic loss damages against any Defendant in this MDL (as noted in Exhibit B), these Plaintiffs have included an economic loss expert report for the Court's review as attached at Exhibit C.

All of the *Burnett* Moving Plaintiffs herein included on Exhibits A and B are those personal representatives of the estates of individuals killed on September 11, 2001 in the terrorist attacks for whom counsel has determined were—either based on documentation obtained or based on other evidence available to them—American citizens at the time of their deaths.

These *Burnett* Moving Plaintiffs further seek prejudgment interest in the amount of 4.96%, compounded annually as noted in Exhibits A and B, and in compliance with the format detailed in Magistrate Judge Netburn's recent Orders regarding revised default judgment worksheets. *See* ECF Nos. 11036 and 11105 (noting the required content and format to be used with all future default judgment motions). Further, these Plaintiffs seek trebled damages as permitted by the ATA, as well as leave to file for such other and further relief that may be appropriate at a later date including, but not limited to, punitive damages.

On April 7, 2006, this Court entered default judgment as to liability against The Taliban (and 132 other defaulting defendants) in the case captioned *Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN). ECF No. 1756. That April 7, 2006 default judgment was entered in favor of 5,612 real parties in interest[2] in the *Burnett* action at the time. On

---

[2] The plaintiffs included 5,513 named plaintiffs (many of whom were pursuing claims in multiple capacities—i.e., individually, and as personal representative of the estate of the 9/11 decedent or as next of kin of minor children of the 9/11 decedent) and 99 plaintiffs who were, at the time, proceeding pseudonymously (many of whom were also

September 1, 2022, the Court granted Plaintiffs' motion to make explicit those plaintiffs whose claims were encompassed within the ambit of these real parties in interest and determined that these claims "relate[] back to when each of the individuals originally named in the pleading were added to this action." *See* ECF No. 8487. Since that time, the Court has granted several of Plaintiffs' motions to add parties against the Taliban within the *Burnett* action and stated "[p]rior rulings, orders, and judgments entered in this case remain in effect as to all parties." *See* ECF No. 8696 at 2; *also see* ECF Nos. 9532, 9559, 9637, and 10959. It is on behalf of the *Burnett* Moving Plaintiffs included in the above group who were United States nationals that perished on 9/11 that this motion pertains.

This motion seeks to extend judgments entered within this MDL on behalf of certain Personal Representatives of 9/11-decedent estates (as identified in Exhibits A and B) against the Islamic Republic of Iran and/or certain of its agencies and instrumentalities to Plaintiffs' claims against Defendant The Taliban. Furthermore, as reflected in Exhibit B, certain Plaintiffs also seek an economic loss damages judgment against the Taliban. Lastly, Plaintiff Jungmi Suh Lee as the Personal Representative of Dong Chul Lee, who has not previously obtained a judgment for conscious pain and suffering against the Iran Defendants or any other Defendant in this MDL, now seeks to spread this Court's prior orders and judgments regarding the appropriate value of conscious pain and suffering awards for 9/11 decedents to his case. The *Burnett* Moving Plaintiffs seek this relief pursuant to the civil damages provision of the Anti-Terrorism Act, 18 U.S.C. § 2333(a).

---

pursuing their claims in dual or multiple capacities). The list of plaintiffs provided with the submission leading to the April 7, 2006 default judgment as to liability against The Taliban is provided as Exhibit A to the Eubanks Declaration.

**ARGUMENT**

I. **Claims against The Taliban under the Anti-Terrorism Act should be awarded damages in this case commensurate with those awarded under 28 U.S.C. § 1605A(c) against the Islamic Republic of Iran.**

As an initial point, many of the *Burnett* Moving Plaintiffs seeking damages in Exhibits A and B obtained damages judgments in collateral litigation against the Islamic Republic of Iran and certain of its agencies and instrumentalities for Iran's role in providing support to Al Qaeda in the years leading up to the terrorist attacks on September 11, 2001. Whereas the damages judgments obtained against Iran arose pursuant to 28 U.S.C. § 1605A(c), which provides a private right of action against a designated state sponsor of terrorism, Plaintiffs' claims against The Taliban arise under a number of different statutory schemes including under the ATA and the common law. The ATA provides that "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees." 18 U.S.C. § 2333(a). It would appear undisputed that this provision permits the representatives of United States national individuals who were killed in the terrorist attacks on September 11, 2001—i.e., the *Burnett* Moving Plaintiffs here—to pursue damages in cases under the ATA.

The breadth of damages available under the ATA is similar to those available—and applied by this Court in judgments against Iran—under 28 U.S.C. § 1605A(c). "[T]he ATA incorporates 'general principles of tort law.' … The basic presumption is that Congress creates federal torts against the background of general tort law…." *See Linde v. Arab Bank, PLC*, 97 F. Supp.3d 287, 336 (E.D.N.Y. 2015). The ATA provides "private parties the right to pursue common tort claims against terrorist organizations and those that provide material support or financing to terrorist organizations." *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 50 (E.D.N.Y. 2007). In

4

fact, when the ATA was initially enacted in 1991, Senator Grassley stated that the ATA "removes the jurisdictional hurdles in the courts confronting *victims* and it empowers *victims* with all the weapons available in civil litigation …. The [ATA] accords *victims* of terrorism the remedies of American tort law." *Litle v. Arab Bank, PLC*, 611 F. Supp.2d 233, 245 (E.D.N.Y. 2009), *quoting* 137 Cong. Rec. S4511 (Apr. 16, 1991). This language "suggests that Congress intended that the full range of damages should be available to persons entitled to bring actions pursuant to §2333(a)." *Estates of Ungar v. Palestinian Authority*, 304 F. Supp.2d 232, 265 (D.R.I. 2004).

### A. The Court should extend to The Taliban previous default judgments entered for specific plaintiffs against the Iran Defendants as noted in Exhibits A and B

The plaintiffs pursuing death claims under the ATA are broken out into Exhibits A and B which are appended to the Duane Declaration. The *Burnett* Moving Plaintiffs included in Exhibit A are the Personal Representatives of United States national 9/11-decedent estates who are seeking pain and suffering damages against The Taliban. The *Burnett* Moving Plaintiffs included in Exhibit B are the Personal Representatives of United States national 9/11-decedent estates who are now seeking economic loss damages against The Taliban. As noted in Exhibits A and B, many of these Plaintiffs previously received a judgment from this Court against the Islamic Republic of Iran under 28 U.S.C. § 1605A. As noted in Exhibits A and B, many of these *Burnett* Moving Plaintiffs have obtained a damages default judgment against the Iran Defendants in the values set forth in Exhibits A and B. Through a series of orders issued in *Burnett, et al. v. Islamic Republic of Iran, et al.*, 15-cv-9903 (GBD)(SN), beginning on July 31, 2017, the Court has entered final default judgments against the Iran Defendants in favor of the plaintiffs identified in Exhibits A and B. Exhibits A and B set forth those 9/11 decedent estates for whom a prior damages judgment has been entered by this Court against the Iran Defendants, with the value of the damages awarded.

5

The April 7, 2006 liability default judgment in *Burnett* was not reduced previously to a final judgment because individual damages assessments of the Plaintiffs' claims had not been conducted, and other appearing (non-defaulting) defendants in the active MDL thereafter opposed the process. In 2007, certain other plaintiffs in this MDL with similar Taliban judgments sought monetary awards in relation to their judgments against The Taliban, but procedural objections by appearing (non-defaulting) defendants at that time frustrated the process of reducing the default judgments as to liability to final damage judgments. *See, e.g.*, ECF No. 688 (Federal Insurance Docket) and undocketed March 2, 2007 letter from the Defendants' Executive Committee to Judge Casey. As a result, the 2007 motion was not addressed with regard to The Taliban until April 6, 2022. *See* ECF No. 7833.

This Court ruled, in 2011 and 2012, that default judgments against one defendant in favor of 9/11 plaintiffs are properly extended to other defendants as to whom the plaintiffs have liability judgments also for the September 11, 2001 attacks. *See, e.g.*, ECF No. 2582 (extending Federal Insurance's damage assessment against Al Qaeda at ECF No. 2502 to Hezbollah); ECF No. 2623 (extending *Havlish* damage assessment against Iran to defaulting Non-Sovereign Defendants). The Court has now also entered a default judgment on similar grounds on behalf of the *Federal Insurance* plaintiffs against The Taliban. *See* ECF No. 7833.

As noted in Exhibits A and B, many of these *Burnett* Moving Plaintiffs have previously obtained a judgment of conscious pain and suffering and economic loss as to the Islamic Republic of Iran, and they now seek the application of those judgment values as set forth on Exhibits A and B to be entered against The Taliban. Here, consistent with the Court's practice, each of the *Burnett* Moving Plaintiffs on Exhibits A and B with existing liability default judgments against The Taliban, and who have secured monetary damage awards in the way of judgments against another

6

defendant—namely, the Iran Defendants—ask that the Court extend their existing default damages assessments to The Taliban and enter final judgment against The Taliban. This Court has already considered the legal arguments and evidence presented in the case against the Iran Defendants and issued monetary judgments against the Iran Defendants based on that evidence. The extension of that ruling to The Taliban, and entry of a final judgment pursuant to Rule 54(b) as to The Taliban, is both appropriate and the most efficient means of safeguarding each of the *Burnett* Moving Plaintiff's rights. There can be no question but that The Taliban sponsored Osama bin Laden and was behind the September 11, 2001 attacks.[3]

### B. The Court should award economic loss damages to those *Burnett* Moving Plaintiffs listed in Exhibit B who do not have a prior award of economic loss damages against the Taliban under the ATA.

Several of the Plaintiffs identified at Exhibit B have previously received a judgment from this Court for their conscious pain and suffering damages against the Taliban. As this Court has previously ordered, "Plaintiffs [previously awarded damages for pain and suffering] may submit an application for … economic damages … at a later date consistent with any future rulings made by this Court on this issue…." *See* ECF No. 5092. Certain Plaintiffs identified on Exhibit B are now seeking economic loss damages to be combined with their previously awarded judgments for pain and suffering damages against the Taliban. Several of the Plaintiffs identified in Exhibit B are a subset of the plaintiffs who have been granted judgment as to liability only and rely on that judgment as to liability only for their request for supplemental default judgment as to economic loss damages against The Taliban. The plaintiffs identified in Exhibit B now request entry of partial

---

[3] U.S. National Commission on Terrorist Attacks upon the United States. *9/11 Commission Report: The Official Report of the 9/11 Commission and Related Publications.* by Thomas H. Kean and Lee Hamilton, pp. 66-67, 125-126, 157, 170-171, and 176.

final default judgment against the Taliban as to their claims in the economic loss amounts indicated in Exhibit B.

### i. Supplemental Damages Sought Under the ATA

As stated above, the breadth of damages available under the ATA is similar to those available—and applied by this Court in judgments against Iran—under 28 U.S.C. § 1605A(c). Indeed, the ATA's language "suggests that Congress intended that the full range of damages should be available to persons entitled to bring actions pursuant to §2333(a)." *Estates of Ungar v. Palestinian Authority*, 304 F. Supp.2d 232, 265 (D.R.I. 2004). The legislative history underpinning 18 U.S.C. § 2333(a) "in combination with the language of the statute itself, evidences an intent by Congress to codify general common law tort principles and to extend civil liability for acts of international terrorism to the full reaches of traditional tort law." *Boim v. Quranic Literacy Institute*, 291 F.3d 1000, 1010 (7th Cir. 2002) (citing various provisions of the legislative history leading to the enactment of the civil damages provision of the ATA). This legislative history also "evinces a clear congressional intent to deter and punish acts of international terrorism" and to "hold[ ] terrorists accountable 'where it hurts them most: at their lifeline, their funds.' " *Estates of Ungar*, 304 F. Supp.2d at 238 (citing additional provisions of the legislative history of 18 U.S.C. § 2333). Indeed, in *Ungar*, the Magistrate Judge held that "[t]he deterrent effect of [18 U.S.C. § 2333] will be maximized if it is interpreted to subject terrorists to the broadest possible range of damages" including "pecuniary damages ..." 304 F. Supp.2d at 267 (fully adopted by the District Judge in *Ungar*); *see also Morris*, 415 F. Supp. 2d at 1337; and *Knox v. Palestine Liberation Organization*, 442 F. Supp. 2d 62 (S.D.N.Y. 2006). Because several of the Plaintiffs listed on Exhibit B have previously received judgments for pain and suffering damages from the Court

against the Taliban, they now seek only to supplement those damages with this request for economic loss and for prejudgment interest on any economic loss damages determination.

Previously, this Court awarded economic loss damages in each *Havlish* case against Iran for the "economic losses stemming from the wrongful death of the decedent[.]" *See* ECF No. 2623 at 2-3. In doing so, it adopted the economic loss calculations set forth in the *Havlish* plaintiffs' economic expert reports. As with the plaintiffs in the *Burnett/Iran* case, the Plaintiffs identified at Exhibit B that do not have a prior economic loss damages judgment against the Iran Defendants have retained the services of the same expert economist, Dr. Stan V. Smith, to submit his extensive economic analyses that detail the significant economic losses suffered by the decedent's estates in this case. Exhibit C to the Duane Declaration is being submitted to this Court under seal due to the significant amount of sensitive financial data contained therein.[4]

In many instances, Dr. Smith has issued a full expert report and opined utilizing his standard methodology on the economic losses sustained by the individual decedents and their estates. These reports outline, introduce, and delve into the expert methodology that Dr. Smith has employed for these decedents while also providing a breakdown of the summary of both past and future losses for the following categories: (1) loss of wages and benefits; (2) loss of pension benefits (if they exist); (3) loss of housekeeping and home management services; and (4) loss of value of life, also known as the loss of enjoyment of life. As Dr. Smith states in these reports, "All opinions … are rendered in accordance with generally accepted standards within the field of economics and are expressed to a reasonable degree of economic certainty." All other expert reports submitted by Dr. Smith for the remaining decedent's estates included in Exhibit B are rendered in summary form while also stating the basis for certain assumptions, consumption rates,

---

[4] Magistrate Judge Netburn has permitted the filing under seal of these materials given their sensitive contents. *See* ECF No. 5716.

and other material economic data utilized to render these opinions. The plaintiffs included in Exhibit B respectfully ask that this Court award economic loss damages in each of the cases listing economic loss as supported by the expert reports submitted by Dr. Smith at Exhibit C.

> **C. The Court should apply the judgment values awarded against Iran to the *Burnett* Moving Plaintiffs who do not yet have a pain and suffering damages judgment entered against Iran or any other Defendant.**

*Burnett* Moving Plaintiff Jungmi Suh Lee, as the Personal Representative of the Estate of Dong Chul Lee, possesses standing against The Taliban by virtue of the decedent being a U.S. national at the time of his death. Although this *Burnett* Moving Plaintiff holds a liability judgment against The Taliban (among others), he has no previous default judgment damages award against the Iran Defendants for conscious pain and suffering that can be extended to The Taliban. However, this Court has determined the appropriate measure of compensatory damages for Plaintiffs in this MDL in numerous prior instances as such judgments relate to Iran such that these judgment values are easily ascertainable. For *Burnett* Moving Plaintiff Jungmi Suh Lee, as the Personal Representative of the Estate of Dong Chul Lee, this Plaintiff is entitled to conscious pain-and-suffering damages in the amount of $2 million based upon the prior decisions of this Court vis-à-vis Iran[5].

> **D. The *Burnett* Moving Plaintiffs' ATA claims against The Taliban mandate treble damages.**

The *Burnett* Moving Plaintiffs asserting claims under the ATA submit that, under the express terms of the ATA, they "*shall* recover threefold the damages" awarded. *See* 18 U.S.C. §

---

[5] As with the plaintiffs in the *Burnett/Iran* case, several of the Plaintiffs identified at Exhibit B who do not have prior damages judgments for economic loss against Iran or any other Defendant in this MDL have retained the services of the same expert economist, Dr. Stan V. Smith, to submit his extensive economic analyses that detail the significant economic losses suffered by the relevant decedent estates included in Exhibit B. The plaintiffs included in Exhibit B respectfully ask this Court to award economic loss damages in each of the cases listing economic loss as supported by the expert reports submitted by Dr. Smith which are located herein at Exhibit C.

2333(a) (emphasis added). The trebling of the damages award in these circumstances is mandated by the use of the world "shall". *See United States v. Kahn,* 5 F.4th 167, 174 (2d Cir. 2021) (holding "[t]he word 'shall,' in a statute, indicates a command; what follows the word 'shall' is 'mandatory, not precatory'"). Therefore, the *Burnett* Moving Plaintiffs submit that each of the values awarded for compensatory damages should be trebled to accord with the mandatory trebling language in the ATA. A separate column is included on Exhibits A and B indicating the trebling of the damages values.

### E.  The Court should also award prejudgment interest for claims under the ATA.

On the issue of prejudgment interest, this Court previously ruled that the rate of prejudgment interest of 4.96 percent interest per annum compounded annually was appropriate. ECF No. 3383 at 2, *adopting* ECF No. 3358 at 16-20 (discussing the availability of prejudgment interest under federal and New York common law and determining, in the Court's discretion, a prejudgment interest rate of 4.96%). Accordingly, the *Burnett* Moving Plaintiffs ask that this Court direct that prejudgment interest of 4.96 percent, compounded annually, be granted on their awards running as noted on Exhibits A and B and in compliance with Magistrate Judge Netburn's recent Orders. *See* ECF Nos. 11036 and 11105.

### II.  Plaintiffs seek to reserve their rights to seek economic damages, punitive damages, or other damages at a later time to the extent appropriate

As has been the practice in the Court in addressing many of the motions for default judgments, the *Burnett* Moving Plaintiffs herein seek the Court's permission to apply for economic loss damages (where applicable), punitive damages, or other damages later, consistent with any applicable future rulings and to supplement the record as part of applications for those damages. While the *Burnett* Moving Plaintiffs assert their entitlement to punitive damages, in light of prior differing decisions on the proper punitive multiplier (compare, e.g., ECF 3175 at 3 with ECF 3384

at 6), Plaintiffs request permission to reserve the issue of punitive damages until a later date, as this Court has previously authorized. *See* ECF No. 3666.

### III.     Proposed Order

For the Court's convenience and consideration, a proposed form of Order is being filed contemporaneously with this motion. The proposed Order tracks the language of the Court's 2006 Order, including judgment against The Taliban, and the Court's July 31, 2017 Order directing entry of final judgment against the Iran Defendants.

### CONCLUSION

For the foregoing reasons, the *Burnett* Moving Plaintiffs submit that judgments awarding default damages under the ATA for the Plaintiffs identified on Exhibits A and B be awarded against Defendant The Taliban in the values set forth in those exhibits. Plaintiffs further submit that these judgments under the ATA be trebled under 18 U.S.C. § 2333(a) and that prejudgment interest be applied to each judgment in the amount of 4.96%, compounded annually, as noted in Exhibits A and B.

Plaintiffs further ask that the Court permit future motions that may address economic loss damages, punitive damages, pain and suffering damages, and such other and further relief as is permissible under the ATA. Finally, as set forth in the Court's July 11, 2022 Order, any default judgment granted in this case against The Taliban is binding solely on the determination of damages against The Taliban and not against any of the other Defendants in this action.

Dated:  September 24, 2025                                  Respectfully submitted,

                                                            MOTLEY RICE LLC


                                                            */s/ John C. Duane*
                                                            John C. Duane, Esq.
                                                            Donald A. Migliori, Esq.

12

                    Jodi Westbrook Flowers, Esq.
                    John M. Eubanks, Esq.
                    Robert T. Haefele, Esq.
                    28 Bridgeside Boulevard
                    Mount Pleasant, SC 29464
                    Tel: (843) 216-9000
                    Fax: (843) 216-9450
                    Email: jduane@motleyrice.com