**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re Terrorist Attacks on September 11, 2001** | 03 MDL 1570 (GBD) (SN)<br><br>STIPULATION AND AGREEMENT OF CONDITIONAL DISMISSAL AS TO DEFENDANTS ABDULLAH BIN SALEH AL-OBAID, ABDULLAH MOHSEN AL-TURKI, AND ADNAN BASHA<br>**SO ORDERED:**<br><br>*George B. Daniels*<br>**George B. Daniels, U.S.D.J.**<br><br>Dated: **FEB 19 2026** |

*This document relates to*:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 02-cv-06977
*Barrera, et al v. Al Qaeda Islamic, et al.*, 1:03-cv-07036
*Bauer, et al. v. Al Queda Islamic Army, et al.*, 02-cv-7236
*Burlingame, et al. v. Bin Laden, et al.*, 02-cv-7230
*Burnett, et al., v. Al Baraka Investment & Dev. Corp., et al.*, Case No. 03-cv-9849
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, 04-cv-07065
*Continental Cas. Co., et al. v. Al Qaeda Islamic Army, et al.*, 04-cv-05970
*Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 04-cv-7279
*Federal Insurance Co., et al. v. Al Qaeda, et al.*, 03-cv-06978
*Maher, et al. v. Islamic Emirate of Afghanistan a/k/a The Taliban, et al.*, 1:23-cv-02845
*Salvo, et al. v. Al Qaeda Islamic Army, et al.*, 03-cv-05071

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys of record for the Charity Defendant Officials[1] and the undersigned attorneys of record for the plaintiffs ("Plaintiffs") in the referenced actions with claims pending against the Charity Defendant Officials, on behalf of the Plaintiffs and the Charity Defendant Officials (collectively "the Parties") that, whereas no party hereto is an infant or incompetent person:

Whereas at all times in connection with the above-captioned matter, Plaintiffs have asserted that the Charity Defendant Officials were each officers, members, employees and/or agents of the Muslim World League ("MWL") and/or International Islamic Relief Organization ("IIRO") (collectively "the Charities") and/or the government of the Kingdom of Saudi Arabia ("the KSA").

---

[1] For the purpose of this Stipulation, the Charity Defendant Officials shall include Abdullah bin Saleh al-Obaid, Abdullah Mohsen al-Turki, and Adnan Basha.

Plaintiffs have further asserted that the Charity Defendant Officials at times acted within the scope of their employment and/or as agents of the Charities and/or the KSA, and that the Charities and/or the KSA are vicariously responsible for all their acts and omissions at the times that these officials acted within the scope of their employment and/or agency, and

Whereas the Charity Defendant Officials have disputed these factual and legal assertions;

The Parties to this Stipulation hereby agree:

Subject to the conditions identified below, Plaintiffs agree to dismiss, and the Parties hereby agree to a conditional dismissal of any and all claims made against these Charity Defendant Officials in their individual capacities. However, Plaintiffs intend to continue this case with all claims made against the Charities and other defendants not dismissed pursuant to this Stipulation and Agreement; and

Subject to the conditions identified below, the agreed upon dismissal shall be *with prejudice* concerning the claims against the Charity Defendant Officials individually; and

Subject to the conditions identified below, the dismissal of the Charity Defendant Officials as individual defendants shall in no way impact any claim, theory, or argument that the individual Charity Defendant Officials' alleged conduct is attributable to the Charities or the KSA in this multidistrict litigation nor shall it impact any claim, defense, theory, or argument that the alleged conduct is not so attributable as a matter of law; and

This Stipulation and Agreement is contingent on the following conditions:

(1)    Plaintiffs assert that they are entering into this Stipulation and Agreement for solely pragmatic reasons, to avoid further delays in bringing claims against other defendants to trial in this long-running multi-district litigation, and recognizing that the Charity Defendant Officials

have participated in discovery already and have agreed, as a condition of this Stipulation and Agreement, to sit for an additional trial deposition under the terms outlined below; and

(2) The Charity Defendant Officials continue to assert that the claims against them and/or based on their conduct lack merit and that the Court lacks jurisdiction over the Charity Defendant Officials in this action; and

(3) This Stipulation and Agreement shall in no way be construed or characterized by the Parties as either an exoneration of, or an admission or concession of wrongdoing, fault, or liability by the Charity Defendant Officials or any other defendant, and no Party shall make any public statement, cooperate with the making of any public statement, join any public statement, agree to any public statement, or encourage anyone else to make a public statement about this Stipulation and Agreement that construes or characterizes this Stipulation and Agreement as either an exoneration of, or an admission or concession of wrongdoing, fault, or liability by, the Charity Defendant Officials or any other defendant; and

(4) Each Charity Defendant Official shall provide testimony under oath, under the terms outlined in this Stipulation and Agreement, pursuant the Federal Rules of Civil Procedure and subject to this Court's jurisdiction for the purpose of the testimony, in future proceedings in this MDL; and in the event that any Charity Defendant Official violates the agreement by not being available for such testimony, other than by the defendant's death or health incapacity, this Stipulation and Agreement shall be deemed null and void with respect to that person or those persons in violation; and

(5) The Charity Defendant Officials shall be obligated to provide testimony in accordance with the terms of this Stipulation and Agreement only in the event the district court denies the motions for summary judgment of the MWL or IIRO, in whole or in part, or the Second

Circuit Court of Appeals issues any ruling in the Kingdom of Saudi Arabia's pending appeal of the district court's August 28, 2025 Memorandum Decision and Order that remands any claims against Saudi Arabia for further proceedings before the district court, regardless of whether those proceedings pertain to jurisdiction or the merits; and

(6) Plaintiffs may notice the depositions of the Charity Defendant Officials at any time after the district court denies the motions for summary judgment to be filed by MWL or IIRO, and/or the Court of Appeals remands the KSA case back to the District Court for further proceedings, provided that any testimony by the Charity Defendant Officials shall not be used in connection with any pending summary judgment motion filed by MWL or IIRO. Unless Plaintiffs and the Charity Defendant Officials agree to different timing, each of the Charity Defendant Officials shall be required to appear for his trial deposition on a mutually convenient date within sixty days of receipt of the Notice of Deposition; and

(7) The Charity Defendant Officials shall be permitted to appear for trial deposition pursuant to the terms herein at their place of residence or as otherwise agreed between counsel for the Charity Official Defendants and counsel for Plaintiffs, provided that the Charity Defendant Officials are responsible to provide and ensure the appropriate technology (computers, camera video/audio and other material) for remote depositions and adhere to the deposition protocols previously ordered by this Court except where those protocols conflict with any terms of this Stipulation and Agreement, in which case the terms of this Stipulation and Agreement shall control; and

(8) The testimony offered pursuant to the preceding paragraph shall be limited to a single remote appearance as a fact witness for a video trial deposition, each deposition limited to a single day with a maximum duration of seven hours; provided, however, that the witnesses will

testify in the same language as any previous deposition of that witness in this MDL (unless the Parties agree otherwise); and

(9) The Charities will have the right to put on direct testimony or rebuttal testimony from these witnesses, which shall not count against the seven hours. This Stipulation and Agreement does not restrict or grant any other defendant's right to participate in these depositions; and

(10) Neither Party shall seek costs or fees against the other arising out of or in connection with the MDL, any underlying action, or this Stipulation and Agreement; and

(11) This Stipulation and Agreement shall not be presented before a jury during the trial of this matter as an admission against interest by any Party as to any facts or law of the case.

Dated: February 18, 2026

| MOTLEY RICE LLC | COZEN O'CONNOR |
|---|---|
| By: /s/ *Robert T. Haefele* <br> Robert T. Haefele <br> 28 Bridgeside Boulevard <br> Mount Pleasant, SC 29465 <br> Tel.: (843) 216-9184 <br> Email: rhaefele@motleyrice.com <br> *Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims and Attorneys for Burnett, Salvo, and Euro Brokers Plaintiffs* | By: /s/ *Sean P. Carter* <br> Sean P. Carter <br> One Liberty Place <br> 1650 Market Street, Suite 2800 <br> Philadelphia, Pennsylvania 19103 <br> Tel.: (215) 665-2105 <br> Email: scarter@cozen.com <br> *Co-Chair of the Plaintiffs' Executive Committee for Commercial Claims and Attorneys for Federal Insurance Plaintiffs* |
| KREINDLER & KREINDLER LLP | BAUMEISTER & SAMUELS, P.C. |
| By: /s/ *Andrew J. Maloney III* <br> Andrew J. Maloney III <br> 485 Lexington Avenue <br> New York, New York 10017 <br> Tel.: 212-687-8181 <br> Email: amaloney@kreindler.com <br> *Attorneys for Ashton and Barrera Plaintiffs* | By: *Thea M.* Capone <br> Thea M. Capone <br> 200 Vesey Street, 24th Floor <br> New York, New York 10281 <br> Tel: (212) 363-1200 <br> Fax: (212) 363-1346 <br> Email: tcapone@baumeisterlaw.com <br> *Attorneys for Bauer Plaintiffs* |

| | |
|---|---|
| SPEISER KRAUSE, P.C. | WIGGINS CHILDS PANTAZIS FISHER GOLDFARB LLC |

By: /s/ Jeanne M. O'Grady
Jeanne M. O'Grady
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
Tel.: (914) 220-5333
Fax: (914) 220-5334
Email: jog@speiserkrause.com
*Attorneys for Burlingame Plaintiffs*

By: Dennis G. Pantazis
Dennis G. Pantazis
The Kress Building
301 19th Street North
Birmingham, AL 35203
Tel: (205) 314-0500
Email: dgp@wigginschilds.com
*Attorneys for Maher Plaintiffs*

| | |
|---|---|
| CANTOR FITZGERALD PLAINTIFFS | FORD MARRIN ESPOSITO WITMEYER & FLESER, LLP |

By: David A. Paul
David A. Paul
110 East 59th Street, 7th Floor
New York, NY 10022
Tel: 212-610-2298
Email: dpaul@cantor.com
*Attorneys for Cantor Fitzgerald Plaintiffs*

By: Edward M. Pinter
Edward M. Pinter
Wall Street Plaza
88 Pine Street
Suite 2300
New York, NY 10005
Tel: 212-269-4900
Email: epinter@fordmarrin.com
*Attorneys for Continental Cas. Plaintiffs*

| | |
|---|---|
| LEWIS BAACH KAUFMANN MIDDLEMISS PLLC | BERNABEI & KABAT PLLC |

By: /s/ Aisha Bembry
Eric L. Lewis
Aisha E. R. Bembry (admitted *pro hac vice*)
Sumayya Khatib (admitted *pro hac vice*)
1050 K Street NW, Suite 400
Washington, DC 20001
Tel: 202-833-8900
Fax: 202-466-5738
Email: eric.lewis@lbkmlaw.com
Email: aisha.bembry@lbkmlaw.com

By: /s/ Alan Kabat
Alan Kabat
1400 16th St. NW #500
Washington, DC 20036
Tel: 202-745-1942
Fax: 202-745-2627
Email: Kabat@BernabeiPLLC.com

*Attorneys for Defendants Dr. Abdullah bin Saleh Al-Obaid, Dr. Adnan Basha, and Dr. Abdullah Mohsen Al-Turki*