**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | MEMORANDUM DECISION AND ORDER<br>03 MDL 1570 (GBD) (SN) |

This document relates to:

*Burnett v. Al Baraka Inv. & Dev. Corp.*, No. 03-cv-09849 (GBD) (SN)

**GEORGE B. DANIELS, District Judge:**

Two subsets of *Burnett* Plaintiffs (the "Plaintiffs") move for partial default judgments against the Taliban. (ECF Nos. 11295, 11299.)[1] The Plaintiffs were U.S. nationals who survived the September 11, 2001 terrorist attacks (the "9/11 Attacks") or participated in the rescue and recovery efforts following the attacks. Plaintiffs seek pain and suffering damages for their personal injuries pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333(a) ("ATA"). (*See* ECF Nos. 11296 at 2–3, 11300 at 2–3.)

Before this Court is Magistrate Judge Netburn's Report and Recommendation ("Report"), recommending that this Court (1) **GRANT** Plaintiffs' default judgment motion at ECF No. 11299; (2) **GRANT** Plaintiffs' motion at ECF No. 11295 as to two Plaintiffs, and (3) **DENY** the Plaintiffs' motion at ECF No. 11295 as to five Plaintiffs without prejudice to their refiling with the complete necessary documentation. (*See* Magistrate Judge Netburn's March 12, 2026 Report and Recommendation, ("Report"), ECF No. 12230). This Court **ADOPTS** Magistrate Judge Netburn's Report in full.

[1] Unless otherwise stated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570 (GBD) (SN).

## I. PROCEDURAL HISTORY[2]

On April 7, 2006, this Court granted the *Burnett* Plaintiffs' motion for entry of default judgment against various defendants, including the Taliban. (ECF No. 1756.) This Court has also noted that its rulings "remain[s] in effect as to all parties," including newly added plaintiffs. (*See, e.g.*, ECF No. 8696 at 2.)

The Plaintiffs now seek partial default judgment against the Taliban based on the previous default judgments entered on behalf of all of the *Burnett* Plaintiffs in ECF No. 1756 and ECF No. 10265. Magistrate Judge Netburn filed her Report on August 5, 2026. (Report at 20.) No party has filed objections.

## II. LEGAL STARDARDS

### A. Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(l)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted).

Because no party objected to the Report, this Court reviews for clear error. Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed,'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted), and "not merely if it 'would have decided the case differently.'" *Sands*

[2] This Court assumes familiarity with the general background of this case and will only restate relevant background as necessary to address the issues raised in the objections. Moreover, because the relevant factual and procedural background has been discussed at length in the Report, this Court summarizes and appropriately incorporates such background by reference. (*See* Report at 2–3.)

*v. What's Trending, Inc.*, No. 20-CV-2735 (GBD) (KHP), 2021 WL 694382, at *1 (S.D.N.Y. Feb. 23, 2021) (citation omitted).

**B. Default Judgments**

Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes the Court to enter default judgments against defendants who fail to appear in or defend cases against them. This process includes two steps: (1) determining that the defendant defaulted, and then (2) entering a default judgment. *Nationsbank of Fla. v. Banco Exterior de Espana*, 867 F. Supp. 167, 174 n. 9 (S.D.N.Y. 1994); *see also* Fed. R. Civ. P. 55(a)-(b). In defaulting, a defendant admits "all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). A court must evaluate those admissions to determine whether there is "a sufficient basis in the pleadings" to establish defendants' liability. *Di Marco Constructors, LLC v. Sinacola, Inc.*, 407 F. Supp. 2d 442, 445 (W.D.N.Y. 2006) (cleaned up); *accord Wagstaff-El v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990). If there is a sufficient basis, this Court then assesses damages, relying on plaintiffs' "affidavits or documentary evidence in lieu of an evidentiary hearing." *DIRECTV, Inc. v. Hamilton*, 215 F.R.D. 460, 462 (S.D.N.Y. 2003); *see also Action SA. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1992).

Here, this Court must assess whether the Plaintiffs have provided a sufficient basis in their pleadings, which are deemed admitted by the Taliban, to enter partial default judgments against the Taliban. In order to do so, this Court must determine (1) whether it has jurisdiction to enter default judgment on the Plaintiffs' claims; (2) whether the Taliban are liable to the Plaintiffs under the ATA; and (3) if all else is true, what damages are due to the Plaintiffs. (Report at 5.)

## III. MAGISTRATE JUDGE NETBURN PROPERLY DETERMINED JURISDICTION

Plaintiffs bring forth claims under the ATA. The ATA permits "any national of the United States" or "his or her estate, survivors, or heirs" to sue for "injur[ies]" caused by acts of terrorism. 18 U.S.C. § 2333(a). Because "[a]ny national of the United States injured in his or her person . . . by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States," *see id.*, Magistrate Judge Netburn properly determined that this Court has subject matter jurisdiction over Plaintiffs' claims.

It is unclear whether this Court needs to analyze personal jurisdiction over a defendant that chooses not to appear. (*See, e.g.,* ECF No. 11927, 2026 Taliban Opinion, at 4–5); *see also Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213,213 n.7 (2d Cir. 2010) (holding that courts "may" analyze personal jurisdiction but leaving open the question whether they "must" do so before entering default judgment) (emphasis removed).

Even assuming that this Court is required to establish personal jurisdiction, however, Magistrate Judge Netburn properly concluded that this Court has personal jurisdiction over the Taliban. The Taliban are subject to this Court's jurisdiction if (1) the Taliban were properly served, (2) there is a statutory basis for jurisdiction, and (3) the exercise of jurisdiction is consistent with due process. *Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp.*, 40 F.4th 56, 68–69 (2d Cir. 2022) (cleaned up). Here, the Taliban were properly served by publication, (*see* ECF Nos. 445, 708), there is a statutory basis for jurisdiction with D.C. Code § 13-423 or Federal Rule of Civil Procedure 4(k), and the exercise of jurisdiction is consistent with due process. (*See, e.g.*, ECF No. 8973.)

This Court therefore is able to exercise both subject matter and personal jurisdiction over Plaintiffs' ATA claims against the Taliban.

## IV. MAGISTRATE JUDGE NETBURN PROPERLY DETERMINED LIABILITY

### A. Most Plaintiffs Properly Establish Liability

The majority of Plaintiffs allege that the Taliban provided material and logistical support to al Qaeda and Osama Bin Laden. These claims are virtually identical to other ATA claims for which this Court has found the Taliban liable. (*See, e.g.*, ECF Nos. 8973, 9167, 9858,10468, 11012.) Consistent with prior decisions and in light of the Plaintiffs' submissions, Magistrate Judge Netburn correctly noted that the liability analysis here is straightforward. (Report at 8.) Most Plaintiffs here have provided a "sufficient basis on the pleadings" to establish the Taliban's liability under the ATA. *Di Marco*, 407 F. Supp. 2d at 445. This Court thus **GRANTS** their motions for default judgment against the Taliban.

### B. Plaintiffs De Witt, Singleton, and Benjamin Fail to Establish Liability

Magistrate Judge Netburn properly determined that Plaintiffs Beverly De Witt, Clarence Singleton, and Vanessa Benjamin did not provide a "sufficient basis on the pleadings" to establish the Taliban's liability. *Id.* Although these three Plaintiffs allege that they were injured as a result of the Taliban's involvement in the 9/11 Attacks, they fail to provide the necessary documents to attest to their injuries. The Victim Compensation Fund ("VCF") and World Trade Center ("WTC") Health program are "the best positioned entities for evaluating medical facts related to the Plaintiffs' conditions." (ECF No. 11400.) As such, this Court has typically required VCF letters for default judgment liability, as they constitute critical "evidence establishing that 9/11 was a substantial factor leading to the [plaintiffs'] medical conditions." (ECF No. 8901 at 10–11, *adopted* by ECF No. 9274; *see also* ECF No. 12084, *adopted by* ECF No. 12094.) Here, Plaintiffs

fail to include letters from the VCF that link their injuries to the 9/11 Attacks.[3] This Court thus **DENIES** Plaintiffs' De Witt, Singleton, and Benjamin's motion for default judgment without prejudice to refiling with the necessary documentation. (*See, e.g.*, ECF No. 12118 (denying a default judgment motion which failed to include VCF letters).)

### C. Plaintiffs Bernsten, Gong, and Singleton Fail to Establish Liability

Plaintiffs Eric Berntsen, Lisa Gong, and Clarence Singleton cannot establish that they were properly added to this case with ATA claims against the Taliban. (Report at 13.) Because these Plaintiffs were not properly added, this Court is unable to apply its prior orders on the Taliban's default and liability to these Plaintiffs' pending default judgment motions. Accordingly, this Court **ADOPTS** Magistrate Judge Netburn's recommendation and **DENIES** these three motions without prejudice to refiling with proof that the Plaintiffs' ATA claims against the Taliban were properly pleaded.

## V. MAGISTRATE JUDGE NETBURN PROPERLY DETERMINED DAMAGES

### A. Plaintiffs with Prior Awards Against Iran (ECF No. 11299)

The ATA supports "threefold" damages for pain and suffering, economic loss, and loss of solatium. 18 U.S.C. § 2333(a). This Court has previously awarded plaintiffs such damages against the Taliban. Accordingly, Magistrate Judge Netburn correctly adopted and applied this Court's prior damages framework for pain and suffering damages for people injured in the 9/11 Attacks. (*Id.*) This Court also ADOPTS the Report's recommendations and awards treble damages, as provided under § 2333, against the Taliban. (*See* Report at 15.)

[3] Although Plaintiff Benjamin included a VCF letter from 2013, the letter does not list her personal injuries. As such, Magistrate Judge Netburn properly determined that the letter is insufficient to constitute the proper documentation necessary to establish a "sufficient basis on the pleadings" of the Taliban's liability. *Di Marco*, 407 F. Supp. 2d at 445. (Report at 11.)

### B. Plaintiffs Without Prior Awards (ECF No. 11295)

Two Plaintiffs, Louie Cacchioli and Llewellyn Malcom, do not have prior personal injury awards in this litigation. This Court's framework for personal injury damages outlines the damages awards for individual Plaintiffs as follows:

| Category of Injury | Pain and Suffering Damages Award |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

(ECF No. 5946, Mem. Decision and Order, at 3.)

In line with this Court's approach in other orders, Magistrate Judge Netburn properly applied this Court's existing damages framework and found that both Plaintiffs are entitled to a baseline award of $5,000,000 in pain and suffering damages based on their "significant" injuries stemming from their roles as first responders to the 9/11 Attacks. (Report 15–19.) This Court also **ADOPTS** the Report's recommendations and awards treble damages, as provided under § 2333, against the Taliban. (*See id.* at 19.)

Finally, Magistrate Judge Netburn appropriately found that all Plaintiffs should be awarded "prejudgment interest of 4.96 percent per annum, compounded annually from the period from September 11, 2001, until the date of judgment." (*Id.* at 19.)

## VI. CONCLUSION

Magistrate Judge Netburn's Order is **ADOPTED** in its entirety. The motion for partial default judgment brought on behalf of the Plaintiffs in ECF No. 11299 is **GRANTED**; and the motion for partial default judgment on behalf of the Plaintiffs in ECF No. 11295 is **GRANTED** as

to Plaintiffs Cacchioli and Malcolm, but **DENIED** as to Plaintiffs De Witt, Singleton, Benjamin, Bernsten, and Gong without prejudice to their refiling with complete documentation.

Upon consideration of the evidence and arguments submitted by Plaintiffs in *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-9849 (GBD) (SN), whose claims arise from the terrorist attacks on September 11, 2001, and the Judgment by Default for liability only against inter alia The Taliban entered on April 7, 2006 in this Multi-District Litigation (ECF No. 1756), together with the entire record in this case, it is hereby:

**ORDERED** that service of process in the above-captioned matter was properly effectuated upon the Taliban; and it is

**ORDERED** that this Court possesses personal jurisdiction over Defendant The Taliban by virtue of its conduct supporting the terrorist activities of Al-Qaeda including but not limited to the Terrorist Attacks on September 11, 2001 which involved terrorist attacks conducted on American soil in New York, Pennsylvania, and Virginia; and it is

**ORDERED** that this Court possesses subject-matter jurisdiction under the ATA, 18 U.S.C. § 2333; as thousands of United States nationals were injured by reason of the terrorist attacks on September 11, 2001 which constituted acts of international terrorism resulting in significant harm including injury and death; and it is

**ORDERED** that partial default judgments are entered against the Taliban and on behalf of the Plaintiffs listed in the attached Appendix (*see generally* Appendix (compiling exhibits to Plaintiffs' proposed orders in ECF Nos. 11298-2, 11302-2)), and it is

**ORDERED** that each Plaintiff listed in the Appendix, (*see* ECF Nos. 11298-2, 11302-2), is awarded pain and suffering damages for their personal injuries in the amounts set forth therein; and it is further

**ORDERED** that the pain and suffering damages awarded to the Plaintiffs in the attached Appendix be trebled in accordance with the ATA, 18 U.S.C. § 2333, as listed in the Appendix; and it is further

**ORDERED** that the Plaintiffs identified in the attached Appendix be awarded prejudgment interest at a rate of 4.96% per annum, compounded annually for the period from September 11, 2001, through the date of judgment; and it is further

**ORDERED** that the Plaintiffs identified in the attached Appendix may submit applications for punitive damages, or other damages (to the extent such awards have not previously been ordered and such damages were not sought in this motion), at a later date, consistent with any future rulings made by this Court on this issue; and it is further

**ORDERED** that *Burnett* plaintiffs not identified in the attached Appendix may submit applications for punitive, compensatory, economic, or other damages (to the extent such awards have not been previously ordered or addressed) at later stages of this litigation.

The Court respectfully directs the Clerk of the Court to terminate the following motions:

- ECF Nos. 11295 and 11299 in 03-md-1570; and
- ECF Nos. 1285 and 1289 in 03-cv-09849.

Dated: AUG 20 2026
New York, New York

**SO ORDERED.**

George B. Daniels

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

# APPENDIX

Personal & Latent Injuries

| | Personal Representative | | | | Claimant | | | | | | Claim Information | | | Pain & Suffering Damages | | | | Judgment | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | 9/11 Site | Case | Complaint | Amendments & Substitutions | Documentation | Prior Award | Amount | Treble | Principal | Start Date | End Date | Notes |
| 1 | | | | | Louie | D. | Cacchioli | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2764 | | | None | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11295 |
| 2 | | | | | Llewellyn | | Malcolm | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1400 | | | None | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11295 |
| 3 | Katherine | | Carrozza | | Mary | Ellen | Barbieri | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 1, at 50 | 10419-1,9,10429 | | 5946 | $ 10,000,000.00 | $ 30,000,000.00 | $ 10,000,000.00 | 9/11/2001 | | Motion 11299 |
| 4 | | | | | Scott | R. | Beloten | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 77, at P2583 | | | 10780 | $ 7,000,000.00 | $ 21,000,000.00 | $ 7,000,000.00 | 9/11/2001 | | Motion 11299 |
| 5 | | | | | Maria | E. | Castillo | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 980 | | | 10780 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 6 | | | | | Anthony | | Ciarnella | | United States | NY | 03-cv-9849 | 1:03-md-01570, 602, at P5479 | | | 10780 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 7 | | | | | John | Philip | Cretella | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 1897 | | | 10780 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 8 | | | | | James | John | Csorny | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2929 | | | 10780 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 9 | | | | | Jeremy | Brandon | Davids | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4635 | | | 10780 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 10 | | | | | Hipolito | | D'Oleo | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1053 | | | 10780 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 11 | | | | | Barbara | Ellen | Einzig | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4834 | | | 10780 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 12 | | | | | Fausto | Antonio | Gomez | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1180 | | | 10780 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 13 | | | | | Manuel | | Gonzalez | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 3295 | | | 10988 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 14 | | | | | Thomas | Joseph | Grogan | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4856 | | | 10780 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 15 | Renato | | Olaes | | Dalisay | Saenz | Olaes | | United States | VA | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4085 | 10735-1, 40, 10758 | | 10988 | $ 7,000,000.00 | $ 21,000,000.00 | $ 7,000,000.00 | 9/11/2001 | | Motion 11299 |
| 16 | Lisa | | Ortiz | | Angel | R. | Ortiz | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1506 | 10682-1, 17, 10696 | | 10780 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 17 | | | | | Vincent | J. | Panaro | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4102 | | | 10780 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 18 | | | | | Milcia | C. | Pena | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1526 | | | 10780 | $ 5,000,000.00 | $ 15,000,000.00 | $ 5,000,000.00 | 9/11/2001 | | Motion 11299 |
| 19 | Mindy | Eisenberg | Stark | | Eugenia | Sayre | Singer | | United States | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2510 | 10419-1,8,10429 | | 5946 | $ 10,000,000.00 | $ 30,000,000.00 | $ 10,000,000.00 | 9/11/2001 | | Motion 11299 |