USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/21/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-----------------------------------------------------------------X**

**In re:**

**TERRORIST ATTACKS ON**
**SEPTEMBER 11, 2001**

**-----------------------------------------------------------------X**

**03-MD-01570 (GBD)(SN)**

**REPORT & RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE GEORGE B. DANIELS:**

This document relates to:

Burnett v. Al Baraka Inv. & Dev. Corp., No. 03-cv-09849 (GBD)(SN)
O'Neill v. Republic of Iraq, No. 04-cv-01076 (GBD)(SN)

Three hundred and eighty plaintiffs from the Burnett and O'Neill member cases (the "Plaintiffs") move for partial default judgments against the Taliban. ECF Nos. 11235, 11309, 11313, 11317.[1] The Plaintiffs include the estates of decedents, their immediate family members, and survivors of the 9/11 Attacks. None of the Plaintiffs were United States nationals on September 11, 2001. They therefore bring various state tort claims against the Taliban, whom they allege aided and abetted al Qaeda and facilitated the 9/11 Attacks.

The Court recommends granting in part and denying in part the Plaintiffs' motions. A subset of the Plaintiffs lack complete documentation and cannot establish that their state tort claims against the Taliban were properly added to the Burnett member case. The Court thus recommends denying the default judgment motions as to these Plaintiffs without prejudice to their refiling with complete support. The Court then assesses liability and damages for the

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

remaining Plaintiffs with properly pleaded claims, who are listed in the attached Appendix.[2] The vast majority of these Plaintiffs perished at the World Trade Center ("WTC") site; only two decedents perished at the Pentagon site in Virginia. The Court applies New York's choice-of-law rules to the Plaintiffs' claims. Under those rules and the Court's prior decisions, New York tort law governs all causes of action asserted by the remaining Plaintiffs. These Plaintiffs likewise establish that under applicable New York law, the Taliban are liable. The Court thus recommends (1) granting the default judgment motions for the Plaintiffs listed in the attached Appendix and (2) denying the motions for all other Plaintiffs.

**BACKGROUND**

The Court assumes familiarity with this multidistrict litigation and summarizes only the relevant procedural and factual background.

The Burnett and O'Neill Plaintiffs initially filed their cases in the U.S. District Court for the District of Columbia. See No. 02-cv-1616, ECF No. 1 (D.D.C.) (Burnett, filed Aug. 15, 2002); No. 03-cv-1766, ECF No. 1 (D.D.C.) (O'Neill, filed Aug. 20, 2003). Their complaints each sought to hold the alleged sponsors of the 9/11 Attacks liable for the resulting deaths and injuries. The O'Neill Plaintiffs initially included the Taliban as defendants, but the Burnett Plaintiffs did not. See No. 03-cv-1766, ECF No. 1 at 6; No. 02-cv-1616, ECF No. 1 at 37–42 (D.D.C.). The Burnett Plaintiffs amended their complaint several times, however, and added plaintiffs and other defendants to the case. See No. 02-cv-01616, ECF Nos. 3, 26, 29, 77, 155,

[2] The Appendix consolidates the parties' exhibits to their proposed orders or counsel declarations. See ECF Nos. 11240-2, 11240-3, 11240-4 (O'Neill), 11312-2, 11316-2, 11316-3, 11319-1 (Burnett). It groups the Plaintiffs' claims by damages type: estate economic (Exhibit A), estate pain and suffering (Exhibit B), solatium (Exhibit C), and personal injury pain and suffering (Exhibit D). The Appendix includes, however, only those Plaintiffs to which the Court recommends awarding damages, as well as certain corrections and additions that the Court details on the first page of the Appendix. The Appendix excludes the Plaintiffs who did not provide sufficient documentation to establish their right to recovery against the Taliban, as explained in this Report & Recommendation.

232, 305, 313, 432 (D.D.C.). In late 2003 and early 2004, the Judicial Panel on Multidistrict Litigation transferred both cases to this district for pretrial purposes. See ECF No. 1 at 3 (Burnett); No. 04-cv-1076, ECF No. 1 at 1 (O'Neill).

Once in this district, the Burnett Plaintiffs added the Taliban as additional defendants. See ECF Nos. 247 at 6, 445 at 11. Pursuant to Court order, the Burnett and O'Neill Plaintiffs then served the Taliban, along with all other defendants, by publication in both English and Arabic in December 2004 and January 2005. See ECF Nos. 445 at 1, 488 at 2 (approving alternatives service in both cases); ECF Nos. 709, 735 (verifications of publication filed on March 4 and 16, 2005). The publication notices directed defendants to answer the complaints filed in the multidistrict litigation docket, No. 03-md-01570, within 60 days. See ECF No. 709 at 2, 4. The Taliban failed to appear and never answered either complaint. The Court granted motions for the entry of default judgments in both cases. ECF No. 1756 (Burnett, entered Apr. 7, 2006); ECF Nos. 3067, 3163 (O'Neill, entered Oct. 13, 2015). These default judgments as to liability applied to all claims, all plaintiffs, and all defendants (including the Taliban) added to each member case at the time of the relevant default order. See ECF No. 1756 at 1 (Burnett); ECF Nos. 3163, 3043-1 at 6 (O'Neill). Over time, plaintiffs have been substituted into or added to each member cases, and the Court has consistently recognized that "[p]rior rulings, orders, and judgments entered in this case remain in effect as to all parties," including newly added plaintiffs. ECF No. 8696 at 2; see ECF Nos. 3477, 5296, 8487, 9637, 10283, 10429, 10613, 10757, 10839, 10959 (Burnett); ECF Nos. 7949, 8111, 8150, 8473, 8695, 8770, 9303, 10784, 10979 (O'Neill).

The Plaintiffs now seek partial default judgments against the Taliban based on the liability judgments entered in the Burnett and O'Neill cases and previous decisions on state tort

claims in this litigation. See ECF Nos. 11236 at 8, 11310 at 6, 11314 at 6, 11318 at 5. The Plaintiffs are the estates of non-U.S. nationals, the immediate family members of 9/11 decedents (where either the family member or the 9/11 decedent was a non-national on 9/11), and non-national survivors of the 9/11 Attacks. Nearly all of the relevant decedents perished at the WTC site in New York. See ECF Nos. 11240-4, 11316-3 (wrongful death), 11240-3, 11316-2 (survival), 11240-2, 11312-2 (IIED), 11319-1 (assault and battery). Two decedents—Shuyin Yang and Yuguang Zhen—were passengers on American Airlines Flight 77, which departed from Dulles Airport and was hijacked and crashed into the Pentagon in Arlington, VA. See ECF Nos. 8701-2 at 64, 11312-2 at 7. Additionally, the majority of the Plaintiffs have received partial default judgments against co-tortfeasor the Islamic Republic of Iran. See ECF Nos. 11238 ¶ 1, 11311 ¶ 14, 11315 ¶ 14, 11319 ¶ 15. The rest seek partial default judgments for the first time.

**DISCUSSION**

Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes the Court to enter default judgments against defendants who fail to appear in or defend cases against them. The Court follows a process with "two steps": (1) determining that the defendant defaulted and then (2) entering a default judgment. Nationsbank of Fla. v. Banco Exterior de Espana, 867 F. Supp. 167, 174 n. 9 (S.D.N.Y. 1994); see Fed. R. Civ. P. 55(a), (b)(2).

Step one has long been satisfied. The Burnett and O'Neill Plaintiffs properly served the Taliban, but the Taliban have not appeared in this case. See ECF Nos. 445, 488, 709, 735. The Court determined in each member case that the Taliban had defaulted. See ECF No. 1756 (Burnett) ECF Nos. 3067, 3163 (O'Neill). These default judgments as to liability applied to the Plaintiffs added in each member case at the time of the relevant default order. See ECF No. 1756 at 1 (Burnett); ECF Nos. 3163, 3043-1 at 6 (O'Neill). And as new plaintiffs have been substituted into or added to each member case, the Court has recognized that these prior

judgment "remain in effect as to all parties." ECF No. 8696 at 2; see, e.g., 10959 ¶ 4 (Burnett), 10979 ¶ 3 (O'Neill); see also ECF No. 8929 at 3 (finding that the Taliban's prior default applied to U.S. national plaintiffs added later).

Step two is now before the Court. The Plaintiffs request the entry of partial default judgments against the Taliban. In defaulting, a defendant admits "all of the factual allegations of the complaint, except those related to damages," and the plaintiff is "entitled to all reasonable inferences from the evidence offered." Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). The Court must evaluate these admissions and evidence to determine whether there is "a sufficient basis in the pleadings" to establish the defendant's liability. Di Marco Constructors, LLC v. Sinacola, Inc., 407 F. Supp. 2d 442, 445 (W.D.N.Y. 2006) (cleaned up); accord Wagstaff-EL v. Carlton Press Co., 913 F.2d 56, 57 (2d Cir. 1990). If there is a sufficient basis, the Court assesses damages and may rely on the Plaintiffs' "affidavits or documentary evidence in lieu of an evidentiary hearing." DIRECTV, Inc. v. Hamilton, 215 F.R.D. 460, 462 (S.D.N.Y. 2003); see Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991). Through this process, the Court previously entered partial default judgments against the Taliban for the state tort claims of non-nationals. See ECF Nos. 11870 at 29, adopted by 11927 at 15.

To grant the Plaintiffs' motions, the Court must resolve (1) whether it has jurisdiction to enter default judgment on the Plaintiffs' claims; (2) whether the Taliban are liable to the Plaintiffs; and (3) if all else is true, what damages are due to the Plaintiffs.

## I. The Court's Jurisdiction Is Sufficient for Default Judgment

The Plaintiffs assert, in their respective complaints, causes of action under state tort law. Specifically, the Burnett Plaintiffs pleaded claims for wrongful death, survival, and intentional infliction of emotional distress ("IIED"). See No. 02-cv-1616, ECF No. 29 ¶¶ 658–64, 668–76 (D.D.C.). Likewise, the O'Neill Plaintiffs pleaded claims for wrongful death, survival, and IIED.

See ECF No. 8702 ¶¶ 223–47, 280–81. The Court must confirm that it has subject matter and personal jurisdiction sufficient to enter default judgment on these state tort claims. The Plaintiffs' claims clear both jurisdictional hurdles.

First, the Court exercises supplemental jurisdiction over the Plaintiffs' state law claims. Federal district courts may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" under Article III of the U.S. Constitution. 28 U.S.C. § 1367(a). Claims "form part of the same case or controversy" when they "derive from a common nucleus of operative fact." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997) (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966)). The Court has repeatedly confirmed its subject matter jurisdiction over plaintiffs' claims against the Taliban under § 2333(a) of the ATA.[3] See ECF Nos. 8973 at 9, 11927 at 4, 12248 at 4. And the Plaintiffs' state law claims, like their ATA claims, allege that the Taliban provided material support to al Qaeda, which caused the deaths and injuries of thousands of victims of the 9/11 Attacks. See, e.g., ECF No. 8702 ¶¶ 40, 43, 65, 97–98, 173. Thus, "the Plaintiffs' state law claims derive from the same common nucleus of operative fact as [their] . . . ATA claims because the claims 'substantially overlap[] or the federal claim necessarily brough the facts underlying the state claim before the

[3] Plaintiffs in this litigation have characterized the Taliban as a non-sovereign unincorporated association. See, e.g., ECF No. 1463 ¶ 10. The jurisdictional restrictions and exceptions of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C § 1602 *et seq.*, thus do not apply. See ECF Nos. 8973 at 9 n.8, 11927 at 4 n.4. Additionally, the Taliban served as the *de facto* government of Afghanistan for a period ending shortly after September 11, 2001, and, in 2021, again "seized *de facto* control over most of Afghanistan." See Havlish v. Taliban, 152 F.4th 339, 345–46 (2d Cir. 2025). The Court treats the Taliban as non-sovereign defendants, however, for two reasons. First, the United States has not recognized the Taliban as the government of Afghanistan, and the judicial branch cannot do so. See In re Terrorist Attacks on Sept. 11, 2001, 657 F. Supp. 3d 311, 332–37 (S.D.N.Y. 2023). Second, the Taliban have failed to make any showing that they are foreign sovereigns. See Beierwaltes v. L'Office Federale De La Culture De La Confederation Suisse, 999 F.3d 808, 816–17 (2d Cir. 2021) (requiring *prima facie* showing to invoke FSIA protections for foreign sovereigns).

court.'" ECF No. 11927 at 4 (quoting Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006)). The Court finds no reason to decline to exercise such jurisdiction. See 28 U.S.C § 1367(c).

Second, personal jurisdiction over the Taliban is available through pendant personal jurisdiction.[4] Where a federal statute authorizes nationwide service of process, and the federal and state claims "derive from a common nucleus of operative fact," the district court "may assert personal jurisdiction over the parties to the related state-law claims even if personal jurisdiction is not otherwise available." See Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68, 88 (2d Cir. 2018) (quoting IUE AFL–CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1056 (2d Cir. 1993)). The ATA authorized nationwide service of process for the Plaintiffs' claims against the Taliban. See ECF No. 8911 at 16 (ATA is "a federal statute that incorporates nationwide service of process"). And as explained above, the Plaintiffs' state law claims derive from the same operative facts as their federal claims under the ATA. The Court therefore may exercise personal jurisdiction over the Taliban on the Plaintiffs' state law claims. See ECF No. 11927 at 5 (concluding the same in Ashton).

## II. A Subset of Plaintiffs Fail to Establish a Sufficient Basis for the Taliban's Liability

The Court must inquire into whether there is "a sufficient basis in the pleadings" to establish the Taliban's liability to these Plaintiffs. Di Marco Constructors, 407 F. Supp. 2d at

---

[4] As the Court has explained, when a defendant fails to appear, it is unclear whether the Court needs to analyze personal jurisdiction. See ECF Nos. 11870 at 8–9, adopted by 11927 at 4; ECF No. 12248 at 4; see also Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 & n.7 (2d Cir. 2010) (holding that courts "may" analyze personal jurisdiction but leaving open the question whether they "must" do so before entering default judgment). Because the Taliban failed to appear in these member cases, the Court need not determine whether it has personal jurisdiction over the Plaintiffs' state law claims. If the Court were to reach the issue, however, it would consider the Plaintiffs' *prima facie* case for personal jurisdiction with reference to the District of Columbia long-arm statute, D.C. Code § 13-423, or Federal Rule of Civil Procedure 4(k) because the Burnett and O'Neill cases were initially filed in the U.S. District Court for the District of Columbia. See ECF No. 12230 at 6 n.3 (explaining jurisdictional test).

445; see ECF Nos. 8973 at 4, 11927 at 5, 12248 at 3. This step is especially important for the Plaintiffs that have no prior awards; the Court reviews their pleadings for the first time. A subset of these Plaintiffs lack complete documentation and cannot show their IIED claims were properly added to the Burnett or O'Neill member cases. The below Plaintiffs thus fail to provide a sufficient basis for holding the Taliban liable.

First, for a large group of Plaintiffs,[5] the Court cannot verify their family relationships to the 9/11 decedents from the provided documentation. The relevant pleadings or notices of amendment list only these Plaintiffs' names and no other details. See, e.g., ECF No. 11312-2 at 1 (Vincent Bailey); No. 02-cv-1616, ECF No. 305-2 at 1 (D.D.C.) (listing only "Vincent Bailey (P4118)" as additional plaintiff). Second, for another group of Plaintiffs,[6] their corresponding pleadings list only the initials of minor children. Counsel provides no documentation that these Plaintiffs were added to these cases as adults with claims against the Taliban. See, e.g., ECF No. 11312-2 at 7 (Genesis Vasquez); No. 02-cv-1616, ECF No. 232-2 at 21 (D.D.C.) (listing "Eloisa Rodriguez (P3996)" as additional plaintiff); ECF No. 8396-1 at 4 (specifying Eloisa Rodriguez's

---

[5] The Plaintiffs in the first group are Vincent Bailey, Paula Bailey, Jean Basnicki, Robert Basnicki, Chris Basnicki, Donna Bhagwan, Ute Bongers, Michel Braut, Haim Chalouh, Margaret Clarke, John Clarke, Thomas Clarke, Elizabeth Collis, Sheila Connolly, Princina Cox, Wendell Cox, Gladys de la Torre, Frederick de Vere, Lilmatie Didora, Denise Egan, Raphael Evans, Robert Ewart, Zoe Ghirarduzzi, Raymond Gilligan, Elda Giron, Christine Goggins, Nadejda Grib, Irinie Guirguis, Yanique Hall, Penelope Hassell, Olga Kostic-Jovanovic, Iris Kramer, Karl LaTouche, Rosanna LaTouche, Esther LaTouche, Judy Levinhar, Zvi Levinhar, Mor Levinhar-Tzang, Hong Lin, Stephen Maddison, Millicent Miller, Kevin Moran, Mark Napier, Rajaram Parbhu, Jefferson Patterson, Carlos Perez, Maria Piriz, Pedro Pocasangre, Donald Poissant, Manish Rai, Gangadei Ramrup, Catherine Riley-Ewart, Julia Rivas, Deivi Rodriguez, Lenny Rodriguez, Michael Samuel, Bhoopaul Sewnarine, Haruhiro Shiratori, Sachiko Shiratori, Helen Simpkin-Whalen, Jose Soto, Paola Storer, Jane Thompson, John Turner, Rong You, and Shidong Zheng.

[6] The Plaintiffs in the second group are Wilson Asitimbay, Ricardo Asitimbay, Kevin Bhagwan, Naomi Calderon, Neftali Calderon, Daryl Domingo, Yvonne Domingo, Lucky Domingo, Lodi Elmarry, Aynsley Gilbert, Benjamin Gilbert, Maeve Gilbert, Matthew Gilbert, Alina LaTouche, Sang Hoon Lee, Sapir Levinhar, Benedict Moran, Elliot Moran, Rachel Moran, Jack Napier, Molly Napier, Sam Napier, Patrick Roux, James Roux Jr., Naomi Shefi, Roy Shefi, Tabitha Skead, Rachel Thompson, Ella Thompson, Austen Tieri, Jonathan Tieri, William Turner, and Genesis Vasquez.

additional capacity as parent or guardian of previously minor child "G.V.," a child of decedent Azael Vasquez); ECF No. 8487 (granting motion at ECF No. 8396). Third, a small group of Plaintiffs[7] rely on only "HAND FILED" submissions to show their Taliban claims were properly added to the Burnett member case and this MDL post-transfer. These pleadings are not electronically filed on the docket. See, e.g., ECF No. 11312-2 at 6 (Maria Sanchez, citing "1:03-cv-9849, HAND FILED, at P5195"). Two Plaintiffs in this group (Monica Guzman and Maria Rueda-Torres) have prior awards, but their awards correspond to claims under the FSIA against the Islamic Republic of Iran—not the Taliban under state law. See ECF No. 11312-2 at 3, 6.

Finally, Plaintiffs in the last subgroup[8] were initially added to the Burnett and O'Neill member cases as anonymous plaintiffs. They cite notices of amendment purporting to add their full names, but these notices of amendment relate solely to the Burnett complaint adding the Kingdom of Saudi Arabia as a defendant, ECF No. 3477. See ECF No. 11312-2 at 1 (Justin Bennett); No. 02-cv-1616, ECF No. 232-2 at 24 (D.D.C.) (adding "Brother Doe # 116(AP243)" as plaintiff); ECF No. 5296 at 2 (granting substitution of "Justin Michael Bennett" for the "Doe 125" listed in ECF No. 3477 ¶ 255). The Saudia Arabia Complaint does not include the Taliban

---

[7] The Plaintiffs in the third group are Maria Asitimbay Quintuna, Rosa Asitimbay Quintuna, Julia Asitimbay Quintuna, Manuel Llanos Morocho, Gerald Napier, Marjorie Napier, Nancy Rivas Molina, Maria Rueda-Torres, Maria Sacta, and Maria Sanchez.

[8] The Plaintiffs in the fourth group are Justin Bennett, Paul Cudmore, James Cudmore, Bibiano de Chavez, Asuncion de Chavez, Jeannette Diehl, Andrew John, Sheila Morgan, Susan Prothero, David Prothero, and Joanna Wells.

In this group, Jeanette Diehl's pleading situation is unique. ECF No. 11312-2 at 2. Plaintiff Loisanne Diehl was added to the Burnett case as a personal representative, on her own behalf, and "on behalf of the Minor Child." No. 02-cv-1616, ECF No. 29 (D.D.C.). Later, a "Jeanette Berquist" was added to the Complaint bringing claims against the Kingdom of Saudi Arabia. See ECF No. 4311-1 at 9 (proposing substitution of "Jeannette Bergquist" based on inclusion of "Loisanne Diehl"—as plaintiff "on behalf of all survivors" of decedent Michael Diehl—in ECF No. 3477 ¶ 950); ECF No. 4318 (granting motion at ECF No. 4311). The Court can thus infer that Jeanette is the child of Michael Diehl, and that she brings claims against the Kingdom of Saudi Arabia. But the Court cannot supply the missing links that would establish Jeanette's Taliban claims were properly pleaded.

as defendants and, in fact, includes only claims against the Kingdom of Saudi Arabia. See ECF No. 3477 at 334, 411–32. Moreover, this complaint states that it "relates solely to Plaintiffs' claims against the Kingdom of Saudi Arabia, and *does not apply to any other defendants* in the [9/11] MDL." Id. at 340 (emphasis added). These notices cannot establish that the Plaintiffs' claims against the Taliban were properly de-anonymized and correspond to the Plaintiffs listed in counsel's exhibits.

For all of these groups, the Court cannot verify that the Plaintiffs were properly added with IIED claims against the Taliban. The Court thus cannot apply its prior orders on the Taliban's default and state tort liability to these Plaintiffs' default judgment motions. See ECF Nos. 11870 at 29, adopted by 11927 at 15. And the Court has dismissed without prejudice plaintiffs' claims when their motions lacked complete documentation. See, e.g., ECF Nos. 12230 at 12–13, adopted by 12248 at 6 (plaintiffs relying solely on pleadings or notices of amendment not electronically filed); ECF No. 12118 at 2 (plaintiffs failing to include their letters from the Victim Compensation Fund). Accordingly, the Court recommends denying the motions of the Plaintiffs listed in footnotes five to eight without prejudice to their refiling with proof that their state tort claims against the Taliban were properly pleaded.

## III. The Remaining Plaintiffs Establish the Taliban's Liability Under the Applicable State Law

The remaining Plaintiffs ask the Court to find the Taliban liable on their state tort claims. See ECF Nos. 11236 at 8, 11310 at 6, 11314 at 6, 11318 at 5. The Court must inquire into whether there is "a sufficient basis in the pleadings," which are deemed admitted by the Taliban, to establish the Taliban's liability. Di Marco Constructors, 407 F. Supp. 2d at 445; see ECF Nos. 8973 at 4, 11927 at 5, 12248 at 3. This assessment of the factual allegations, and whether they "constitute a legitimate cause of action," is not limited to the legal theories raised in the relevant

complaint. In re Indus. Diamonds Antitrust Litig., 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) (cleaned up); see Bricklayers & Allied Craftworkers Loc. 2 Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187–89 (2d Cir. 2015) (analyzing well-pleaded facts to determine default liability without reference to theories asserted in complaint).

In analyzing the Plaintiffs' state tort claims, the Court must (1) conduct a choice-of-law analysis and (2) determine whether the Taliban are liable under the governing state law for each type of tort. See ECF No. 11927 at 5. The Court first determines that New York's choice-of-law rules apply to the Plaintiffs' claims. It then concludes that under governing New York law, the Taliban are liable to the Plaintiffs on all of their state tort claims.

### A. New York's Choice-of-Law Rules Apply to the Plaintiffs' Claims

Multidistrict litigation courts typically apply the choice-of-law rules "that would have been applied by a state court in the jurisdiction in which a case was filed." Menowitz v. Brown, 991 F.2d 36, 40 (2d Cir. 1993). Following this directive, the Court has applied New York's choice-of-law rules to adjudicate state tort claims in cases initially filed in this district. See, e.g., ECF Nos. 10665 at 8–9, adopted by 10756 at 4 (claims against Iran in Burnett v. Iran, No. 15-cv-9903); ECF Nos. 11870 at 12, adopted by 11927 at 6 (claims against Taliban in Ashton v. al Qaeda, No. 02-cv-6977). The Burnett and O'Neill member cases were initially filed in the District of Columbia, however, and then transferred here to become part of this multidistrict litigation. See ECF No. 1 at 3; No. 04-cv-1076, ECF No. 1 at 1. The transfer occurred for "coordinated or consolidated pretrial proceedings," and in theory, the Burnett and O'Neill member cases will be "remanded" back to their home district at the conclusion of pretrial proceedings. 28 U.S.C. § 1407(a). This quirk of multidistrict litigation thus raises an issue unique to these cases: whether the Court should apply the choice-of-law rules of the District of Columbia (the transferor state) or New York (the transferee state).

As a general matter, federal courts must apply the substantive state law, including the choice-of-law rules, of the state in which their district sits. Menowitz, 991 F.3d at 40 (citing Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941)). When cases are transferred, however, the type of federal case matters. On the one hand, when a federal court hears a *diversity* case post-transfer, the transferee district must "apply the state law that would have been applied if there had been no change of venue." Van Dusen v. Barrack, 376 U.S. 612, 639 (1964) (transfer under federal venue statute 28 U.S.C. § 1404); see De George v. American Airlines, 338 F. App'x 15, 16 (2d Cir. 2009) (apply Van Dusen in § 1407 case). This rule ensures, "with respect to state law," that the venue change will accomplish "a change of courtrooms" only. Van Dusen, 376 U.S. at 639. It also furthers the policies expressed Erie R.R. Co. v. Thompkins, 304 U.S. 64 (1938), and its progeny, that the "'accident' of federal diversity jurisdiction does not enable a party to utilize a transfer to achieve a result in federal court which could not have been achieved in the courts of the State where the action was filed." Van Dusen, 376 U.S. at 638.

On the other hand, when a federal court hears a *federal question* case post-transfer, it must apply its own Circuit's interpretation of federal law. See Menowitz, 991 F.2d at 40; 15 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3867 (4th ed. 2026) ("Accordingly, courts generally conclude . . . that Van Dusen and Ferens do not apply in Section 1407(a) transfers of federal question cases. In other words, the transferee court applies its own interpretation of federal law."). In these scenarios, "the Erie policies served by the Van Dusen decision do not figure in the calculus when the law to be applied is federal, not state." In re Korea Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1175 (D.C. Cir. 1987). The federal law applied in the transferor court thus "merits close consideration, but [it] does not have stare decisis effect in a transferee forum situated in another circuit" Id. at 1176.

The Plaintiffs' claims fit uneasily into this framework. The Burnett and O'Neill member cases raise both federal and state law issues, but the Court must exercise supplemental jurisdiction over Plaintiffs' state law claims against the Taliban because the parties' nationalities make diversity jurisdiction unavailable. See ECF No. 11870 at 7 (concluding that diversity jurisdiction provides no independent basis for subject matter jurisdiction because "aliens" are on both sides of the lawsuit (quoting Universal Licensing Corp. v. Paola de Lungo, 214 F.3d 253, 258 (2d Cir. 2000))). Courts exercising supplemental jurisdiction over state claims in an otherwise federal question case typically apply "the choice-of-law rules of the forum state." Berensen v. Biden, 791 F. Supp. 3d 398, 427 (S.D.N.Y. 2025) (quoting Manning Int'l v. Home Shopping Network, Inc., 152 F. Supp. 2d 432, 436 n.3 (S.D.N.Y. 2001)). But this approach does not account for the § 1407 transfer of these cases from D.C. to New York. Moreover, the Plaintiffs' ability to recover against the Taliban depends on "state-created rights" and not any interpretation of federal law. In re General Motors LLC Ignition Switch Litig., No. 14-md-2543 (JMF), 2017 WL 3382071, at *7 (S.D.N.Y. Aug. 3, 2017) (applying state choice-of-law rules of transferor districts rather than New York). The Erie policies behind the Van Dusen rule—which favor the consistent application of the transferor state's law—matter less here, however, because the Plaintiffs are non-nationals rather than U.S. nationals with allegiances to particular states. For all of these reasons, the Court assesses which choice-of-law approach best "promote[s] the just and efficient conduct" of this litigation. 28 U.S.C. § 1407(a); see In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., No. 00-md-1898 (SAS), 2005 WL 106936, at *3 (S.D.N.Y. Jan. 18, 2005) (referencing the purposes stated in § 1407 in deciding which federal law to apply).

The Court applies New York's choice-of-law rules to the Plaintiffs' state tort claims. First, this has been the Court's approach in assessing state tort claims against the Taliban brought

in other member cases. See ECF Nos. 11870 at 12, adopted by 11927 at 6 (Ashton). Using New York's rules would treat all state tort claims against the Taliban in a consistent manner. It would also assist the Court's "centralized management" of a multiplicity of state tort claims against various defendants in this litigation. In re MTBE, 2005 WL 106936, at *3 (rejecting approach that "would have a debilitating effect on the court's ability to resolve motions in a timely and efficient manner"). Second, many of these Plaintiffs previously obtained awards against Iran on the same state tort grounds. See, e.g., ECF Nos. 10665 at 9, 12–18, adopted by 10756 at 4, 5–6 (using New York choice-of-law rules, determining that Virginia law governs, and finding the Taliban liable on IIED claim to Rui Zheng). While the Plaintiffs, as non-nationals, nominally brought these claims under 28 U.S.C. § 1605B, their causes of action rested on state tort grounds. The Court uniformly applied New York's choice-of-law principles to determine the governing substantive tort law and determine that the Plaintiffs could recover. See ECF Nos. 9931 at 2–3, 10780 at 4, 10980 at 4. Using the same approach would again promote consistency among the same claim types brought by the same plaintiffs against joint tortfeasors. Third, the Plaintiffs all agree that New York's choice-of-law rules should apply. See ECF Nos. 11236 at 9, 11310 at 6, 11314 at 6, 11318 at 5–6. While not dispositive, this agreement is relevant.

Finally, even if the District of Columbia choice-of-law rules applied, and those rules required the use of District of Columbia tort law, the Plaintiffs could still recover on their tort claims. As the Court explains below, the Plaintiffs establish the Taliban's liability under New York law on wrongful death, survival, IIED, and assault and battery. District of Columbia law on these torts is similar in all relevant respects, and the Plaintiffs could also recover the damages they seek in a D.C. federal court.[9] Moreover, given the Taliban's and Iran's defaults, the

[9] In the District of Columbia, "the 'personal representative' of the estate may bring claims for wrongful death on behalf of the deceased's next of kin," under D.C. Code §§ 12-2701, 12-2702, "as well as

likelihood that the Plaintiffs' state tort claims will be remanded back to their home district is exceedingly low. See 28 U.S.C. § 1407(a) ("Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated."). Accordingly, New York's choice-of-law rules should apply to these Plaintiffs' claims.

### B. Under New York's Rules, New York Tort Law Governs All Claims

The first step under New York's rules is determining "whether an actual conflict exists between the laws of the jurisdictions involved." Forest Park Pictures v. Universal Television

---

survival action on behalf of the deceased's estate," under D.C. Code § 12-101. Parker v. Bowser, No. 24-cv-1008 (TSC), 2026 WL 670105, at *2 (D.D.C. Mar. 10, 2026) (quoting Henson v. W.H.H. Trice & Co., 466 F. Supp. 2d 187, 192 (D.D.C. 2006)). Under the wrongful death statute, the representative "may recover pecuniary loss resulting from the death," Runyon v. District of Columbia, 463 F.2d 1319, 1321 (D.C. Cir. 1972), which are "measured as the economic loss caused by the death of [the] person wrongfully killed." Bodoff v. Islamic Republic of Iran, 424 F. Supp. 2d 74, 85 (D.D.C. 2006) (quoting Wagner v. Islamic Republic of Iran, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001)). Likewise, the survival statute permits an estate to "recover for torts that result in death," Henson, 466 F. Supp. 2d at 192, including for "physical and mental pain in the interval between infliction of injury and onset of death." Wagner, 172 F. Supp. at 135 n.11. These statutes mirror New York's statutes and permit recovery of the damages that the Plaintiffs request.

Next, the IIED analysis "under New York law is indistinguishable from that under District of Columbia law." Ben-Rafael v. Islamic Republic of Iran, 540 F. Supp. 2d 39, 56 (D.D.C. 2008). Both states have "effectively identical" elements based on the Restatement (Second) of Torts. See id. (comparing tests); Ortberg v. Goldman Sachs Grp., 64 A.3d 158, 163 (D.C. 2013) (listing three elements). D.C. case law, like New York's, dispenses with the typical presence requirement for claims related to terrorist attacks. See Abedini v. Govt. of Islamic Republic of Iran, 422 F. Supp. 3d 118, 135–36 (D.D.C. 2019) (citing Republic of Sudan v. Owens, 194 A.3d 38, 42 (D.C. 2018)). And D.C. law permits liability to extend to conspiracies to inflict, or aiding and abetting of, IIED. See Ben-Rafael, 540 F. Supp. 2d at 55–56 (finding that in D.C. and New York "the essential elements of civil conspiracy [are] the same"). The Plaintiffs who are immediately family members argue that the Taliban aided and abetted IIED on the analogous grounds under New York law.

Finally, like in New York, assault and battery in the District of Columbia are "related but 'conceptually distinct' torts." Jackson v. District of Columbia, 327 F. Supp. 3d 52, 68 (D.D.C. 2018) (quoting District of Columbia v. Chinn, 839 A.2d 701, 706 n.2 (D.C. 2003)). An assault is "an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to the victim." Etheredge v. District of Columbia, 635 A.2d 908, 916 (D.C. 1993). And a battery is an "intentional act that causes harmful or offensive bodily contact." Id. (cleaned up); see also Tinius v. Choi, 77 F.4th 691, 706 (D.C. Cir. 2023) (using same definitions). These common-law formulations align with New York's definitions of each tort. Moreover, D.C. courts have recognized liability for aiding and abetting (or participating in a civil conspiracy to accomplish) intentional torts like assault and battery. See Kurd v. Republic of Turkey, 374 F .Supp. 3d 37, 49–51 (D.D.C. 2019) (gathering cases).

Network, Inc., 683 F.3d 424, 433 (2d Cir. 2012). An actual conflict exists if the laws of the states involved "provide different substantive rules" that are "relevant to the issue at hand" and "have a significant possible effect on the outcome of the trial." Elmaliach v. Bank of China, 110 A.D.3d 192, 200 (1st Dep't 2013); see Fin. One Pub. Co. v. Lehman, 414 F.3d 325, 331 (2d Cir. 2005). "If no actual conflict exists, and if New York is among the relevant jurisdictions, the court may simply apply New York law." Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 672 F.3d 155, 157 (2d Cir. 2012); see also Park Place Entm. v. Transcontinental, 225 F. Supp. 2d 406, 408-10 (S.D.N.Y. 2002).

If a conflict between states exists in a tort case, however, the Court "applies the law of the state with the most significant interest in the litigation." Kinsey v. N.Y. Times Co., 991 F.3d 171, 176 (2d Cir. 2021). This interest analysis depends on the type of tort claim. For "conduct-regulating laws," like IIED, the "place of the tort" governs—*i.e.*, the place where "the last event necessary to make the [defendant] liable occurred." Padula v. Lilarn Props. Corp., 84 N.Y.2d 519, 522 (1994); Schultz v. Boy Scouts of Am., Inc., 65 N.Y.2d 189, 195, 198 (1985). For "loss-allocating" torts, like wrongful death and survival claims, courts apply rules based on the plaintiffs' and defendants' domiciles. See Grosshandels-Und Lagerei-Berufsgenossenschaft v. World Trade Ctr. Props., LLC, 435 F.3d 136, 139 (2d Cir. 2006); see ECF No. 11870 at 13–14 (stating three rules derived from Neumeier v. Kuehner, 31 N.Y.2d 121, 128 (1972), and related cases). In cases involving a multiplicity of parties, the Court applies these rules on a tort-by-tort basis, "consider[ing] each plaintiff vis-à-vis each defendant." Edwards v. Erie Coach Lines Co., 17 N.Y.3d 306, 329 (2011).

Of the remaining Plaintiffs' claims, almost all of the relevant decedents perished at the WTC site in New York. The Court has found multiple times that New York tort law governs

wrongful death, survival, assault and battery, and IIED claims related to 9/11 decedents that perished at the WTC site in New York. See ECF Nos. 11927 at 7, 9287 at 3–5 (wrongful death, survival, and IIED claims against the Taliban and Iran), 9666 at 7 (assault and battery claims against Iran for injuries at WTC site). For those claims, the "last event necessary to make the [Taliban] liable occurred" when the al Qaeda operatives crashed two airliners into the Twin Towers. ECF Nos. 11870 at 14, adopted by 11927 at 7; Schultz, 65 N.Y.2d at 195; accord In re Air Crash Near Clarence Ctr., N.Y., 983 F. Supp. 2d 249, 254–55 (W.D.N.Y. 2013). The Court thus analyzes whether the Taliban are liable to these Plaintiffs under New York law.

One plaintiff brings claims related to the deaths of his parents at the Pentagon site in Virginia. This Plaintiff, Rui Zheng, was a Chinese national on September 11, 2001, as were his parents, Shuyin Yang and Yuguang Zheng. See ECF No. 11312-2 at 7. For Rui's two IIED claims, the Court might apply the laws of China (Zheng's domicile), Afghanistan (the Taliban's domicile), Virginia (the place of the tort), or New York (the forum state). Of these potentially relevant jurisdictions, New York law governs Zheng's IIED claims. The Court recently considered analogous IIED claims tied to Virginia-based deaths against the Taliban. For these claims, no actual conflict exists between New York and Virginia tort law. See ECF Nos. 11870 at 17, adopted by 11927 at 7–8. New York and Virginia both recognize causes of action for IIED claims based on the same core elements from the Restatement (Second) of Torts. See Restatement (Second) of Torts § 46 (Am. L. Inst. 1965); Howell v. N.Y. Post Co., 81 N.Y.2d 115, 121 (1993) (citing Restatement and listing four elements); Womack v. Eldridge, 215 Va. 338, 341–342 (1974) (citing Restatement and listing almost identical elements). And both states permit IIED claims based on injuries caused to third parties. See Burnett v. Al Baraka Inv. & Dev. Corp., 274 F. Supp. 2d 86, 108 (D.D.C. 2003) (quoting Maney v. Maloney, 101 A.D.2d

403, 404 (3d Dep't 1984)) (applying New York law and holding that family members stated IIED claim "when the conduct 'cause[d] injury to a third person'"); Blais v. Islamic Republic of Iran, 459 F. Supp. 2d 40, 57–58 (D.D.C. 2006) (citing Morgan v. Foretich, 846 F.2d 941, 950–51 (4th Cir. 1988)) (applying Virginia law and holding that parents stated IIED claim due to defendants' material support and facilitation of a terrorist attack that severely injured and nearly killed their son). New York law thus governs Zheng's IIED claims.

Accordingly, all of the remaining Plaintiffs' claims are governed by New York law. The Court analyzes each type of tort claim under the applicable New York law below.

### C. The Taliban Are Liable to the Plaintiffs under New York Law

The Court first considers the Plaintiffs' claims governed by New York law: the wrongful death, survival, IIED, and assault and battery claims tied to the NY Decedents, plus Zheng's two IIED claims for his parents' deaths during the Pentagon attack. The Plaintiffs' allegations establish that the Taliban are liable under New York law for all of these claims.

#### 1. Wrongful Death

Both Burnett and O'Neill Plaintiffs bring wrongful death claims and seek economic damages. See Appendix, Ex. A. New York's Estates, Powers & Trusts Law ("N.Y. EPTL") § 5-4.1 imposes liability for (1) the "death of a human being" where (2) "a wrongful act, neglect or default . . . caused the decedent's death," (3) the decedent's survivors "suffered pecuniary loss by reason of the decedent's death," and (4) a "personal representative" has been appointed to represent the decedent. Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 398 (S.D.N.Y. 2013).

The Plaintiffs' allegations meet all four requirements. First, the Plaintiffs listed in Exhibit A all assert claims on behalf of people killed in the 9/11 Attacks at the WTC site in New York City. See ECF Nos. 11240-4, 11316-3. Second, as the Court has previously determined, the

Taliban's provision of material support to al Qaeda proximately caused the 9/11 Attacks and resulting deaths in New York. See ECF Nos. 8929 at 12, adopted by 8973 at 9 (U.S. nationals); ECF Nos. 11870 at 19, adopted by 11927 at 9 (non-nationals). Because the Taliban's material support to al Qaeda also "support[s] liability for personal injuries," it satisfies the "core requirement that wrongful death claims be predicated on conduct for which the defendant 'would have been liable to the decedent . . . if death had not ensured.'" ECF No. 9931 at 3–4 (concluding the same for New York wrongful death claims against Iran for its material support of al Qaeda); In re Terrorist Attacks on Sept. 11, 2001 ("In re 9/11"), 349 F. Supp. 2d 765, 829 (S.D.N.Y. 2005) (finding that plaintiffs stated New York wrongful death claims where they alleged that the "[d]efendants supported, aided and abetted, or conspired with the September 11 terrorists"). Third, the survivors of the Plaintiffs in Exhibit A each suffered pecuniary losses, as detailed in their expert reports previously filed or submitted with these default judgment motions. See ECF Nos. 11238 ¶¶ 19–25, 11315 ¶¶ 15–17. Finally, each of the estates is represented by a court-appointed personal representative that was properly added to this litigation. See ECF Nos. 11238 ¶ 7, 11315 ¶¶ 5, 13. Accordingly, the Court recommends granting the Plaintiffs' default judgment motions for the wrongful death claims of the estates listed in the attached Exhibit A.

**2. Survival**

Both Burnett and O'Neill Plaintiffs bring survival claims and seek pain and suffering damages. See Appendix, Ex. B. N.Y. EPTL § 11-3.2(b) preserves causes of action "for injury to [a] person" after that injured person's death. Estates may bring claims under this statute in tandem with section 5-4.1 wrongful death claims to permit estates to recover for "pain and suffering prior to death" due to a "decedent's injuries." Johnson v. N.Y. State Police, 659 F. Supp. 3d 237, 260–61 (N.D.N.Y. 2023). The Plaintiffs listed in the attached Exhibit B sustained fatal injuries during the Attacks, all at the WTC site in New York City. As the Court previously

explained in granting default judgments to U.S. nationals and non-nationals, the Taliban are liable for aiding and abetting the hijackings that produced personal injuries and ultimately deaths of the Plaintiffs. See ECF Nos. 8929 at 11–13, adopted by 8973 at 9 (U.S. nationals); ECF Nos. 11870 at 20, adopted by 11927 at 9 (non-nationals). The Court therefore recommends granting the default judgment motions for the survival claims of the Plaintiffs listed in Exhibit B.

**3. Intentional Infliction of Emotional Distress**

Both Burnett and O'Neill Plaintiffs bring IIED claims and seek solatium damages. See Appendix, Ex. C. Under New York law, the tort of IIED "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." Howell, 81 N.Y.2d at 121. Liability for IIED may extend to those who aid and abet the primary tortfeasor. See Rich v. Fox News Network, LLC, No. 18-cv-2223 (GBD), 2020 WL 5768430, at *5–6 (S.D.N.Y. Sept. 25, 2020) (analyzing claim for aiding and abetting IIED). It also typically extends to conduct that "causes injury to a third person, thereby intentionally or recklessly causing severe emotional distress to a member of such person's [immediate] family who is present at the time." Maney, 101 A.D.2d at 405–06.

Courts have adapted these requirements to the particular context of terrorist attacks. "All acts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress, literally, terror, in their targeted audience . . . ." Stethem v. Islamic Republic of Iran, 201 F. Supp. 2d 78, 89 (D.D.C. 2002). Courts have also dispensed with the typical presence requirement for third-party IIED claims (for both New York state law claims and analogous solatium claims under the FSIA), because "a terrorist attack—by its nature—is directed not only at the victims but also at the victims' families." ECF No. 3363 at 3 (quoting Salazar v. Islamic Republic of Iran, 370 F. Supp. 2d 105, 115 n.12 (D.D.C. 2005)). The

immediate family members were "not physically present at the World Trade Center, or at the Pentagon, or at Shanksville, but the whole world was virtually present, and that is enough" for stating an IIED claim. Burnett, 274 F. Supp. 2d at 108 (concluding that plaintiffs stated an IIED claim under New York law against charity that allegedly aided and abetted the 9/11 hijackers).

The Plaintiffs asserting IIED claims have demonstrated the Taliban's liability for IIED. Pursuant to the allegations in the Burnett and O'Neill complaints, the Taliban aided and abetted al Qaeda by knowingly providing substantial assistance in plotting the 9/11 Attacks. See, e.g., ECF No. 8702 ¶¶ 237–45; ECF Nos. 8973 at 9, 11927 at 10. The 9/11 Attacks were "[a]cts of terrorism" that were "by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." Flanagan v. Islamic Republic of Iran, 87 F. Supp. 3d 93, 115 (D.D.C. 2015); see also In re 9/11, 349 F. Supp. 2d at 830 (stating that the 9/11 Attacks "were undoubtably extreme and outrageous"). The first two elements are satisfied. The Attacks resulted in the public murder of the immediate family members of the Plaintiffs listed in Exhibit C and caused severe and ongoing emotional distress, as the Court has recognized in many contexts in this MDL. See, e.g., ECF Nos. 3358 at 8, 9931 at 5–6, 11927 at 11. The last two elements are therefore satisfied. See ECF Nos. 11870 at 22–23, adopted by 11927 at 10–11 (finding all elements met and the Taliban liable on IIED claims of other non-national plaintiffs). Accordingly, the Court recommends granting the default judgment motions for the IIED claims of the Plaintiffs listed in Exhibit C.

#### 4. Assault and Battery

Only Burnett Plaintiffs request personal injury damages for their assault and battery claims. Their governing complaint did not include separate causes of action for state assault or battery, but it did include aiding and abetting and conspiracy counts. See No. 02-cv-1616, ECF No. 29 ¶¶ 677–88 (D.D.C). The Plaintiffs now identify as the "appropriate claims" for their

factual allegations the assault and battery causes of action. See ECF No. 11318 at 1 n.1, 6. As the Court has recognized in other default judgment orders, it may grant relief for separate causes of action raised in briefing but not initially pleaded in the operative complaint. See ECF No. 9506 at 8–9 (finding that non-national plaintiff could pursue assault and battery claim against Iran under New York Law despite not pleading it in his complaint); Oveissi v. Islamic Republic of Iran, 573 F.3d 835, 840 (D.C. Cir. 2009) (stating that an FSIA plaintiff "d[oes] not have to identify [a] specific source of law in his complaint"). The Court therefore considers whether the Plaintiffs' allegations, deemed admitted by the Taliban, satisfy the elements of the assault and battery claims that the Plaintiffs now assert.

Assault and battery claims turn on largely overlapping elements. Committing an "assault involves putting" the plaintiff in "fear" or apprehension of a battery. Rivera v. State, 34 N.Y.3d 383, 389 (2019) (cleaned up). A battery, in turn, requires someone to intentionally and unjustifiably "cause" harmful or offensive "bodily contact" with the plaintiff. Id. (cleaned up). Qualifying contact can be made by the person himself or "by means of an instrumentality." Aberbach v. Biomedical Tissue Servs., Ltd., 48 A.D.3d 716, 718 (2d Dep't 2008).

Importantly, liability for assault and battery extends beyond the principal tortfeasor to those who aided and abetted him.[10] See Lindsay v. Lockwood, 625 N.Y.S.2d 393, 396–98 (N.Y. Sup. Ct. 1994). To prevail on an aiding and abetting theory, the plaintiff must show that: (1) a third party's "wrongful act" injured the plaintiff, (2) the defendant "knowingly and substantially assisted" the third party's misconduct, and (3) the defendant was "aware of his role" in "tortious activity" when he gave that assistance. Id. at 397 (quoting Halberstam v. Welch, 705 F.2d 472,

[10] As in past decisions, the Court "does not address alternative theories of liability, such as conspiracy, because it recommends holding [the Taliban] liable under aiding-and-abetting principles." ECF Nos. 9506 at 11 n.5, adopted by 9666 at 8 n.6.

477 (D.C. Cir. 1983)). A defendant's assistance may come in "words or [actions]," McKiernan v. Vaccaro, 168 A.D.3d 827, 830 (2d Dep't 2019), but regardless must "connect[]" him to the misconduct that "caus[ed] the injury," Lindsay, 625 N.Y.S.2d at 397. When deciding whether a defendant's conduct meets this standard, New York courts consider "the nature of the act encouraged, the amount of assistance given by the defendant, his presence or absence at the time of the tort, his relations to the [tortfeasor,] and his state of mind." Id. (quoting Restatement (Second) of Torts § 876, cmt. d (Am. L. Inst. 1979)).

In plain terms, the Taliban are liable for aiding and abetting assault and battery if: (a) al Qaeda intentionally used a hijacked aircraft to injure and inspire fear in 9/11 victims, including the Plaintiffs in Exhibit D; and (b) the Taliban knew of al Qaeda's plan to attack the United States and gave the terrorist organization substantial help in carrying out its strike. See ECF No. 9506 at 12 (same approach). The Court's previous decisions about the Taliban's liability, combined with the Plaintiffs' filings in the Burnett and O'Neill cases, leave little room for debate on either point.

First, the Plaintiffs' evidence establishes that the 9/11 hijackers committed assault and battery. Al Qaeda operatives turned passenger planes into weapons used to bring down the Twin Towers, terrorizing and injuring thousands within the collapse zone. See In re 9/11, 2011 WL 13244047, at *1 (S.D.N.Y. Dec. 22, 2011). The Plaintiffs listed in Exhibit D were all injured at the WTC Site, as recounted in their respective affidavits previously filed with the Court. See, e.g., ECF No. 10727 at 26 (Azenabor), 34–35 (Almendarez). The fear and physical trauma these Plaintiffs experienced were unquestionably "intentional and offensive," Rivera, 34 N.Y.3d at 389, and the direct product of al Qaeda's use of an aircraft as an "instrumentality" of destruction. Aberbach, 48 A.D.3d at 718.

Second, the plaintiffs' uncontroverted submissions establish that the Taliban aided and abetted the Attacks. The Taliban knew of the plan to crash civilian airliners into American cities. See No. 02-cv-1616, ECF No. 29 at 217–18; id. ¶¶ 638–88 (D.D.C.). The Taliban provided direct support to al Qaeda specifically for the 9/11 Attacks in the form of planning, funding, facilitation of the hijackers' travel and training, and logistics. Id. This material support, knowingly provided by the Taliban, improved the likelihood of the operational success of the 9/11 Attacks. Id. Moreover, the Court has found that identical allegations against the Taliban established not only aiding-and-abetting liability, but primary liability, under the Anti-Terrorism Act, 18 U.S.C. § 2333. See ECF Nos. 8929 at 11–13, adopted by 8973 at 9. New York courts have found liability for aiding and abetting battery based on far less "substantial" assistance. Lindsay, 625 N.Y.S.2d at 397; see, e.g., Wilson v. DiCaprio, 278 A.D.2d 25 (1st Dep't 2000) (affirming liability for assault and battery where defendant shouted encouragement for main tortfeasors).

Altogether, this evidence establishes the elements of assault and battery under New York law. The Court thus recommends granting the default judgment motions on the assault and battery claims of the Plaintiffs listed in Exhibit D.

* * *

Accordingly, the Court recommends granting the default judgment motions for all tort claims against the Taliban brought by the Plaintiffs listed in Exhibits A, B, C, and D.[11]

[11] The Court has previously explained that it will not *sua sponte* invoke affirmative defenses, such as the statute of limitations, on behalf of absent defendants. See ECF No. 8973 at 8–9 (citing Davis v. Bryan, 810 F.2d 42, 44 (2d Cir. 1987); Sec. & Exch. Comm'n v. Amerindo Inv. Advisors, 639 F. App'x 752, 754 (2d Cir. 2016); Maalouf v. Islamic Republic of Iran, 923 F.3d 1095, 1114–15 (D.C. Cir. 2019)). As such, any potential defenses to the Taliban's liability under New York tort law do not preclude judgment here.

## IV. The Appropriate Damages

All that remains is assessing damages. The Court recommends granting the wrongful death, survival, IIED, and assault and battery claims of the Plaintiffs listed in the Appendix. Their claims are purely state tort causes of action, and thus treble damages under the ATA are not available. See ECF No. 8929 at 13 (ATA supports "threefold" damages for only U.S. nationals). The Court also recently awarded damages—consistent with its existing frameworks developed under the ATA and the FSIA—to non-national plaintiffs with analogous state tort claims. See ECF No. 11927 at 12–14. This decision applies here. The Court briefly discusses each damages category below.

First, the Plaintiffs listed in Exhibit A may recover economic damages. New York's wrongful death statute permits the recovery of "pecuniary loss" suffered by a decedent's survivors due to their death. Chamberlain, 986 F. Supp. 2d at 398; see N.Y. EPTL § 5-4.3(a). The Court has previously awarded economic damages against the Taliban and Iran under the same New York statue for "economic losses stemming from the wrongful death of the decedent." See ECF Nos. 9931 at 4, 7, 11927 at 12–13. The Plaintiffs in Exhibit A each provide either (1) a report from an economic expert estimating the economic losses to each estate as a result of the Plaintiffs' death, or (2) a citation to a prior order, in which the Court awarded the estate economic damages based on a previously filed expert report. See ECF No. 11240-4 at 1 (citing expert reports submitted as sealed exhibits to ECF No. 11238); ECF No. 11316-3 at 1 (noting prior orders and previously filed reports for each estate). The Court accepts these calculations and recommends awarding the economic damages listed for all Plaintiffs in Exhibit A.

Second, the Plaintiffs listed in Exhibit B may recover pain and suffering damages. Under New York's survival statute, estates may recover for "pain and suffering prior to death." Johnson, 659 F. Supp. 3d at 260–61; see also N.Y. EPTL § 11-3.3(a). The Court has consistently

awarded $2,000,000 for pain and suffering damages to the estates of 9/11 victims, based on prior court decisions and to maintain parity between all decedents who suffered greatly during the 9/11 Attacks. See, e.g., ECF Nos. 3226, 8973 at 9–10 (before trebling damages per the ATA). The same framework applies to the survival claims of non-nationals. See ECF No. 11927 at 13. The Court therefore recommends awarding the pain and suffering damages for all Plaintiffs listed in Exhibit B. See ECF Nos. 11240-3, 11316-2.

Third, the Plaintiffs listed in Exhibit C may recover solatium damages. New York IIED law permits immediate family members' recovery of damages for their severe emotional distress. See Maney, 101 A.D.2d at 405 (stating that damages may be available for family member's IIED claim); Reilly v. Garden City Union Free Sch. Dist., 89 A.D.3d 1075 (2d Dep't 2011) (same); Turley v. ISG Lackawanna, Inc., 774 F.3d 140, 161–62 (2d Cir. 2014) (affirming that evidence supported IIED claim and compensatory damages award under New York law). In this litigation, the Court has often reasoned that solatium claims under the FSIA are "nearly indistinguishable from" IIED claims under state law. See ECF No. 9931 at 6; Fraenkel v. Islamic Republic of Iran, 892 F.3d 348, 357 (D.C. Cir. 2018) (cleaned up). It has then applied the same damages framework for both state law and FSIA claims: $12,500,000 for spouses, $8,500,000 for children, $8,500,000 for parents, and $4,250,000 for siblings. See ECF Nos. 9931 at 6, 2623 at 4. Likewise, the Court has used this framework for awarding solatium damages against the Taliban to both U.S. nationals and non-nationals. See ECF Nos. 8973 at 9–10, 11927 at 13–14. Here, all of the Plaintiffs listed in Exhibit C are immediate family members of 9/11 decedents. See ECF Nos. 11238 ¶ 5, 11311 ¶¶ 5–6, 14. Certain Plaintiffs already received solatium damages awards against Iran (under the FSIA) based on the same family relationships listed in Exhibit C. See,

e.g., ECF Nos. 11240-2 at 1 (Forde), 11312-2 at 1 (Basnicki). The Court thus recommends awarding solatium damages for all Plaintiffs listed in Exhibit C.

Fourth, the Plaintiffs listed in Exhibit D may recover personal injury damages. Victims of assault and battery can recover compensatory damages for pain and suffering and the economic harm traceable to their injuries. See Allam v. Meyers, 906 F. Supp. 2d 274, 286–94 (S.D.N.Y. 2012); Restatement (Second) of Torts § 924. The Court initially established and elaborated its damages framework for personal injury claims through multiple cases under the FSIA. This framework divides injuries into three categories with corresponding damages: a baseline award ($7,000,000) for "severe" injuries, a downward departure ($5,000,000) for "significant" injuries, and an upward departure ($10,000,000) for "devastating" injuries. See ECF Nos. 5879 at 6–10, adopted by 5946 at 3. For rare individuals for exceptionally traumatic injuries, the Court has recommended damages above $10 million. See, e.g., ECF No. 5909 at 11–13 (awarding damages of $25,000,000 to a plaintiff with "beyond devastating" injuries). The Court has applied this framework in individually assessing personal injury claims for plaintiffs that suffered physical injuries, fatal latent conditions, and non-fatal latent conditions. See, e.g., ECF Nos. 5879 at 10–26, 8901 at 8–13, 11400 at 20–21. And the Court has awarded damages for personal injury claims under the ATA and state tort law. See, e.g., ECF No. 10265 at 2 (against the Taliban per ATA); ECF Nos. 9506 at 15–16, adopted by 9666 at 9–10 (against Iran pursuant to New York assault and battery law).

Here, the Plaintiffs listed in Exhibit D all ask for pain and suffering damages for their physical injuries and latent conditions. See ECF No. 10727 at 26–36 (addressing each Plaintiffs' injuries). All of these Plaintiffs received prior damages awards against Iran for the same personal injuries. The Court adopted individual analyses for each Plaintiffs from the corresponding Report

& Recommendation, ECF No. 10727, which evaluated these Plaintiffs' proffered evidence and determined the damages appropriate for their documented injuries. See, e.g., ECF No. 10780 at 6–8. None of these Plaintiffs assert that their documented injuries have changed. The Court thus adopts these previous analyses as sufficient support for the Plaintiffs' requests for damages from the Taliban. See, e.g., ECF No. 12248 at 6 (taking same approach for ATA claims). The Court thus recommends awarding pain and suffering damages for all personal-injury Plaintiffs listed in Exhibit D. See ECF No. 11319-1.

Finally, all Plaintiffs listed in the attached Exhibits ask for the Court to defer consideration of their punitive damages and, separately, to recover prejudgment interest. See ECF Nos. 11240 at 2, 11316 at 3, 11312 at 2, 11320 at 2. New York law permits the recovery of punitive damages for the Plaintiffs' wrongful death and survival claims. See N.Y. EPTL §§ 5-4.3(b), 11-3.2(b). Under New York law, punitive damages are also available for assault and battery claims under certain conditions. See Allam, 906 F. Supp. 2d at 290–94. The Court finds that deferral is warranted. See ECF Nos. 11927 at 14 (taking same approach). In addition, the Court determines that a prejudgment interest rate of 4.96 percent per annum, compounded annually, is appropriate, consistent with its prior orders awarding default judgments against the Taliban, see ECF Nos. 8973 at 11, 11927 at 14, and against Iran, see ECF No. 11661 at 3.

## CONCLUSION

The Court recommends GRANTING the Plaintiffs' default judgment motions at ECF Nos. 11235, 11313, and 11317 and GRANTING IN PART AND DENYING IN PART the Plaintiffs' default judgment motion at ECF No. 11309. Specifically, it recommends:

- GRANTING partial default judgments to the Plaintiffs listed in the attached Exhibits A, B, C, and D, subject to the corrections listed in the Appendix;

- awarding the Plaintiffs listed in the Exhibits damages as provided in ECF Nos. 11240-2, 11240-3, 11240-4, 11312-2, 11316-2, 11316-3, and 11319-1, subject to the corrections listed in the Appendix;
- awarding prejudgment interest assessed at 4.96 percent per annum, compounded annually, for (1) the period from September 11, 2001, until the date of judgment, for the pain and suffering and solatium damages listed in Exhibits B, C, and D; and (2) the period from the "Date of Report" until the date of judgment, for the economic damages listed in Exhibit A; and
- permitting the Plaintiffs listed in the Exhibits to seek punitive, economic, or other damages at a later date, to the extent such damages were not sought in these motions.

The Court recommends DENYING the Plaintiffs' default judgment motion at ECF No. 11309 as to Plaintiffs *not* listed in the attached Exhibits but included in ECF No. 11312-2. This denial should be without prejudice to these Plaintiffs refiling with proof that their state tort claims against the Taliban were properly pleaded.

The Court further recommends permitting the Burnett and O'Neill Plaintiffs not listed in the attached Exhibits to apply for default judgment awards at later stages, to the extent such awards have not been previously addressed.

Finally, the parties must notify the Court by no later than **Friday, September 25, 2026**, if they intend to file objections to this Report & Recommendation (as provided below).

SARAH NETBURN
United States Magistrate Judge

DATED: September 21, 2026
New York, New York

* * *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have 14 days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 6(a), 6(d). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2); see Fed. R. Civ. P. 6(a), 6(d). These objections shall be filed with the Court and served on any opposing parties. See Fed. R. Civ. P. 72(b)(2). Courtesy copies shall be delivered to the Honorable George B. Daniels if required by that judge's Individual Rules and Practices. Any requests for an extension of time for filing objections must be addressed to Judge Daniels. See Fed. R. Civ. P. 6(b). The failure to file timely objections will waive those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. James, 712 F.3d 79, 105 (2d Cir. 2013).

## APPENDIX

The Court recommends correcting what it interprets as typos or omissions in the following Exhibits. The row numbers correspond to the attached Exhibits.

**Exhibit A**

- Rows #1–13: Adding citations to ECF No. 11238-5, which corresponds to Exhibit C-3a of the Goldman Declaration
- Row #13: Adding a citation to ECF No. 8702 at 52, which matches the original complaint reference for decedent Norbert Szurkowski
- Row #14: Correcting the Date of Report" to 1/11/16 and the damages amount to $7,407,342 to match the underlying expert report at ECF No. 3194-12
- Row #16: Correcting the Date of Report" to 1/10/20 and the damages amount to $5,416,710 to match the underlying expert report at ECF No. 9735-3
- Rows #20–22, 25, 27, 29–34, 36, 38: Correcting the citation for the underlying expert reports to ECF No. 9735-4
- Rows #28, 35, 37: Adding citations to ECF No. 11315-3, which corresponds to the expert reports filed with the default judgment motion
- Row #30: Adding citation to ECF No. 8391-1 at 64 as correct amendment filing

**Exhibit B**

- Row #25: Adding citation to ECF No. 8393-1 at 11 as the correct amendment filing
- Row #27: Adding citation to ECF No. 8391-1 at 64 as the correct amendment filing
- Row #52: Adding citation to ECF No. 8391-1 at 13 as the correct amendment filing

**Exhibit C**

- Row #4: Adding citation to ECF Nos. 8393-1 at 912 (56), 8487 as correct amendment filing that confirms "Child" relationship for Sydney Arczynski
- Row #5: Adding citation to ECF Nos. 8393-1 at 911 (56), 8487 as correct amendment filing that confirms "Spouse" relationship for Lori Arczynski
- Row #7: Adding citation to ECF Nos. 8393-1, at 46 (742), 8487 as the correct substitution filing for Maureen Basnicki
- Row #10: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing for Adrian Bennett
- Row #11: Correcting citation for amendment filing for Joy Bennett to ECF Nos. 8393-1, at 62, 8487, which corresponds the initial reference for "AP276" in the relevant complaint
- Row #14: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing for Derek Bristow
- Row #15: Correcting the relationship between Isoline Broomfield and Keith Broomfield to "Spouse" (matching the relevant complaint) and, as result, correcting the damages amount awarded

- Row #17: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing that confirms "Spouse" relationship for Marino Calderon
- Row #47: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing that confirms "Sibling" relationship for Jennifer Ewart
- Row #58: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing that confirms "Spouse" relationship for Elizabeth Gilligan
- Row #62: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing that confirms "Parent" relationship for Peter Hopwood
- Row #66: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing that confirms "Sibling" relationship for Yassin Johnson
- Row #70: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing that confirms "Spouse" relationship for Maureen Kelly
- Row #73: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing that confirms "Spouse" relationship for Victoria Lawn
- Row #74: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing that confirms "Spouse" relationship for Kui Lee
- Row #75: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing that confirms "Spouse" relationship for Mi Yong Lee
- Row #92: Correcting first name from "Fani" to "Fanny" to match the relevant complaint
- Row #97: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing that confirms "Spouse" relationship for Nicola Napier
- Row #98: Changing claimant's last name from "Osborn" to "Turner" to match the relevant complaint and amendment notice
- Row #98: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing that confirms the name and "Spouse" relationship for Elizabeth Rachel Turner
- Row #110: Changing citation to correct amendment filing at ECF Nos. 8487/8393-1, which corresponds to the citation to the relevant complaint for Keith Rogers
- Row #111: Changing citation to correct amendment filing at ECF Nos. 8487/8393-1, which corresponds to the citation to the relevant complaint for Angela Rogers
- Row #127: Changing first name from "Gayle" to "Gail" to match the relevant complaint
- Row #131: Correcting citation in the relevant complaint from "4542" to "4543" for Keith Thompson
- Row #140: Changing first name to "Elizabeth Louise," rather than just "Louise," to match the relevant complaint
- Row #140: Adding citation to ECF Nos. 8487/8393-1 as the correct substitution filing that confirms "Spouse" relationship for Elizabeth Louise Moran Wilson-Smith

**Exhibit D**

- Row #6: Correcting complaint reference to "1492" for Jose Nivar
- Row #7: Correcting complaint reference to "1535" for Manuela Pichardo

A. Estates - Economic

| | Personal Representative | | | | 9/11 Decedent | | | | | | | Claim Information | | | | Economic Damages | | | | | Judgment | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Default Judgment Motion | Report | Date of Report | Prior Award | Amount | Treble | Principal | Start Date | End Date | Notes |
| 1 | BNY | | Mellon | | Ivhan | Luis | Bautista | | Peru | 9/11/01 | NY | 04cv01076 | 8702 at 168 | | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 1 | 5/1/25 | | $ 4,050,446.00 | | $ 4,050,446.00 | 5/1/2025 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 2 | Lidia | | Alvarez | | Juan | Pablo Alvarez | Cisneros | | Guatemala | 9/11/01 | NY | 04cv01076 | 8702 at 250 | 9288 at 5 (granted at 9303) | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 24 | 5/1/24 | 10292 at 6 | $ 2,205,587.00 | | $ 2,205,587.00 | 5/1/2024 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 3 | Jermaine | | Cook | | Helen | | Cook | | Honduras | 9/11/01 | NY | 04cv01076 | 8702 at 26 | | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 47 | 5/1/24 | 10292 at 6 | $ 2,143,658.00 | | $ 2,143,658.00 | 5/1/2024 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 4 | Angela; Charlene; Deborah | | Alleyne; Forde; Cremona a/k/a Forde | | Godwin | | Forde | | United Kingdom | 9/11/01 | NY | 04cv01076 | 8702 at 46 | | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 70 | 12/1/24 | | $ 809,146.00 | | $ 809,146.00 | 12/1/2024 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 5 | Gillian | | Gransaull-Joseph | | Stephen | | Joseph | | Trinidad and Tobago | 9/11/01 | NY | 04cv01076 | 8702 at 250 | | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 94 | 3/1/24 | 10292 at 6 | $ 2,385,475.00 | | $ 2,385,475.00 | 3/1/2024 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 6 | Zahro a/k/a Zakhro | | Kamardinova | | Gavkharoy | | Kamardinova | | Uzbekistan | 9/11/01 | NY | 04cv01076 | 8702 at 72 | | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 117 | 3/1/24 | 10292 at 6 | $ 905,157.00 | | $ 905,157.00 | 3/1/2024 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 7 | Shweta | | Khandelwal | | Rajesh | | Khandelwal | | India | 9/11/01 | NY | 04cv01076 | 8702 at 244 | | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 140 | 12/1/24 | 10984 at 4 | $ 3,388,467.00 | | $ 3,388,467.00 | 12/1/2024 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 8 | Anne | Lynn | Hayashi | | Stuart | (Soo-Jin) | Lee | | Canada | 9/11/01 | NY | 04cv01076 | 8702 at 252 | | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 163 | 10/1/24 | 10984 at 4 | $ 7,251,693.00 | | $ 7,251,693.00 | 10/1/2024 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 9 | Nur; Rokshana | | Miah; Miah | | Nurul | Haque | Miah | | Bangladesh | 9/11/01 | NY | 04cv01076 | 8702 at 97, 246 | | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 186 | 11/1/24 | 10984 at 4 | $ 2,211,853.00 | | $ 2,211,853.00 | 11/1/2024 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 10 | Marina | Z. | Perez | | Alejo | | Perez | | Dominican Republic | 9/11/01 | NY | 04cv01076 | 8702 at 117 | | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 209 | 1/1/25 | | $ 80,516.00 | | $ 80,516.00 | 1/1/2025 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 11 | Haleema | | Salie | | Rahma | | Salie | | Sri Lanka | 9/11/01 | NY | 04cv01076 | 8702 at 138 | | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 232 | 7/1/24 | 10292 at 6 | $ 4,972,584.00 | | $ 4,972,584.00 | 7/1/2024 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 12 | Josephine | | Fink | | Derek | O. | Sword | | United Kingdom | 9/11/01 | NY | 04cv01076 | 8702 at 195 | 10777 at 11 (granted at 10784) | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 255 | 7/1/24 | 10292 at 6 | $ 10,161,541.00 | | $ 10,161,541.00 | 7/1/2024 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 13 | Ursula | | Andrus | | Norbert | P. | Szurkowski | | Poland | 9/11/01 | NY | 04cv01076 | 8702 at 52 | 10970, 10972-1 at 2 (granted at 10979) | 11235 | 11238-5; See Exhibit C-3a to Declaration of Jerry S. Goldman, Esq. at page 277 | 7/1/24 | 10306 at 5 | $ 4,834,972.00 | | $ 4,834,972.00 | 7/1/2024 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 14 | Kui | Liong | Lee | | Siew-Nya | | Ang | | Malaysia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4108 | 8393-1, at 75, 8487 | 11313 | 3194-12 | 1/11/16 | 3905 | $ 7,407,342.00 | | $ 7,407,342.00 | 1/11/2016 | | |
| 15 | Maria | Celeste | Aryee | | Japhet | | Aryee | | Ghana | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4113 | 8393-1, at 32, 8487 | 11313 | 9735-3 | 1/29/24 | 10389 | $ 6,523,355.00 | | $ 6,523,355.00 | 1/29/2024 | | |
| 16 | Katherine | Agnes | Bailey | | Garnet | Edward | Bailey | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at P2814 | 8393-1, at 26, 8487 | 11313 | 9735-3 | 1/10/20 | 10389 | $ 5,416,710.00 | | $ 5,416,710.00 | 1/10/2020 | | |
| 17 | Maureen | Elizabeth | Basnicki | | Kenneth | William | Basnicki | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4121 | 8393-1, at 46, 8487 | 11313 | 9735-3 | 2/15/24 | 10389 | $ 10,941,249.00 | | $ 10,941,249.00 | 2/15/2024 | | |
| 18 | Robert | W. | Beatty | | Jane | | Beatty | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:03-md-01570, 602, at P5471 | 8393-1, at 32, 8487 | 11313 | 9735-3 | 1/29/24 | 10389 | $ 6,320,477.00 | | $ 6,320,477.00 | 1/29/2024 | | |
| 19 | Joy / Adrian | John Moberly | Bennett | | Oliver | Duncan | Bennett | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP275,AP276 | 5284-1, at 1, 5296, 8393-1, at 62, 8487 | 11313 | 10426-2 | 1/31/24 | 10980 | $ 10,186,843.00 | | $ 10,186,843.00 | 1/31/2024 | | |
| 20 | Malcolm | Phillip | Campbell | | Geoffrey | Thomas | Campbell | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4158 | 8393-1, at 26, 8487 | 11313 | 9735-4 | 2/8/24 | 10389 | $ 16,441,891.00 | | $ 16,441,891.00 | 2/8/2024 | | |
| 21 | Donald | Jacques | Poissant | | Cynthia | Marie | Connolly | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4201 | 8393-1, at 14, 8487 | 11313 | 9735-4 | 1/10/20 | 10389 | $ 9,212,611.00 | | $ 9,212,611.00 | 1/10/2020 | | |
| 22 | Nigel | Durnstan | Cox | | Andre | Colin | Cox | | St. Vincent and the Grenadines | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4800 | 8393-1, at 3, 8487 | 11313 | 9735-4 | 2/20/24 | 10389 | $ 9,308,134.00 | | $ 9,308,134.00 | 2/20/2024 | | |
| 23 | Abigail | Jane | Carter | | Caleb | Arron | Dack | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4782 | 5284-1, at 3, 5296 | 11313 | 10426-2 | 1/9/20 | 10980 | $ 18,343,242.00 | | $ 18,343,242.00 | 1/9/2020 | | |
| 24 | Helen | Katrina | Dawson | | Anthony | Richard | Dawson | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3668 | 8393-1, at 4, 8487 | 11313 | 10018-2 | 2/29/24 | 10373 | $ 11,777,646.00 | | $ 11,777,646.00 | 2/29/2024 | | |
| 25 | Asuncion / Bibiano | Malabuyoc / M. | de Chavez | | Jayceryll | Malabuyoc | de Chavez | | Philippines | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 1, at 870 | 5284-1, at 3, 5296 | 11313 | 9735-4 | 2/29/24 | 10389 | $ 12,461,980.00 | | $ 12,461,980.00 | 2/29/2024 | | |
| 26 | Raymond | David | Duger | | Antoinette | | Duger | | Italy | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4789 | 5284-1, at 4, 5296 | 11313 | 10426-2 | 1/10/20 | 10980 | $ 7,411,252.00 | | $ 7,411,252.00 | 1/10/2020 | | |
| 27 | Rogelio | Robert | Escarcega | | Sarah | Ali | Escarcega | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4639 | 8393-1, at 74, 8487 | 11313 | 9735-4 | 4/4/24 | 10389 | $ 13,103,471.00 | | $ 13,103,471.00 | 4/4/2024 | | |
| 28 | Jennifer | Rene | Ewart | | Meredith | Emily June | Ewart | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4251 | 8393-1, at 55, 8487 | 11313 | 11315-3 | 5/3/24 | | $ 11,769,464.00 | | $ 11,769,464.00 | 5/3/2024 | | |
| 29 | Hans/Marc | J. | Gerhardt/Gottridge | | Ralph | | Gerhardt | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4292 | 8393-1, at 66, 8487; 11192-1, at 2-3, 11223 | 11313 | 9735-4 | 1/10/20 | 10389 | $ 18,122,886.00 | | $ 18,122,886.00 | 1/10/2020 | | |
| 30 | Deena | Joan | Gilbey | | Paul | Stuart | Gilbey | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 1987 | 8391-1 at 64 | 11313 | 9735-4 | 1/10/20 | 10389 | $ 12,215,596.00 | | $ 12,215,596.00 | 1/10/2020 | | |
| 31 | Susan | | Jones | | Christopher | D. | Jones | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P4066 | 8393-1, at 11, 8487 | 11313 | 9735-4 | 1/13/20 | 10389 | $ 14,785,800.00 | | $ 14,785,800.00 | 1/13/2020 | | |
| 32 | Solomon | | Gayle | | Seilai | | Khoo | | Malaysia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at P2973 | 8393-1, at 75, 8487 | 11313 | 9735-4 | 1/13/20 | 10389 | $ 73,639,140.00 | | $ 73,639,140.00 | 1/13/2020 | | |
| 33 | Se | Jua | Au | | Wei Rong | | Lin | | China | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3786 | 8393-1, at 86, 8487 | 11313 | 9735-4 | 1/10/20 | 10389 | $ 12,114,565.00 | | $ 12,114,565.00 | 1/10/2020 | | |
| 34 | Myrtle | | Bazil | | Shevonne | Olicia | Mentis | | Guyana | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 77, at P2532 | 8393-1, at 75, 8487 | 11313 | 9735-4 | 1/14/20 | 10389 | $ 8,917,674.00 | | $ 8,917,674.00 | 1/14/2020 | | |
| 35 | Julia | S.W. | Rathkey | | David | A.J. | Rathkey | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at AP220 | 5284-1, at 9, 5296, 8393-1, at 15, 8487 | 11313 | 11315-3 | 1/13/20 | | $ 11,105,214.00 | | $ 11,105,214.00 | 1/13/2020 | | |
| 36 | Silveria | | Segura | | Juan | G. | Salas | | Dominican Republic | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2330 | 8393-1, at 44, 8487 | 11313 | 9735-4 | 1/13/20 | 10389 | $ 6,631,265.00 | | $ 6,631,265.00 | 1/13/2020 | | |
| 37 | Paul | J. | Stanley | | Mary | Domenica | Stanley | | Yugoslavia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4539 | 8393-1, at 54, 8487 | 11313 | 11315-3 | 1/10/20 | | $ 5,988,094.00 | | $ 5,988,094.00 | 1/10/2020 | | |
| 38 | Nancy | McCardle | Yambem | | Jupiter | | Yambem | | India | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4981 | 8393-1, at 44, 8487 | 11313 | 9735-4 | 1/13/20 | 10389 | $ 7,936,398.00 | | $ 7,936,398.00 | 1/13/2020 | | |

| | Personal Representative | | | | 9/11 Decedent | | | | | | | Claim Information | | | | Pain & Suffering Damages | | | Judgment | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Default Judgment Motion | Prior Award | Amount | Treble | Principal | Start Date | End Date | Notes |
| 1 | Anne | Lynn | Hayashi | | Stuart | (Soo-Jin) | Lee | | Canada | 9/11/01 | NY | 04cv01076 | 8702 at 252 | | 11235 | 9931 at 14 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 2 | Ursula | | Andrus | | Norbert | P. | Szurkowski | | Poland | 9/11/01 | NY | 04cv01076 | 8702 | 10970, 10972-1 at 2 (granted at 10979) | 11235 | 10306 at 5 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | Plaintiff is moving for damages under Wrongful Death and Survival under New York law |
| 3 | Kui | Liong | Lee | | Siew-Nya | | Ang | | Malaysia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4108 | 8393-1, at 75, 8487 | 11313 | 3905 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 4 | Maria | Celeste | Aryee | | Japhet | | Aryee | | Ghana | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4113 | 8393-1, at 32, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 5 | Katherine | Agnes | Bailey | | Garnet | Edward | Bailey | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at P2814 | 8393-1, at 26, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 6 | Maureen | Elizabeth | Basnicki | | Kenneth | William | Basnicki | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4121 | 8393-1, at 46, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 7 | Robert | W. | Beatty | | Jane | | Beatty | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:03-md-01570, 602, at P5471 | 8393-1, at 32, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 8 | Joy / Adrian | John Moberly | Bennett | | Oliver | Duncan | Bennett | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP275,AP276 | 5284-1, at 1, 5296, 8393-1, at 62, 8487 | 11313 | 10980 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 9 | Malcolm | Phillip | Campbell | | Geoffrey | Thomas | Campbell | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4158 | 8393-1, at 26, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 10 | Haim | | Chalouh | | Eli | | Chalouh | | Syria | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4793 | 8393-1, at 23, 8487 | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 11 | Margaret | Alexandra | Clarke | | Suria | R. E. | Clarke | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4180 | 8393-1, at 78, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 12 | Donald | Jacques | Poissant | | Cynthia | Marie | Connolly | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4201 | 8393-1, at 14, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 13 | Nigel | Durnstan | Cox | | Andre | Colin | Cox | | St. Vincent and the Grenadines | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4800 | 8393-1, at 3, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 14 | Abigail | Jane | Carter | | Caleb | Arron | Dack | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4782 | 5284-1, at 3, 5296 | 11313 | 10980 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 15 | Helen | Katrina | Dawson | | Anthony | Richard | Dawson | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3668 | 8393-1, at 4, 8487 | 11313 | 10373 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 16 | Asuncion / Bibiano | Malabuyoc / M. | de Chavez | | Jayceryll | Malabuyoc | de Chavez | | Philippines | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 1, at 870 | 5284-1, at 3, 5296 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 17 | David / Margaret | C. / H. | de Vere / Owen | | Melanie | Louise | De Vere | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3674 | 8393-1, at 55, 8487 | 11313 | 10980 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 18 | | | Public Administrator of Suffolk County | | Benilda | Pasqua | Domingo | | Philippines | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4240 | 8393-1, at 5, 8487 | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 19 | Raymond | David | Duger | | Antoinette | | Duger | | Italy | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4789 | 5284-1, at 4, 5296 | 11313 | 10980 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 20 | Anna | Maria | Egan | | Michael | | Egan | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at P2887 | 8393-1, at 56, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 21 | Ellen | Ruth | Judd | | Christine | | Egan | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at AP250 | 8393-1, at 10, 8487 | 11313 | 10980 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 22 | Irinie | | Guirguis | | Albert | W. | Elmarry | | Egypt | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4638 | 8393-1, at 1, 8487 | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 23 | Rogelio | Robert | Escarcega | | Sarah | Ali | Escarcega | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4639 | 8393-1, at 74, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 24 | Jennifer | Rene | Ewart | | Meredith | Emily June | Ewart | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4251 | 8393-1, at 55, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 25 | Tessie | | Molina | | Christopher | Hugh | Forsythe | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1126 | 8393-1 at 11 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 26 | Hans/ Marc | J. | Gerhardt/Gottridge | | Ralph | | Gerhardt | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4292 | 8393-1, at 66, 8487; 11192-1, at 2-3, 11223 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 27 | Deena | Joan | Gilbey | | Paul | Stuart | Gilbey | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 1987 | 8391-1 at 64 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 28 | Elizabeth | | Gilligan | | Ronald | L. | Gilligan | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 77, at P2609 | 8393-1, at 72, 8487 | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 29 | Victoria | | Blaksley | | Pedro | | Grehan | | Argentina | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 3314 | 8393-1, at 65, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 30 | Beverly | Cecile | Hall | | Vaswald | George | Hall | | Jamaica | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4305 | 8393-1, at 84, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 31 | Timothy / Glyn | | John / John | | Nicholas | | John | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP279 | 5284-1, at 6, 5296, 8393-1, at 61, 8487 | 11313 | 10980 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 32 | Susan | | Jones | | Christopher | D. | Jones | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P4066 | 8393-1, at 11, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 33 | Solomon | | Gayle | | Seilai | | Khoo | | Malaysia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at P2973 | 8393-1, at 75, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 34 | Robert / Richard | D. / R. | Kovic / Rio | | Bojan | | Kostic | | Serbia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2109 | 10609, 19-20, 10613 | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 35 | Sonia | P. | Gawas | | Ganesh | Kaluram | Ladkat | | India | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2117 | | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 36 | Virginia | | LaTouche | | Jeffrey | | LaTouche | | Grenada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2125 | 10609, 1, 10613 | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 37 | Victoria | Louise | Lawn | | Steven | | Lawn | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4379 | 8393-1, at 78, 8487 | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |

| | Personal Representative | | | | 9/11 Decedent | | | | | | | Claim Information | | | | Pain & Suffering Damages | | | Judgment | | | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Default Judgment Motion | Prior Award | Amount | Treble | Principal | Start Date | End Date | Notes |
| 38 | Se | Jua | Au | | Wei Rong | | Lin | | China | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3786 | 8393-1, at 86, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 39 | Dening | | Lohez | | Jerome | Robert | Lohez | | France | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 3647 | | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 40 | Maureen | Marguerite | Maddison | | Simon | | Maddison | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2155 | | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 41 | Marino | | Calderon | | Lizie | | Martinez-Calderon | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3821 | 8393-1, at 50, 8487 | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 42 | William | Jorn | Skead | | Christine | Sheila | McNulty | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4425 | 8393-1, at 10, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 43 | Myrtle | | Bazil | | Shevonne | Olicia | Mentis | | Guyana | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 77, at P2532 | 8393-1, at 75, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 44 | Natalia | | Mushinski | | Iouri | | Mouchinski | | Ukraine | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 3961 | | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 45 | Keolahmatie | | Nath | | Narender | | Nath | | India | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3867 | 8393-1, at 61, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 46 | Lachman | | Parbhu | | Hardai | | Parbhu | | Guyana | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3881 | 8393-1, at 28, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 47 | Yogesh | R. | Patel | | Avnish | Ramanbhai | Patel | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1514 | | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 48 | Julia | S.W. | Rathkey | | David | A.J. | Rathkey | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at AP220 | 5284-1, at 9, 5296, 8393-1, at 15, 8487 | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 49 | Keith / Angela | John / E. | Rogers / Rogers | | Karlie | Barbara | Rogers | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at AP291 | 5284-1, at 10, 5296, 8393-1, at 45, 8487 | 11313 | 10980 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 50 | Silveria | | Segura | | Juan | G. | Salas | | Dominican Republic | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2330 | 8393-1, at 44, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 51 | Paul | J. | Stanley | | Mary | Domenica | Stanley | | Yugoslavia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4539 | 8393-1, at 54, 8487 | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 52 | Lucy | E. | Thompson | | Clive | | Thompson | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4542 | 8393-1, at 13, | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 53 | Sharon | B. | Schultz | | Karamo | | Trerra | | Gambia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2408 | | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 54 | Elizabeth | Rachel | Turner | | Simon | James | Turner | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4959 | 8393-1, at 76, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 55 | Laura | Theresa | Walker | | Benjamin | James | Walker | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4561 | 8393-1, at 5, 8487 | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 56 | Susan | Ann | Wallace | | Roy | Michael | Wallace | | Chile | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4759 | 8393-1, at 73, 8487 | 11313 | | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 57 | Julia / Charles | Ann / Thomas | Wells / Wells | | Vincent | Michael | Wells | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P4099 | 8393-1, at 85, 8487 | 11313 | 10373 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 58 | Yun-Ju | | Wen | | Szu-Hui | | Wen | | China | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1731 | 8393-1, at 79, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 59 | Victor | M. | Turcios | | Sigrid | Charlotte | Wiswe | | Germany | 9/11/01 | NY | 03-cv-9849 | 1:03-md-01570, 3477, at 3923 | 8679-1, at 520, 8696 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 60 | Karen | L. | Beetel | | Martin | Michael | Wortley | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at P3164 | 8393-1, at 54, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 61 | Nancy | McCardle | Yambem | | Jupiter | | Yambem | | India | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4981 | 8393-1, at 44, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| 62 | Ajitha | | Vemulapalli | | Suresh | Venkataraja | Yanamadala | | India | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P4037 | 8393-1, at 78, 8487 | 11313 | 10389 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |

C. Solatium

| | Personal Representative | | | | Claimant | | | | | DN | 9/11 Decedent | | | | | | | Claim Information | | | | Solatium Damages | | | | | Judgment | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Default Judgment Motion | Relationship | Documentation | Prior Award | Amount | Treble | Principal | Start Date | End Date | Notes |
| 1 | | | | | Ondre | Raymond | Forde | | United Kingdom | | Godwin | Orville | Forde | | United Kingdom | 9/11/01 | NY | 04cv01076 | 8702 | 10970, 10972-1 at 6 (granted at 10979) | 11235 | Child | | 10292 at 8 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | Plaintiff is moving for damages under Intentional Infliction of Emotional Distress under New York law |
| 2 | | | | | Emma | N. | Arczynski | | Canada | | Michael | G. | Arczynski | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-CV-01616, 26, 29, at 2580 | 8393-1, at 56 (911), 8487 | 11309 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 3 | | | | | Maximilion | Peter | Arczynski | | Canada | | Michael | G. | Arczynski | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-CV-01616, 26, 29, at 2580 | 8393-1, at 913 (56), 8487 | 11309 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 4 | | | | | Sydney | Elizabeth | Arczynski | | Canada | | Michael | G. | Arczynski | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-CV-01616, 26, 29, at 2580 | 8393-1, at 912 (56), 8487 | 11309 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 5 | | | | | Lori | Ann | Arczynski | | Canada | | Michael | G. | Arczynski | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-CV-01616, 26, 29, at 2580 | 8393-1, at 911 (56), 8487 | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 6 | | | | | Sigal | Shefi | Asher | | Israel | | Hagay | | Shefi | | Israel | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4408 | | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 7 | | | | | Maureen | Elizabeth | Basnicki | | Canada | | Kenneth | William | Basnicki | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4121 | 8393-1, at 46 (742), 8487 | 11309 | Spouse | | 10756 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| 8 | | | | | Brennan | William | Basnicki | | Canada | | Kenneth | William | Basnicki | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4122 | | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 9 | | | | | Pazit | Shefi | Baum | | Israel | | Hagay | | Shefi | | Israel | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2360 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 10 | | | | | Adrian | John Moberly | Bennett | | United Kingdom | | Oliver | Duncan | Bennett | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP275 | 5284-1, at 1, 5296 8393-1, at 62, 8487 | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 11 | | | | | Joy | | Bennett | | United Kingdom | | Oliver | Duncan | Bennett | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP276 | 8393-1, at 62, 8487 | 11309 | Parent | | 10980 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 12 | | | | | Victoria | | Blaksley | | Argentina | | Pedro | | Grehan | | Argentina | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 3314 | | 11309 | Spouse | | 10756 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| 13 | | | | | Alfred | | Boulton | | Venezuela | | J. | Howard | Boulton | Jr. | Venezuela | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP262 | 11237-1, at 2, 11244 | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 14 | | | | | Derek | Edward | Bristow | | United Kingdom | | Paul | Gary | Bristow | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP282 | 5284-1, at 1, 5296 8393-1, at 63, 8487 | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 15 | | | | | Isoline | | Broomfield | | unknown | | Keith | | Broomfield | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 1875 | | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 16 | | | | | Victoria | | Cabezas | | Unknown | | Jesus | | Cabezas | | Ecuador | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 1877 | | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 17 | | | | | Marino | | Calderon | | unknown | | Lizie | | Martinez-Calderon | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3821 | 8393-1, at 50, 8487 | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 18 | | | | | Malcolm | Phillip | Campbell | | United Kingdom | | Geoffrey | Thomas | Campbell | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4158 | | 11309 | Parent | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 19 | | | | | Maureen | Lucille | Campbell | | United Kingdom | | Geoffrey | Thomas | Campbell | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:03-md-01570,10957-1, 12, 10959 | | 11309 | Parent | | 10980 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 20 | | | | | Robert | Benjamin | Campbell | | United Kingdom | | Geoffrey | Thomas | Campbell | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:03-md-01570,10957-1, 13, 10959 | | 11309 | Sibling | | 10980 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 21 | | | | | Matthew | Ian | Campbell | | United Kingdom | | Geoffrey | Thomas | Campbell | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:03-md-01570,10957-1, 14, 10959 | | 11309 | Sibling | | 10980 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 22 | | | | | Petronilo | Ruiz Diaz | Cantero | | Paraguay | | Obdulio | Ruiz | Diaz | | Paraguay | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1070 | | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 23 | | | | | Sarah | Jane | Carrington | | United Kingdom | | Jeremy | Mark | Carrington | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3628 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 24 | | | | | Edwina | | Carrington | | United Kingdom | | Jeremy | Mark | Carrington | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP274 | 11230-1, at 9, 11233 | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 25 | | | | | Shu-Nu | | Chen | | Taiwan | | Szu-Hui | | Wen | | China | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1730 | | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 26 | Ronald/ Grace | Patrick/ E. | Cregan/ Friend | | Ronald | Bernard | Cregan | | Ireland | | Joanne | Mary | Cregan | | Ireland | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4209 | 10737-1, 12-13, 10757 | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 27 | | | | | Mary | Elizabeth | Cregan | | Ireland | | Joanne | Mary | Cregan | | Ireland | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4210 | | 11309 | Parent | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 28 | | | | | Ronald | Patrick | Cregan | | Ireland | | Joanne | Mary | Cregan | | Ireland | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4633 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 29 | | | | | Joanne | Lesley | Cudmore | | United Kingdom | | Neil | James | Cudmore | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP264 | 5284-1, at 3, 5296 | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 30 | | | | | Keith | Trevor | Cudmore | | United Kingdom | | Neil | James | Cudmore | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP265 | 5284-1, at 3, 5296 | 11309 | Sibling | | 10980 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 31 | | | | | Selena | Edna Irene | Dack-Forsyth | | Canada | | Caleb | Arron | Dack | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 1, at 154 | | 11309 | Parent | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 32 | | | | | Helen | Katrina | Dawson | | United Kingdom | | Anthony | Richard | Dawson | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3668 | | 11309 | Parent | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 33 | | | | | David | C. | de Vere | | United Kingdom | | Melanie | Louise | De Vere | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3674 | | 11309 | Parent | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 34 | | | | | Ruth | | de Vere | | United Kingdom | | Melanie | Louise | De Vere | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP287 | 11230-1, at 11, 11233 | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 35 | | | | | Valentina | Ferreira | Diaz | | unknown | | Manuel | Dejesus | Molina | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2188 | | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 36 | | | | | Cecilia | Ucedo De Ruiz | Diaz | | Paraguay | | Obdulio | Ruiz | Diaz | | Paraguay | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1071 | | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 37 | | | | | Martha | Isabel | Dominguez | | Australia | | Alberto | Dominguez | Piriz | | Australia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4927 | | 11309 | Spouse | | 10756 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| 38 | | | | | Diego | G. | Dominguez | | Australia | | Alberto | Dominguez | Piriz | | Australia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4928 | | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 39 | | | | | Alvaro | | Dominguez | | Australia | | Alberto | Dominguez | Piriz | | Australia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4929 | | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 40 | | | | | Alberto | | Dominguez | | Australia | | Alberto | Dominguez | Piriz | | Australia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4930 | | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 41 | | | | | Virginia | Martha | Dominguez | | Australia | | Alberto | Dominguez | Piriz | | Australia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4931 | | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 42 | | | | | Matthew | B. | Egan | | Bermuda | | Michael | | Egan | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at P2887 | 8393-1, at 905, 8487 | 11309 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 43 | | | | | Anna | Maria | Egan | | Canada | | Michael | | Egan | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at P2887 | | 11309 | Spouse | | 10756 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| 44 | | | | | Jonathan | Joseph | Egan | | United Kingdom | | Michael | | Egan | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at P2888 | | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 45 | | | | | Britt | | Ehnar | | Sweden | | David | | Tengelin | | Sweden | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3982 | | 11309 | Parent | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 46 | | | | | Petra | | Ehnar | | Sweden | | David | | Tengelin | | Sweden | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3983 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 47 | | | | | Jennifer | Rene | Ewart | | Canada | | Meredith | Emily June | Ewart | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4251 | 8393-1, at 55 (887), 8487 | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 48 | | | | | Kirsten | E. | Forsythe | | United Kingdom | | Christopher | Hugh | Forsythe | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1126 | 8393-1, at 172, 8487 | 11309 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 49 | | | | | Grace | Elizabeth | Friend | | Ireland | | Joanne | Mary | Cregan | | Ireland | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4634 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 50 | | | | | Sonia | P. | Gawas | | India | | Ganesh | Kaluram | Ladkat | | India | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2117 | | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 51 | | | | | Solomon | | Gayle | | Jamaica | | Seilai | | Khoo | | Malaysia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at P2973 | | 11309 | Spouse | | 10756 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| 52 | | | | | Stephan | Joachim | Gerhardt | | Canada | | Ralph | | Gerhardt | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1161 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |

C. Solatium

| | Personal Representative | | | | Claimant | | | | | DN | 9/11 Decedent | | | | | | | Claim Information | | | | Solatium Damages | | | | | Judgment | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Default Judgment Motion | Relationship | Documentation | Prior Award | Amount | Treble | Principal | Start Date | End Date | Notes |
| 53 | | | | | Hans | J. | Gerhardt | | Canada | | Ralph | | Gerhardt | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4292 | | 11309 | Parent | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 54 | | | | | Jacqueline | | Gilbert | | Unknown | | Timothy | Paul | Gilbert | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 1984 | | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 55 | | | | | Deena | Joan | Gilbey | | United Kingdom | | Paul | Stuart | Gilbey | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 1987 | | 11309 | Spouse | | 10756 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| 56 | | | | | Hannah | Jane Emily | Gilbey | | United Kingdom | | Paul | Stuart | Gilbey | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:03-cv-9849, HAND FILED, at P5067 | 8393-1, at 64, 8487 | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 57 | Susan | | Gilligan | | Colin | Vincent | Gilligan | | United Kingdom | | Ronald | L. | Gilligan | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3701 | 10737-1, 19, 10757 | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 58 | | | | | Elizabeth | | Gilligan | | Unknown | | Ronald | L. | Gilligan | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 77, at P2609 | 8393-1 at 72 (1167), 8487 | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 59 | | | | | Camila | | Grehan | | Argentina | | Pedro | | Grehan | | Argentina | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 3314 | 8393-1, at 65, 8487, 10283, at 1 | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 60 | | | | | Patricio | Brendan | Grehan | | Argentina | | Pedro | | Grehan | | Argentina | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 3314 | 8393-1, at 65, 8487, 10283, at 2 | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 61 | | | | | Sofia | | Grehan | | Argentina | | Pedro | | Grehan | | Argentina | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 3314 | 8393-1, at 65, 8487, 10283, at 3 | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 62 | | | | | Peter | Herbert | Hopwood | | United Kingdom | | Dinah | | Webster | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4761 | 8393-1 at at (19) 304, 8487 | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 63 | | | | | Clive | | Hopwood | | United Kingdom | | Dinah | | Webster | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4763 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 64 | | | | | Roy | | Hudson | | Unknown | | Joyce | Patricia | Smith | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP284 | 11230-1, at 40, 11233 | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 65 | | | | | Timothy | | John | | United Kingdom | | Nicholas | | John | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP273 | 5284-1, at 6, 5296 | 11309 | Sibling | | 10980 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 66 | | | | | Yassin | | Johnson | | Unknown | | Jamal | Legesse | DeSantis | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at AP242 | 8393-1 at 30 (475), 8487 | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 67 | | | | | Judith | | Jones | | Unknown | | Donald | T. | Jones | II | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2097 | | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 68 | | | | | William | B. | Jones | II | Unknown | | Donald | T. | Jones | II | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2098 | | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 69 | | | | | Susan | | Jones | | United Kingdom | | Christopher | D. | Jones | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P4066 | | 11309 | Spouse | | 10756 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| 70 | | | | | Maureen | | Kelly | | Unknown | | Mark | G. | Ludvigsen | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4690 | 8393-1 at 52 (834), 8487 | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 71 | | | | | Nina | | Kostic | | Unknown | | Bojan | | Kostic | | Serbia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2109 | | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 72 | | | | | Virginia | | LaTouche | | Unknown | | Jeffrey | | LaTouche | | Grenada | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2125 | | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 73 | | | | | Victoria | Louise | Lawn | | Unknown | | Steven | | Lawn | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4379 | 8393-1, at 78 (1256), 8487 | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 74 | | | | | Kui | Liong | Lee | | Malaysia | | Siew-Nya | | Ang | | Malaysia | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4108 | 8393-1, at 75 (1221), 8487 | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 75 | | | | | Mi | Yong | Lee | | Unknown | | Myoung | Woo | Lee | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:03-md-01570, 432, at P5392 | 8393-1, at 60, 8487 | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 76 | | | | | Liat | | Levinhar | | Israel | | Shai | | Levinhar | | Israel | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3778 | | 11309 | Spouse | | 10756 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| 77 | | | | | Dening | | Lohez | | China | | Jerome | Robert | Lohez | | France | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 3647 | | 11309 | Spouse | | 10756 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| 78 | | | | | Ivonne | Pocasangre | Lopez | | El Salvador | | Ana | Gloria | deBarrera | | El Salvador | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4822 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 79 | | | | | Drew | David | McIntosh | | Canada | | Jane | | Beatty | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4608 | | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 80 | | | | | Brent | | McIntosh | | Canada | | Jane | | Beatty | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4609 | | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 81 | | | | | Michael | Bernard | McNulty | | United Kingdom | | Christine | Sheila | McNulty | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4426 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 82 | | | | | Clive | Desmond | McNulty | | United Kingdom | | Christine | Sheila | McNulty | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4427 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 83 | | | | | William | Luke | McNulty | | United Kingdom | | Christine | Sheila | McNulty | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4428 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 84 | | | | | Helen | Norah | McNulty | | United Kingdom | | Christine | Sheila | McNulty | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4429 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 85 | | | | | Catherine | Ann | McNulty | | United Kingdom | | Christine | Sheila | McNulty | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4431 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 86 | | | | | Jennifer | Eileen | McNulty-Ahern | | United Kingdom | | Christine | Sheila | McNulty | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4430 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 87 | | | | | Carmen | C. | Mejia | | Unknown | | Manual | | Asitimbay | | Ecuador | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 1826 | | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 88 | | | | | Marina | | Molina | | unknown | | Manuel | Dejesus | Molina | | Dominican Republic | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2186 | | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 89 | | | | | Ramon | Dejesus | Molina | | Dominican Republic | | Manuel | Dejesus | Molina | | Dominican Republic | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2189 | | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 90 | | | | | Juan | Jose | Molina | | Dominican Republic | | Manuel | Dejesus | Molina | | Dominican Republic | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2190 | | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 91 | | | | | Milede | Atlagracia | Molina | | Unknown | | Manuel | Dejesus | Molina | | Dominican Republic | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2191 | | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 92 | | | | | Fanny | De Jesus | Molina | | Dominican Republic | | Manuel | Dejesus | Molina | | Dominican Republic | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2192 | | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 93 | | | | | Maria | Carmen | Molina | | unknown | | Manuel | Dejesus | Molina | | Dominican Republic | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2193 | | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 94 | | | | | Tessie | | Molina-Forsythe | | United Kingdom | | Christopher | Hugh | Forsythe | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1126 | | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 95 | Kevin | M. | Moran | | Betty | E. | Moran | | United Kingdom | | John | Christopher | Moran | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3852 | 10419-1,4,10429 | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 96 | | | | | Natalia | | Mushinski | | Ukraine | | Iouri | | Mouchinski | | Ukraine | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 3961 | | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 97 | | | | | Nicola | | Napier | | United Kingdom | | Alexander | | Napier | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4901 | 8393-1, at 2, 8487 | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 98 | | | | | Elizabeth | Rachel | Turner | | United Kingdom | | Simon | James | Turner | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at P4959 | 8393-1, at 76, 8487 | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 99 | | | | | Lachman | | Parbhu | | Guyana | | Hardai | | Parbhu | | Guyana | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3881 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 100 | | | | | Parboti | | Parbhu | | Canada | | Hardai | | Parbhu | | Guyana | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3882 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 101 | | | | | Ramanbhas | M. | Patel | | United Kingdom | | Avnish | Ramanbhai | Patel | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1515 | | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 102 | | | | | Sushilaben | R. | Patel | | United Kingdom | | Avnish | Ramanbhai | Patel | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1516 | | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 103 | | | | | Olena | | Pavlova | | Russia | | Iouri | | Mouchinski | | Ukraine | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 3962 | | 11309 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 104 | | | | | Maria | Carmen | Penafiel | | Ecuador | | Hugo | Manuel | Sanay-Perefiel | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:03-cv-9849, HAND FILED, at P5251 | 8393-1, at 29, 8487 | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |

| | Personal Representative | | | | Claimant | | | | | DN | 9/11 Decedent | | | | | | | Claim Information | | | | Solatium Damages | | | | | Judgment | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Default Judgment Motion | Relationship | Documentation | Prior Award | Amount | Treble | Principal | Start Date | End Date | Notes |
| 105 | | | | | Jenny | | Rahaman | | unknown | | Sita | N. | Sewnarine | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4401 | | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 106 | | | | | Debra | A. | Rhody | | Unknown | | John | Peter | Lozowsky | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1374 | | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 107 | | | | | Angela | | Ridge | | United Kingdom | | Robert | Douglas | Eaton | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at P4636 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 108 | | | | | John | | Rogan | | Unknown | | Matthew | Sean | Rogan | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4295 | | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 109 | | | | | Marian | | Rogan | | Unknown | | Matthew | Sean | Rogan | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4296 | | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 110 | | | | | Keith | John | Rogers | | United Kingdom | | Karlie | Barbara | Rogers | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP288 | 8393-1, at 45, 8487 | 11309 | Parent | | 10980 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 111 | | | | | Angela | Elizabeth | Rogers | | United Kingdom | | Karlie | Barbara | Rogers | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at AP291 | 8393-1, at 45, 8487 | 11309 | Parent | | 10980 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 112 | | | | | Kristie | | Rogers | | Unknown | | Karlie | Barbara | Rogers | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 432, at AP292 | 11230-1, at 38, 11233 | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 113 | | | | | Catherine | Mary | Ross | | Unknown | | Jeremy | Mark | Carrington | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3629 | | 11309 | Parent | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 114 | | | | | Jean Marc | | Saada | | France | | Thierry | | Saada | | France | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 1, at 543 | | 11309 | Parent | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 115 | | | | | Rudy | Hai Victor | Saada | | France | | Thierry | | Saada | | France | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 1, at 545 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 116 | | | | | Anthony | Yackov | Saada | | France | | Thierry | | Saada | | France | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 1, at 546 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 117 | | | | | Rohy | | Saada | | France | | Thierry | | Saada | | France | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 1, at 548 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 118 | | | | | Gary | Moshe | Saada | | France | | Thierry | | Saada | | France | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 1, at 549 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 119 | | | | | Cindy | | Saada-Haddad | | France | | Thierry | | Saada | | France | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 1, at 547 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 120 | | | | | Luis | S. | Samaniego | | Paraguay | | Carlos | A. | Samaniego | | Paraguay | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1608 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 121 | | | | | Dov | | Shefi | | Unknown | | Hagay | | Shefi | | Israel | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2357 | | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 122 | | | | | Esther | Rivka | Shefi | | Unknown | | Hagay | | Shefi | | Israel | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2358 | | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 123 | | | | | Yishai | | Shefi | | Israel | | Hagay | | Shefi | | Israel | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2359 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 124 | | | | | Ann | | Simpkin | | United Kingdom | | Jane | Louise | Simpkin | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 155, at P3088 | | 11309 | Parent | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 125 | | | | | William | Jorn | Skead | | United Kingdom | | Christine | Sheila | McNulty | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4425 | | 11309 | Spouse | | 10756 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| 126 | | | | | Barbara | J. | Stephenson | | United Kingdom | | Robert | Douglas | Eaton | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4248 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 127 | | | | | Gail | | Stone | | Unknown | | Lonny | Jay | Stone | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4467 | | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 128 | | | | | Renata | | Szokoloczi | | Unknown | | J. | Howard | Boulton | Jr. | Venezuela | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP261 | 11230-1, at 5, 11233 | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 129 | | | | | Patric | | Tengelin | | Sweden | | David | | Tengelin | | Sweden | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P3984 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 130 | | | | | Lucy | E. | Thompson | | United Kingdom | | Clive | | Thompson | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4542 | | 11309 | Spouse | | 10756 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| 131 | | | | | Keith | Brian | Thompson | | Unknown | | Clive | | Thompson | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4543 | | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 132 | | | | | Maureen | | Tieri | | Unknown | | Salvatore | | Tieri | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1703 | | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 133 | | | | | Hadidjatou | | Traore | | Unknown | | Abdoul | Karim | Traore | | Cote d'Ivoire | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2405 | | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 134 | | | | | Melissa | | Vazquez | | Unknown | | Arcangel | | Vazquez | | Unknown | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4622 | | 11309 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 135 | | | | | Ajitha | | Vemulapalli | | India | | Suresh | Venkataraja | Yanamadala | | India | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P4037 | | 11309 | Spouse | | 10756 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| 136 | | | | | Julia | Ann | Wells | | United Kingdom | | Vincent | Michael | Wells | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 232, at P4099 | | 11309 | Parent | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 137 | | | | | William | Charles | Wells | | United Kingdom | | Vincent | Michael | Wells | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 313, at AP277 | 11230-1, at 42, 11233 | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 138 | | | | | Shun-Fa | | Wen | | Taiwan | | Szu-Hui | | Wen | | China | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1729 | | 11309 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | | |
| 139 | | | | | Yun-Ju | | Wen | | Taiwan | | Szu-Hui | | Wen | | China | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1731 | | 11309 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | | |
| 140 | | | | | Elizabeth Louise | Moran | Wilson-Smith | | United Kingdom | | John | Christopher | Moran | | United Kingdom | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4442 | 8393-1, at 36, 8487 | 11309 | Spouse | | | $ 12,500,000.00 | N/A | $ 12,500,000.00 | 9/11/2001 | | |
| 141 | | | | | Birgit | Margarete | Wiswe | | Germany | | Sigrid | Charlotte | Wiswe | | Germany | 9/11/01 | NY | 03-cv-9849 | 1:02-cv-01616, 305, at P4576 | | 11309 | Sibling | | 10756 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| 142 | | | | | Rui | | Zheng | | China | | Shuyin | | Yang | | China | 9/11/01 | VA | 03-cv-9849 | 1:02-cv-01616, 155, at P3175 | | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 143 | | | | | Rui | | Zheng | | China | | Yuguang | | Zheng | | China | 9/11/01 | VA | 03-cv-9849 | 1:02-cv-01616, 155, at P3175 | | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| 144 | | | | | Erica | | Zimmerman-Basnicki | | Canada | | Kenneth | William | Basnicki | | Canada | 9/11/01 | NY | 03-cv-9849 | 1:03-md-01570,10957-1, 33, 10959 | | 11309 | Child | | 10756 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |

| | Personal Representative | | | | Claimant | | | | | | Claim Information | | | | Pain & Suffering Damages | | | | Judgment | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | 9/11 Site | Case | Complaint | Amendments & Substitutions | Default Judgment Motion | Documentation | Prior Award | Amount | Treble | Principal | Start Date | End Date | Notes |
| 1 | | | | | Junior | Ivan | Almendarez | | Nicaragua | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 1809 | | 11317 | 10727 at 34-35 | 10780 | $ 5,000,000.00 | | $5,000,000 | 9/11/2001 | | |
| 2 | | | | | Philipson | | Azenabor | | Nigeria | NY | 03-cv-9849 | 1:02-cv-01616, 1, at 45 | | 11317 | 10727 at 26 | 10780 | $ 5,000,000.00 | | $5,000,000 | 9/11/2001 | | |
| 3 | | | | | Felipe | Martinez | David | | Honduras | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2967 | | 11317 | 10727 at 26-28 | 10780 | $ 12,000,000.00 | | $12,000,000 | 9/11/2001 | | |
| 4 | | | | | Antonio | Narcisco | Fernandez | | Dominican Republic | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 1961 | | 11317 | 10727 at 28-29 | 10780 | $ 5,000,000.00 | | $5,000,000 | 9/11/2001 | | |
| 5 | | | | | Edgar | | Gutierrez | | Colombia | NY | 03-cv-9849 | 1:03-md-01570, 432, at P5365 | | 11317 | 10727 at 29-30 | 10780 | $ 5,000,000.00 | | $5,000,000 | 9/11/2001 | | |
| 6 | | | | | Jose | Luis | Nivar | | Dominican Republic | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1492 | | 11317 | 10727 at 30 | 10780 | $ 5,000,000.00 | | $5,000,000 | 9/11/2001 | | |
| 7 | | | | | Manuela | Yrene | Pichardo | | Dominican Republic | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1535 | | 11317 | 10727 at 30-31 | 10780 | $ 5,000,000.00 | | $5,000,000 | 9/11/2001 | | |
| 8 | | | | | Robert | | Ramos | | Dominican Republic | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2440 | | 11317 | 10727 at 35-36 | 10780 | $ 5,000,000.00 | | $5,000,000 | 9/11/2001 | | |
| 9 | | | | | Miriam | | Rodriguez | | Dominican Republic | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 2316 | | 11317 | 10727 at 31-32 | 10780 | $ 5,000,000.00 | | $5,000,000 | 9/11/2001 | | |
| 10 | | | | | Thelma | | Savery | | Belize | NY | 03-cv-9849 | 1:02-cv-01616, 26, 29, at 4365 | | 11317 | 10727 at 32-33 | 10780 | $ 5,000,000.00 | | $5,000,000 | 9/11/2001 | | |
| 11 | | | | | Yuni | | Vasquez | | Dominican Republic | NY | 03-cv-9849 | 1:02-cv-01616, 3, at 1720 | | 11317 | 10727 at 33-34 | 10780 | $ 5,000,000.00 | | $5,000,000 | 9/11/2001 | | |